UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (WMW/DTS)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

      Defendant.

**ORDER FOR DETENTION**

This matter came before the Court on August 24, 2021, for an arraignment and detention hearing. Anton Joseph Lazzaro was present and represented by his retained counsel Zachary Newland, Jeremy Gordon, and Hillary Parsons. The United States was represented by Assistant United States Attorneys Angela M. Munoz and Laura Provinzino.

On August 11, 2021, a grand jury returned a 10-count indictment against the defendant, Anton Joseph Lazzaro, with seven of those counts also naming Gisela Castro Medina as a co-defendant. Dkt. No. 1. The indictment charges: conspiracy to commit sex trafficking of minors (Count 1), in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 1594(c); sex trafficking of a minor (Counts 2–6), in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 1594(a); attempted sex trafficking (Count 7), in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 1594(a); and sex trafficking—obstruction (Counts 8–10), in

1

violation of 18 U.S.C. §§ 1591(d) and 2. *Id.* As alleged in the indictment, the charges are based on conduct occurring between May 2020 and March 2021. Sex trafficking of a minor carries a mandatory minimum sentence of ten years to life, and a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(E).

In conjunction with Defendant's initial appearance, a Probation Officer with U.S. Probation and Pretrial Services interviewed Defendant and prepared a report recommending that the Defendant be detained. Dkt. No. 9. The Probation Officer determined that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance as required and the safety of any other person and the community. In advance of the Defendant's detention hearing, the Probation Officer prepared an addendum documenting collateral interviews and again recommended that the Defendant be detained. Dkt. No. 20.

Prior to the hearing, the United States presented its arguments for detention. (ECF No. 19.) At the detention hearing, the United States offered the testimony of Officer Brandon Brugger of the Minneapolis Police Department and the BCA's Minnesota Human Trafficking Investigators Task Force. The United States also offered in evidence three exhibits: (1) search warrants of FBI Special Agent Richard A. Waller, (2) a non-disclosure/non-disparagement agreement; and (3) eleven statements from victims and their families, which were received in evidence without objection by Defendant's counsel. The United States argued for detention based on the rebuttable presumption of detention for the charged offenses, the information provided in the pretrial services' reports, the information

in the search warrants together with the testimony of Officer Brugger regarding the nature and circumstances of the offense and the evidence supporting the charges, the Defendant's attempts to influence the victims not to speak with law enforcement about his conduct, the Defendant's financial resources and international travel, the inadequacy of the Defendant's proposed release plan, and the statements by the minor victims and their families in support of detention.  Based on all of the 18 U.S.C. § 3142(g) factors, the United States argued for detention based on risk of nonappearance and community safety.

The Defendant, through his counsel, moved for release on conditions (ECF No. 22), and argued for release to his residence with various forms of electronic monitoring.  In support of his argument, the Defendant called two witnesses: Yele-Mis Yang, a friend and employee of the Defendant, and retired FBI Special Agent Doug Kouns, and offered in evidence one exhibit documenting a risk assessment and proposed release plan prepared by Mr. Kouns.  Defendant's exhibit was admitted without objection.  The Defendant argued, *inter alia,* that he was not a risk of flight due to his ties to the Minnesota community, the fact that he did not flee the jurisdiction in the time since the search warrant was executed at his home in December 2020, and the ability to monitor him within his home as described by Mr. Kouns.  The Defendant argued that he was not a danger to the community by denying the charges, providing character evidence through Mr. Yang, and stating that his proposed release plan would ensure the community's safety.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This Court finds based on the information provided in the pretrial services reports, the evidence adduced at the hearing, and the arguments of counsel, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant or reasonably ensure the safety of the community pursuant to 18 U.S.C. § 3142(e). While the Defendant rebutted the presumption of detention, the United States met its burden by the preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the Defendant will appear at future proceedings, and met its burden by clear and convincing evidence that no condition or combination of conditions of bond will reasonably ensure the safety of the community. Accordingly, the Court will grant the United States' motion for detention as to Anton Joseph Lazzaro.

A charge that is subject to a rebuttable presumption does not relieve the United States of its burden of proof by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Defendant provided testimony, proffered information, and proposed specific release conditions to address the presumption. While the Defendant rebutted the presumption, it remains a factor for this Court's determination of whether release or detention is appropriate.

Upon consideration of the 18 U.S.C. § 3142(g) factors, the Court determines that detention is appropriate. In considering these factors, the Court emphasizes at the outset

4

that the Defendant is presumed innocent of all charges; however, Section 3142(g) requires the Court to consider available information relating to the charged offenses and the evidence supporting them in considering the question of detention. As to the first and second § 3142(g) factors, the Court finds that the nature and circumstances of the charged offenses and the weight of the evidence supporting them weigh strongly in favor of the pretrial detention of the Defendant. 18 U.S.C. §§ 3142(g)(1), (2). As charged in the indictment, and based on the testimony of Officer Brandon Brugger at the hearing as well as the information supporting the search warrants, the Defendant is accused of sex trafficking and the attempted sex trafficking of six minor victims over an eight-month period. The Defendant is also accused of obstructing justice by attempting to interfere with the reporting of the Defendant's alleged crimes to law enforcement by at least two of the minor victims. The details of the Defendant's alleged offenses are outlined in Government Exhibit 1 and there is evidence before the Court that law enforcement further corroborated the victims' reports of being paid by the Defendant to engage in sexual activities. The nature and circumstances of the offense and the weight of the evidence against the Defendant are relevant both to the danger that he presents to the community and, in view of the potential penalties if he were to be convicted, his incentive to flee the jurisdiction if released on bond.

     In determining that detention is appropriate, the Court has further carefully considered the history and characteristics of the Defendant. 18 U.S.C. § 3142(g)(3). Weighing in Defendant's favor is that he does not have a prior criminal history, that he has

significant ties to the community, and that he remained in the District notwithstanding his knowledge that he was under investigation. On the other hand, the Defendant has access to tremendous financial resources, including but not limited to numerous real properties, cash, bank accounts, precious metals, bitcoin accounts, vehicles, and offshore assets. As established at the detention hearing, despite having a detailed bond report from the U.S. Probation and Pretrial Services Officer, the Court still does not know the full scope or source of the Defendant's assets domestically and internationally. The government also introduced evidence that the Defendant has frequently traveled by private jet. The Defendant's resources provide him with a greater ability to flee the jurisdiction, to avoid detection after he flees, and to contact the six charged victims and potential new victims.

The Court has also considered the nature and seriousness of the danger to any person or the community if the Defendant were to be released. 18 U.S.C. § 3142(g)(4). The Court has several serious concerns in this regard. The Defendant is accused of sex trafficking or attempting to sex traffic six minor victims. The means by which the Defendant is alleged to have committed this offense includes the use of a cellular phone and social media. The Defendant is also alleged to have engaged in efforts to intervene with the victims and buy their silence so that they did not report his crimes to law enforcement, and there is evidence the Defendant knows where at least some of the alleged victims live and/or work, and that he sought out information about where members of the team investigating and prosecuting him live. The risk of the Defendant being able to commit new offenses similar to those charged in the indictment, using similar means to those alleged in the indictment, and/or

attempting to influence or interfere with the charged victims or other potentially unknown victims or otherwise attempt to obstruct the prosecution of this matter is both significant and serious.

The Court also carefully considered the Defendant's Motion to Release Defendant On Bond Pending Trial (ECF No. 22), the Defendant's proposed conditions of release, and Mr. Kouns's plan for release outlined in Defense Exhibit 1.  The Court concludes that the proposed release plan will not reasonably ensure the safety of the community or the Defendant's appearance at future court proceedings.  The release plan and assessment authored by Mr. Kouns was solely focused on physical access to the Defendant's residence at the Hotel Ivy and did not adequately address other significant areas of concern, most notably the Defendant's ability to continue to use the internet and cellular technology to exploit or contact alleged prior victims or potential new victims.  Even as to physical access, the Defendant's proposed release conditions did not address physical access to other parts of the Hotel Ivy complex, as Mr. Kouns was not asked to conduct and therefore did not conduct an assessment of physical access for the entire complex, which includes other condominiums, hotel rooms, and common areas.

Moreover, the proposed release conditions are incompatible with the ability of U.S. Probation and Pretrial Services to effectively supervise the Defendant.  *Inter alia,* due to the nature of access to the Hotel Ivy and Defendant's residence, the release plan would not permit a supervising Probation Officer to conduct unannounced visits to supervise the Defendant at his residence.  Furthermore, in addition to fundamental concerns about having

U.S. Probation and Pretrial Services reliant on a monitoring and security system owned and operated by the Defendant, the release plan also failed to take into account whether U.S. Probation and Pretrial Services personnel could access the applications necessary to monitor the security cameras proposed by the Defendant, or the practical feasibility of expecting U.S. Probation and Pretrial Services personnel to monitor the cameras and security systems around the clock.  Finally, the release plan does not take into account that "geofencing" and GPS monitoring would not prevent the Defendant from moving *vertically* without detection within the 19-story building,

In this regard, the Court gave weight to the U.S. Probation and Pretrial Services' recommendation that the Defendant should be detained.  U.S Probation and Pretrial Services has significant expertise in supervising defendants accused of or on supervised release after incarceration for crimes similar to those at issue here, and in tailoring appropriate and feasible release conditions.  While a decision about detention is the Court's alone, the considered conclusion by U.S. Probation and Pretrial Services that there are not conditions of release that would permit effective supervision of this Defendant under the existing circumstances was an additional important consideration for the Court.

Accordingly, for all of the reasons set forth herein and as described on the record at the hearing, IT IS HEREBY ORDERED that:

1.  The motion of the United States for detention of Defendant (ECF No. 19) is GRANTED and the motion of Defendant for release on bond (ECF No. 22) is DENIED;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall have no contact of any kind, direct or indirect, with the alleged minor victims in this matter;

4. Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

5. Upon order of a court of the United States or on request of an attorney for the government, the person or persons in charge of the corrections facility or facilities in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 27, 2021          *s/ Hildy Bowbeer*
                                The Honorable Hildy Bowbeer
                                UNITED STATES MAGISTRATE JUDGE