UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (WMW/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ANTON JOSEPH LAZZARO,<br>a/k/a Tony Lazzaro,<br>a/k/a Tony,<br><br>        Defendant. | **OPPOSED MOTION FOR A PROTECTIVE ORDER** |

The United States of America, by and through its attorneys, W. Anders Folk, Assistant United States Attorney for the District of Minnesota, and Laura M. Provinzino, Angela M. Munoz, and Emily A. Polachek, Assistant United States Attorneys, hereby moves the Court for an order protecting the distribution of personally identifying information of the witnesses and the six minor victims and any other minor or adult victims in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3).

In support of its motion, the United States alleges and states the following:

1.    The defendant in this case is charged with a conspiracy to commit sex trafficking of minors, five counts of sex trafficking of minors, one count of attempted sex trafficking, and three counts of obstruction of a sex trafficking investigation. Six minor victims are referenced in the Indictment.

1

2. Initial Rule 16 disclosures in this matter were ordered to be made by August 31, 2021.

3. The United States is prepared to provide a significant amount of material via electronic discovery to the defendant and will make additional discovery available as it is obtained. Title 18, United States Code, Section 3509(d)(3) states that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." The United States' Rule 16 disclosures are governed by 18 U.S.C. § 3509(d)(1)(A)(i), which states that all employees of the Government, employees of the Court, and the defendant and his legal defense team shall "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." In addition, all employees of the Government, employees of the Court, and the defendant and his legal defense team, shall disclose documents that contain the name or information concerning a child "only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)(ii).

4. As set forth herein, there is a significant likelihood that the six minor victims, as well as additional witnesses, both minors and adults, and additional victims, could suffer harm if the defendant were able to retain or disseminate discovery materials to third parties. While most of the materials have been redacted to protect the personal identifying

2

information of the minor victims and other victims or witnesses, the minor victims and other victims/witnesses have expressed concerns about their safety as it relates to the defendant in this case. Given the nature of the discovery, it is not feasible nor practicable to redact all personally protected information or that discloses the name or other information concerning a child. As set forth herein, there is a significant possibility that the minor victims and witnesses could suffer harm if that individual's personal information is freely disseminated.

5. The victims referenced in the Indictment are minors. The United States is cognizant of its duty to protect the identities of minor victims and witnesses, especially in cases involving their exploitation. Many of the discovery materials contain personal identifiers, including names, telephone numbers, email addresses, social media account names, home addresses, Social Security numbers, and dates of birth of the minor victims and other witnesses. Unrestricted dissemination of this information could expose these individuals to violations of their privacy rights or similar harms, as well as threats or intimidation tactics.

6. In addition to the multiple counts of sex trafficking and attempted sex trafficking of the six minors, the defendant is separately charged with three counts of obstruction of the sex trafficking investigation. As detailed at the defendant's detention hearing, the defendant contacted two minors in an attempt to obstruct them, through money and other gifts, from reporting his crimes to law enforcement. In one of these attempts, the defendant directed his co-defendant to obstruct one of the minors by seeing her in person

3

and providing her with gifts to keep her from reporting the defendant to law enforcement. In at least one instance, the defendant did this after knowing that he was the subject of a federal investigation into sex trafficking of minors and production of child pornography. Since the defendant was arrested on August 12, 2021, the defendant has continued to direct and order his friends and associates to do his bidding while he is detained at Sherburne County Jail.  For example, as detailed at the detention hearing, the defendant ordered two of his associates to conduct internet research about one of the Assistant United States Attorneys assigned to his prosecution and about The Honorable Hildy Bowbeer, who presided over his detention hearing.  After the defendant provided his associates with names and directions on what specific types of background research to conduct, the associates complied with his directions and reported back to the defendant with their findings.  Given the defendant's pattern of using his associates to influence victims of his offense and using his associates to conduct research into individuals associated with the criminal prosecution, the United States objects to the defendant having unfettered access to unredacted discovery materials.

7. Since the unsealing of the Indictment, local and national media have frequently reported on and published articles relating to the charged crimes.  The significant amount of media coverage further underscores the need to prevent dissemination of the names of the minor victims and of any other information concerning the minor victims from public disclosure.

8. Therefore, the United States respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," that is, any material disclosed by the United States in connection with the above-captioned case containing (a) the identity and personal information of the minor victims and any other minors, whether or not it is redacted; and (b) the identity and personal information of any witness in this case, including but not limited to telephone numbers, residential addresses, email addresses, social media account names, Social Security numbers, and dates of birth, whether or not it is redacted.

9. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in strict confidentiality by the defendant and defense counsel and may be used only for purposes of this litigation; (b) that defendant's counsel shall limit the making of copies of the Protected Material to those necessary to his/her activities as counsel to the defendant in this action, that defendant's counsel may provide redacted copies of the Protected Material to the defendant, but that under no circumstances will unredacted copies be provided to the defendant; (c) that all individuals, including the defendant, having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms; (d) that defense counsel may advise defendant of the contents of the Protected Material and review the Protected Material with defendant, without providing the defendant with his own electronic or paper copies or allowing the copying or retention of

any of any Protected Material, subject to the condition that the defendant has read the Protective Order and that he understands and agrees to be bound by its terms; (e) that the use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order subjecting defendant and counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall be filed under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED"; and (g) that any documents or other materials containing the Protected Material, and all copies of them, must be returned to the Government within sixty (60) days of the conclusion of this litigation, except that the defendant's counsel can retain one copy of the materials.

10.   The requested Protective Order is consistent with the District of Minnesota's routine practice of entering Protective Orders governing the dissemination of discovery materials containing information about minor victims and witnesses in cases involving sex trafficking of minors and adults, sexual abuse, child pornography, and other child exploitation-related charges prior to and during the COVID-19 pandemic. *See, e.g.*, *United States v. Peter Monson*, 21-cr-44 (SRN/DTS) at Dkt. 19 (holding that protected materials remain in defense counsel's possession); *United States v. Descart Austin Begay, Jr.*, 21-cr-119 (NEB/LIB) at Dkt. 35 (permitting the defendant to retain redacted protected materials, but ordering unredacted materials to be retained by defense counsel); *United States v. Russell James Anderson-Baldwin*, 21-cr-10 (DWF/ECW) at Dkt. 18 (same); *United States v. Darnell Stennis*, 20-cr-19 (PJS/BRT) at Dkt. 22 (same); *United States v. Maria*

*Candelaria Zambrano Zavala et al.*, 19-cr-319 (ECT/TNL) at Dkt. 35 (ordering that defendants may not retain any protected materials, regardless of redactions, and permitting defendants to review unredacted materials without counsel at the U.S. Courthouse). The requested Protective Order permits the defendant to retain his own paper and electronic copies of redacted discovery materials. The defendant may review paper and electronic copies of unredacted discovery materials with his legal counsel in person or via the video-conference platforms permitted by the Sherburne County Jail (*e.g.*, Zoom), and his legal counsel may advise him of the contents of the unredacted discovery materials.[1] The requested Protective Order requires that defendant's counsel maintain possession of the redacted materials, and defendant may not retain his own paper or electronic copies of the unredacted discovery materials. If the defendant wants to review the unredacted discovery materials separate from his attorneys, then Paragraph 7 of the requested Protective Order governs the procedure for which the defendant could access the unredacted discovery materials separate from his legal counsel. As this Court knows, it is the standard practice in this District for defendant to have access to unredacted discovery materials through his/her counsel and not to retain his/her own copies.

11. The undersigned attorneys have communicated with the defendant's counsel, Zachary Newland, about entry of the instant protective order, and he has agreed

---

[1] As of the date of this filing, the defendant has retained four attorneys to represent him. The requested Protective Order would permit the defendant to review unredacted discovery with any of these four attorneys.

to all aspects of the proposed Protective Order except for Paragraph 7. The undersigned attorneys understand that the defendant does not want to travel to the U.S. Courthouse to review the unredacted discovery materials because he is concerned about the COVID pandemic and does not want to be subjected to quarantine procedures upon his return to the Sherburne County Jail. The undersigned attorneys note that traveling to the U.S. Courthouse is not the only way for him to review the discovery materials as he can remain at the Sherburne County Jail to review the unredacted materials with any of his legal counsel, and he may maintain his own paper and electronic copies of redacted materials at the Sherburne County Jail per the Jail's policies and procedures for inmate's access to legal materials. The undersigned attorneys further note that in August 2021, the defendant specifically requested an in-person detention hearing at the U.S. Courthouse, and declined the District of Minnesota's current practice of conducting detention hearings by Zoom. There is no legal requirement for the United States to provide the defendant himself with unrestrained and unsupervised access to unredacted discovery materials. The United States complies with its Rule 16 discovery obligations by making these materials available pursuant to the requested Protective Order. The United States respectfully requests that the Court enter the requested Protective Order as written, and as is consistent with the other Protective Orders in this District.

Dated: September 10, 2021

        Respectfully Submitted,

        W. ANDERS FOLK
        Acting United States Attorney

        */s/ Angela M. Munoz*

        BY:  ANGELA M. MUNOZ
        Attorney Reg. No. 389207
        EMILY A. POLACHEK
        Attorney Reg. No. 390973
        LAURA M. PROVINZINO
        Attorney Reg. No. 0329691
        Assistant United States Attorneys

        United States Attorney's Office
        District of Minnesota
        300 South Fourth Street, Ste 600
        Minneapolis, MN 55415
        612-664-5600