United States District Court
District of Minnesota

| | |
|---|---|
| United States Of America,<br><br>Plaintiff,<br><br>v.<br><br>Anton Joseph Lazzaro,<br><br>Defendant. | Case No. 21-cr-173-1-WMW-DTS |

# Defendant's Response In Partial Opposition To Government's Motion For Protective Order

Defendant Anton Lazzaro ("Mr. Lazzaro") worked with the United States to agree to a broad protective order in this case. Mr. Lazzaro in fact agreed to a draft protective order prepared by the Government and attached here as Exhibit 1. Mr. Lazzaro has but one objection: should the Court restrict his ability to participate in his defense to only allow Mr. Lazzaro to personally review certain items in the *physical presence* of the U.S. District Courthouse? Mr. Lazzaro is fighting for his life in this case and he intends to use his every waking hour to participate in that fight.

## I. The Dispute

As shown in the attached Exhibit 1, Mr. Lazzaro's objection centers solely on the operation of Paragraph 7. Paragraph 7 provides in full that:

> 7. Computerized documents containing Protected Material may be shown to the defendant at the federal courthouse in a room designated by the U.S. Marshals Service and outside the presence of defendant's counsel, by defendant's counsel loading the documents on the computer furnished by the Federal Public Defender's Office and providing the

> defendant with the computer to review the documents. At defendant's request to the U.S. Marshals Service, the defendant shall be provided with paper and a writing instrument, and the defendant shall be permitted to take notes regarding his review of the documents. If defendant's counsel is not present when the defendant finishes his review of the documents, then following defendant's departure from the federal courthouse, the computer and the notes taken by the defendant shall be delivered by the U.S. Marshals Service to the Federal Public Defender's Office, which shall then return and/or retain the computerized documents and the notes for the defendant's attorney.

(Exhibit 1 at 3-4). Put simply, Paragraph 7 requires the U.S. Marshals Service to transport Mr. Lazzaro to and fro the courthouse, to a special room, to allow Mr. Lazzaro to use a special computer (not owned or controlled by his own attorneys), to review electronic documents with Protected Material. Mr. Lazzaro is allowed to take notes.

However, he cannot *keep* his notes. He cannot review his notes or ask his counsel questions about matters that he took notes on. Instead, he must break the privilege of confidentiality and give those notes to the U.S. Marshals. The U.S. Marshals will then give those notes not directly to Mr. Lazzaro's attorneys. Instead, the U.S. Marshals will give those notes to an office that does not represent Mr. Lazzaro. His notes will be given to an office which owes Mr. Lazzaro not duty or obligation of confidentiality. Yet, that office shall then be responsible for transmitting those notes to Mr. Lazzaro's actual attorneys. Mr. Lazzaro submits that this proposal is not only unnecessarily byzantine; it is also unworkable.

## II.  Reasons The Court Should Reject Paragraph 7

The proposed measures provided in Paragraph 7 are solely related to how Mr. Lazzaro can participate in his defense by viewing *not possessing* electronic copies of Protected Material covered by the proposed order. Mr. Lazzaro's only objection then is to the setting within which he can personally view these items.

**1) Zoom with counsel is not enough for Mr. Lazzaro to participate**

First, the Government's claim that Mr. Lazzaro's defense counsel can use "Zoom" or other videoconferencing to show Mr. Lazzaro these items is disingenuous at best. Mr. Lazzaro does not have a large monitor at his disposal. He has a small iPad which the Sherburne County Jail allows him to use for video conferencing with counsel. It is technologically not feasible for counsel to "show" these items via Zoom to Mr. Lazzaro on such a small screen for one and hope that Mr. Lazzaro can make out the documents.

Further, it is not practical for counsel to simply wait until Mr. Lazzaro is able to take whatever notes he deems necessary. The Sherburne County Jail has more than one inmate who needs to confer with their attorneys. Mr. Lazzaro is subject to the availability of the Sherburne County Jail to even facilitate any meeting with counsel, let alone marathon sessions. The Government seems to believe that simply because Mr. Lazzaro has retained multiple attorneys those counsel do not have other things to do to prepare Mr. Lazzaro's defense besides labor under the proposed protective order. That could not be further from the truth.

**2) U.S. Marshals cannot ferry Mr. Lazzaro back and forth on a whim**

Second, the U.S. Marshals are not Mr. Lazzaro's personal taxi service and will be unable to transfer him repeatedly back and forth to the courthouse. Undersigned counsel has already tried to contact the U.S. Marshals to understand how often and under what circumstances the U.S. Marshals would be able to accommodate transfers to the district court for discovery review. Undersigned counsel has not received an answer yet, but that proves the point: the U.S. Marshals, while certainly helpful, will not be able to comply with frequent or repeated requests from private counsel for transport. Frankly, the U.S. Marshals typically have a policy of refusing to comment on any transport of a detainee for the safety of both the Marshals and security reasons.

**3) U.S. Marshals and Mr. Lazzaro exposed to COVID by these terms**

Third, the U.S. Marshals, like all other members of the courthouse community, are operating with heightened care during this global pandemic. Transfers are delayed, more precautions are necessary, and every contact between Mr. Lazzaro and U.S. Marshal staff places the Marshals and Mr. Lazzaro at risk of contracting COVID-19. Just today, the Chief Judge of this District again extended emergency orders providing for virtual hearings in criminal matters where possible to delay the spread of COVID-19. Forcing the U.S. Marshals and Mr. Lazzaro to utilize the procedure sought by the Government in Paragraph 7 would unreasonably subject everyone but the prosecution team to the risk of contracting COVID-19. Additionally, Mr. Lazzaro may be subject to quarantine procedures at the Sherburne County Jail which place him in Segregated Housing. Effectively, Mr. Lazzaro would be punished

for exercising his constitutional right to participate in his defense by viewing discovery.

**4) Federal Public Defender is not a party or attorney in this case**

Fourth, the Government's proposed procedure relies heavily on the use of technology and staff of the Federal Public Defender's Office for implementation. Mr. Lazzaro is not represented by the FPD or any member of that staff. The FPD has not agreed to become party to this protective order let alone allow the use of their computer for discovery review. The Government would require Mr. Lazzaro to turn over his own confidential notes and potential questions to counsel to the U.S. Marshals at the end of any session. That is inconsistent with basic tenets of confidentiality since the defense would be forced to surrender its papers to members of the judiciary. The problem is compounded by the Government's proposal for the U.S. Marshals to give Mr. Lazzaro's notes to a third party instead of his own counsel. To reiterate, the members of the Federal Public Defender's Office and its staff do an incredible job of zealously defending their clients and fighting for the rights of those that the FPD represents. But they do not represent Mr. Lazzaro. Surely the FPD would not hesitate to object if the court ordered the notes from the FPD's clients sent by the U.S. Marshals to a private attorney? The principle must cut both ways.

**5) Sherburne County does not allow detainees to possess electronic discovery**

Fifth, the Sherburne County Jail policy for allowing Mr. Lazzaro electronic access to discovery already ameliorates any issue Paragraph 7 purports to fix. When defense counsel sends electronic materials for a detainee in Sherburne County Jail to review,

the jail keeps those items and the storage devices away from the detainee generally. When the detainee needs to review the electronic discovery he requests permission to do so from the Sherburne County Jail staff. The staff permit detainees to review discovery on a specific computer device in a secure room outside the presence of other inmates. The staff are responsible for turning on the computer, plugging in the device (i.e., USB stick), and bringing the detainee into the discovery review area. Detainees are not allowed to print items from his electronic discovery at the Sherburne County Jail. Instead, they are allowed to bring in a pen and paper to take notes while the view the electronic discovery. When the detainee is finished reviewing the electronic discovery the Sherburne County Jail staff remove the detainee from the discovery review area and take the electronic storage device back to the secure portion of the jail. This is simply secure enough to address all of the purported concerns the Government believes support the request for Paragraph 7.

**6) Government is creating a problem that does not need solving**

Sixth, the Government's concerns about the need for Paragraph 7 are manufactured. Defense counsel could show Mr. Lazzaro the Protected Information in person if this were not a global pandemic. Mr. Lazzaro could take notes during those meetings. Mr. Lazzaro could keep those notes. Today, defense counsel can show Mr. Lazzaro the electronic discovery with Protected Information over the computer. Mr. Lazzaro can take notes during those video meetings. Mr. Lazzaro can keep those notes. There is no meaningful distinction to allowing Mr. Lazzaro to simply review these items on a computer and take notes without counsel present.

### 7) No discovery yet: but massive disclosures forthcoming?

Seventh, as of September 22, 2021, the Government has not provided Mr. Lazzaro with a single piece of discovery. Mr. Lazzaro is simply left blind as to what is in the discovery, who the discovery covers, and how much discovery exists. The Government has indicated that the amount of discovery is too large to be exchanged completely over the cloud-based system named USAfx that they typically use. Mr. Lazzaro's concerns about bogging down counsel are based in significant part on these representations from the U.S. Attorney's Office. To reiterate, Mr. Lazzaro is not arguing that he should be able to keep unredacted copies of Protected Information or otherwise covered items. Mr. Lazzaro simply thinks that sending electronic files to the sole custody of Sherburne County Jail is the quickest way to solve a non-existent problem.

### Conclusion

Mr. Lazzaro is facing 10 years to Life imprisonment if convicted on just one of the sex trafficking charges sought by the Government. He is incarcerated pre-trial because that is what the Government sought. That does not mean that Mr. Lazzaro is unable to fight for his freedom. Mr. Lazzaro has a fundamental right to participate in his defense and that right extends beyond merely conferencing with his attorneys. The court should grant an appropriate protective order without the language sought in Paragraph 7.

Respectfully submitted,

/s/ Zachary L. Newland
Zachary Lee Newland
Senior Litigation Counsel
**Jeremy Gordon P.L.L.C.**
P.O. Box 2275
Mansfield, Texas 76063
Tel: (972) 483-4865
Fax: (972) 584-9230
E-mail: zach@gordondefense.com
Texas Bar: 24088967
https://gordondefense.com

*Lead Counsel for Anton Lazzaro*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly filed and served upon counsel of record, via the Court's CM/ECF system, this 22nd day of September 2021.

/s/ Zachary L. Newland
Zachary L. Newland