# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21173-01 (WMW/DTS)

UNITED STATES OF AMERICA,

   Plaintiff,

 v.             **PROTECTIVE ORDER**

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

   Defendant.

On [date], the United States moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3509(d)(3) for an order restricting the dissemination of certain Rule 16 discovery material. [ECF No. X].

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure no later than August 31, 2021. In this case, those disclosures include information that contains personal identifiers and information of a minor victim and other minors and/or victims, including their names, dates of birth, Social Security numbers, home addresses, and other personal information, as well as sensitive personal identifying information relating to witnesses in this case.

The United States has shown good cause why the retention by the defendant or dissemination of this protected material to third parties should be limited. The Court finds there is a significant possibility that a minor, victim, and/or witness could suffer harm if that individual's personal information is retained by the defendant or freely disseminated.

Defendant Anton Joseph Lazzaro has stated through counsel that he does not oppose the Government's motion for a protective order.

**THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Protective Order is **GRANTED**, and it is hereby **ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3), that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further **ORDERS** as follows:

1. For the purpose of this Protective Order, "Personal Identifiers" means the names of the minor victim and other minors, victims, and/or witnesses, social security numbers, dates of birth, phone numbers, addresses, or credit card numbers of any person. "Protected Material" means materials that contain Personal Identifiers of a victim, witnesses, the defendant, and any other person. Protected Material does not include the defendant's own statements, criminal history information, and expert reports. In the event that defendant's counsel has any question as to whether a particular piece of information contained in Rule 16 discovery materials constitutes a Personal Identifier, defendant's counsel may inquire of the counsel for the United States for clarification.

2. Protected Material may be used solely for purposes of this litigation and for no other purpose.

3. Protected Material may not be copied, disseminated, or disclosed to any party who is not directly involved in the defense of the charges against the defendant in this case, nor may the information contained in the documents and records be disclosed to any other

party who is not directly involved in the defense of the charges against the defendant in this case. Defense counsel shall limit the making of copies to those necessary to his activities as counsel.

4. Protected Material shall not be given to the defendant in this case for him to retain. However, the defendant may be given Protected Material that contains Personal Identifiers that have been redacted by the United States prior to production to the defendant, or by defendant's counsel prior to providing the material to the defendant. Additionally, Rule 16 discovery materials produced by the United States that contain no Personal Identifiers may be given to the defendant.

5. Before the defendant is shown or advised of the content of Protected Material, the defendant must read this Protective Order so that he understands and agrees that he is bound not to disclose the Personal Identifiers contained in the materials to any person who is not directly involved in the defense of the charges against the defendant in this case.

6. Except as set forth in Paragraph 7, Protected Material may be shown to the defendant but must remain in defense counsel's possession and control at all times and may not be left with the defendant but must be removed by defense counsel when counsel leaves or is not in the presence of the defendant. In addition, defense counsel may advise the defendant of the contents of the Protected Materials, including the Personal Identifiers.

7. Computerized documents containing Protected Material may be shown to the defendant at the federal courthouse in a room designated by the U.S. Marshals Service and outside the presence of defendant's counsel, by defendant's counsel loading the documents

on the computer furnished by the Federal Public Defender's Office and providing the defendant with the computer to review the documents.  At defendant's request to the U.S. Marshals Service, the defendant shall be provided with paper and a writing instrument, and the defendant shall be permitted to take notes regarding his review of the documents.  If defendant's counsel is not present when the defendant finishes his review of the documents, then following defendant's departure from the federal courthouse, the computer and the notes taken by the defendant shall be delivered by the U.S. Marshals Service to the Federal Public Defender's Office, which shall then return and/or retain the computerized documents and the notes for the defendant's attorney.

      8.    All individuals having access to Protected Material, other than the following persons, shall read this Protective Order prior to disclosure and shall certify in writing, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms:

- (a) the Court and its staff;
- (b) the defendant's attorney, his law firm and/or the Federal Defender's Office, and outside vendors (messenger, copy, coding and other clerical-services vendors not employed by defendant's attorney);
- (c) persons shown on the face of the document to have authored or received it;
- (d) court reporters retained to transcribe testimony.

Defendant's counsel of record shall maintain a file of such written certifications.

9. The disclosure, dissemination, use or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting the defendant, his counsel, or other persons to sanctions.

10. Any filings of Protected Material with the Court shall be submitted under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED."

11. All Protected Material and all copies must be destroyed or returned to the United States within sixty (60) days of the conclusion of this litigation, except that defendant's counsel can retain one copy of these materials.

Dated: August ___, 2021                    _____
                                           The Honorable David T. Schultz
                                           United States Magistrate Judge


## **CERTIFICATION**

By signing below, I, _____ (please print legibly), hereby certify that I have read this Order and agree to be bound by its terms.

_____        _____
Date                          Signature