UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (WMW/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

        Defendant.

**REPLY IN SUPPORT OF THE
GOVERNMENT'S PROPOSED
PROTECTIVE ORDER**

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Angela Munoz, Emily Polachek, and Laura Provinzino, Assistant United States Attorneys, hereby submits this reply in support of the Government's motion for a protective order. ECF No. 45. For the reasons set forth below, the Government requests that the Court enter the protective order proposed by the Government.

## BACKGROUND

From approximately May 2020 through December 2020, Defendant Anton Lazzaro conspired with his co-defendant, Gisela Castro Medina, to recruit minor girls to engage in sexual acts with Defendant in exchange for cash and other things of value such as cellular telephones, vaping pens, alcohol, and accommodations in the Hotel Ivy in Minneapolis, Minnesota. Defendant further attempted to prevent some of the minor victims from reporting Defendant's conduct to law enforcement.

On August 11, 2021, a grand jury returned a 10-count indictment against Defendant, with seven of those counts also naming Castro Medina as a co-defendant. The indictment charges conspiracy to commit sex trafficking of minors (Count 1), sex trafficking of a minor (Counts 2–6), and sex trafficking obstruction (Counts 8–10). Since Defendant was arrested, he has made threats against members of the prosecution team and his friends have reached out to individuals who may serve as witnesses at trial.

The discovery materials in this case are replete with references to victims and witnesses—not only their names and dates of birth, but information relating to their families, close associates, places they have lived and visited, schools they attend, and other pertinent information. The Government has endeavored to redact much of this personal identifying information in the materials, but some necessarily remains. In preparing to produce discovery, the Government prepared a protective order that mirrored others commonly used in this District for cases involving minor victims. This order was designed to protect the personal identifying information of the six minor victims, potential witnesses, and their families, in accordance with the Crime Victims' Rights Act, 18 U.S.C. § 3771(1), and the protections set forth for minor victims and witnesses in 18 U.S.C. § 3509(d).

At the request of defense counsel, the Government altered several provisions of its standard protective order in child exploitation cases to make it easier for defense counsel to review protected materials with Defendant while he remains in custody. The Government's proposed protective order would permit Defendant to review at the

Sherburne County Jail (1) all discovery that does not contain the PII of minor victims and their families, (2) discovery that contains protected material so long as such material has been redacted, and (3) discovery that contains unredacted protected material so long as Defendant's lawyers are present either in person or virtually.

Defendant has nonetheless objected to the Government's motion for a protective order. ECF No. 48. Though Defendant's filing flyspecks many portions of the proposed protective order, he challenges only a single provision that addresses any instance in which the Defendant wishes to view protected PII of victims and witnesses outside the presence of his lawyers. The Government's proposed order requires that Defendant, if unaccompanied by counsel, view unredacted protected materials at the United States Courthouse and provide any notes he takes to the U.S. Marshals Service, which will give the notes to Defendant's counsel. Defendant objects to both of these provisions, insisting that all discovery—regardless of whether it contains unredacted protected material—be left at the Sherburne County Jail for Defendant to review at any time, with or without his lawyers present. Defendant's proposal is contrary to law and poses an unacceptable risk that Defendant will commit further acts of obstruction.

## ARGUMENT

The Court and its officers have a duty to protect the privacy of victims, 18 U.S.C. § 3771(8), and child witnesses, *id.* § 3509(d). When those victims and witnesses are minors, as here, all employees of the Government, employees of the Court, and Defendant and his legal defense team shall "keep all documents that disclose the name

or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." *Id.* § 3509(d)(1)(A)(i). In addition, all employees of the Government, employees of the Court, and Defendant and his legal defense team, shall disclose documents that contain the name or information concerning a child "only to persons who, by reason of their participation in the proceeding, have reason to know such information." *Id.* § 3509(d)(1)(A)(ii).

To ensure compliance with these statutory obligations, the U.S. Attorney's Office regularly seeks protective orders just like the one proposed in this case that limit the disclosure of discovery materials that contain protected personally identifiable information. *See, e.g.*, *United States v. Vanlerberghe*, No. 20-cr-277 (JRT/BRT) (Dec. 9, 2020), ECF No. 17. The Government's proposed protective order permits Defendant to view all discovery in this case, and to keep the majority of it at the Sherburne County Jail. The only narrow subset of discovery that Defendant cannot retain are unredacted materials with information regarding the minor victims and witnesses. There is good reason for this restriction.

The use of protective orders to restrict the use of discovery materials is well established and has been repeatedly affirmed by the Eighth Circuit, especially in cases involving security concerns. *See, e.g.*, *Alderman v. United States*, 394 U.S. 165, 185 (1969) (noting that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against the unwarranted disclosure of materials which they may be entitled to inspect"); *United States v. Lee*, 374 F.3d 637, 652 (8th Cir.

2004) (affirming the district court's order to limit the defendant's access to discovery materials based on witness security concerns); *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (affirming protective order in Mann Act case where the purpose of the protective order "was to protect the identity of persons cooperating on the case").

In ordering that Defendant be detained, the Court found a "significant and serious" risk that Defendant would "attempt[] to influence or interfere with the charged victims or other potentially unknown victims or otherwise attempt to obstruct the prosecution of this matter." ECF No. 28 at 6–7. Indeed, Defendant is charged with three counts of obstructing justice in relation to two of his minor victims. Two of the charged acts involved Defendant sending others to intimidate these victims, demonstrating that he is capable of harassing victims and witnesses while detained. Defendant writes in his motion that he is "fighting for his life in this case and he intends to use his every waking hour to participate in that fight." ECF No. 48 at 1. To date, Defendant's method of participating in that fight has included seeking out "information about where members of the team investigating and prosecuting him live." ECF No. 28 at 6. The Government therefore has good cause to prevent Defendant from having unrestricted access to the PII of victims and witnesses in this case.

Defendant has proposed an alternative protective order that alters the language of paragraphs 6 and 7. But Defendant's proposed protective order should be denied because it is contrary to law. Defendant proposes that the Sherburne County Jail retain unredacted protected material and any notes from Defendant that contain unredacted

protected material. Pursuant to statute, the name and "any other information concerning a child" victim or witness must be kept "in a secure place to which no person who does not have reason to know their contents has access." 18 U.S.C. § 3509(d)(1)(A)(i). Defendant's proposal would give jail staff access to this confidential information when they do not have reason to know such information.

Moreover, Defendant's request to review unredacted information about the minor victims and witnesses in this case outside the presence of his counsel is inconsistent with the practice in this district. Defendant has retained multiple attorneys to represent him in his defense. Many defendants coming before this Court who face similarly severe charges have a single defense counsel, and they are provided access to discovery in the same manner and means outlined in the Government's protective order. The Government's proposed protective order provides Defendant and all of his attorneys with access to discovery as permitted by the applicable law. And the Government has already made concessions from its standard protective order, in part, to accommodate pandemic restrictions at Sherburne County Jail. There is no reason to further provide this Defendant with unfettered access to the information relating to minor victims and witnesses outside the presence of officers of this Court in the form of his legal counsel.

The Government's proposal ensures that protected material remains in the custody and control of the Court and its officers. These measures are necessary where the Government has a legitimate concern about providing Defendant unfettered access

to his accusers.  These concerns are exacerbated by the media attention that this case has garnered.  To ensure that the minor victims and witnesses remain anonymous and free of any tampering, the Court should grant the Government's well-reasoned and standard motion for a protective order.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion for a protective order.

                                         Respectfully submitted,

Dated:  October 1, 2021                  W. ANDERS FOLK
                                         Acting United States Attorney

                                         *s/ Emily Polachek*
                                         BY:  EMILY A. POLACHEK
                                         Attorney Reg. No. 390973
                                         ANGELA M. MUNOZ
                                         Attorney Reg. No. 389207
                                         LAURA M. PROVINZINO
                                         Attorney Reg. No. 0329691
                                         Assistant United States Attorneys

                                         United States Attorney's Office
                                         300 South Fourth Street, Ste 600
                                         Minneapolis, MN  55415
                                         612-664-5600