# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-mc-49 (MJD/DTS) |
| Plaintiff, | **SECOND STIPULATION TO EXTEND TIME TO COMMENCE JUDICIAL FORFEITURE PROCEEDINGS** |
| v. | |
| 1. Assorted Various Currencies Seized on December 15, 2020; | |
| 2. Miscellaneous Puff Bars/Vape Cigarette Seized on December 15, 2020; and | |
| 3. Twenty Miscellaneous Pieces of Electronic Equipment Seized on December 15, 2020; | |
| Defendants. | |

The United States of America, and Anton Lazzaro ("Claimant"), through their respective counsel, hereby stipulate, pursuant to Title 18, United States Code, Section 983(a)(3)(A), to extend the time in which the United States is required to file a Complaint for Forfeiture or to obtain an Indictment alleging forfeiture until September 10, 2021. This stipulation is agreed to by the parties pursuant to the following terms:

1. On or about December 15, 2020, law enforcement officers seized the following items from Claimant:

   1) $371,240 in U.S. Currency;

   2) 5,150 Euros;

   3) 14,000 Japanese Yen;

   4) 245 in UAE Dirham Currency;

   5) 1,330 Hong Kong Chinese Currency;

      6)    20 Canadian Dollars;

      7)    1,100 Jamaican Dollars;

      8)    Miscellaneous puff bars/vape cigarette; and

      9)    Twenty miscellaneous pieces of electronic equipment, including:

          a.    a Windows Surface Tablet;
          b.    a gray/black Blackberry;
          c.    a black iPhone;
          d.    a TCL cellphone;
          e.    a Xioamoi cellphone;
          f.    2 thumb drives;
          g.    14 SD cards
          h.    2 thumb drives
          i.    a silver Dell XPS laptop;
          j.    Inspiron Dell laptop
          k.    a gray/black Motorola cellphone;
          l.    a white/black Motorola cellphone;
          m.    an LG cellphone;
          n.    an Apple iPhone SE;
          o.    an LG cellphone;
          p.    a black/silver Apple iPhone;
          q.    a Bittium cellphone;
          r.    a GPS tracker;
          s.    a Blackberry phone with 32GB SD card; and
          t.    a Windows Surface Tablet with charging cord.

    2.    On or about the same day, December 15, 2020, law enforcement officers also seized the following from Claimant:

      10)    2 Yuan Currency;

      11)    1 Brazilian Real Currency;

      12)    80,740 in Hyrvnia Currency;

      13)    975,000 in Dinari Notes;

      14)    Yellow bars believed to be gold in the following amounts:

      i. 1 one-kilo bar;
     ii. 1 ten-ounce bar;
    iii. 1 five-ounce bar; and
    iv. 269 one-ounce bars;

15) Gray bars believed to be silver in the following amounts:

      i. 5 fifty-ounce bars;
     ii. 2 one-hundred-ounce bars;
    iii. 9 ten-ounce bars; and
    iv. 3 five-ounce bars;

16) Grey bars believed to be silver in the following amounts:

      i. 26 five-ounce bars;
     ii. 14 ten-ounce bars; and
    iii. 3 one-hundred-ounce bars;

17) Yellow bars believed to be gold in the following amounts:

      i. 2 ten-ounce bars; and
     ii. 200 one-ounce bars;

18) Gray bars believed to be silver in the following amounts:

      i. 6 one-hundred-ounce bars; and
     ii. 23 one-ounce bars;

19) 6 grey one-ounce coins believed to be silver;

20) 1 yellow coin believed to be gold;

21) 1 gray coin believed to be palladium;

22) 1 one-ounce gray bar believed to be platinum;

23) 1 one-ounce gray bar believed to be palladium;

24) 1 half-pound brown bar believed to be copper;

25) 1 one-ounce gray bar believed to be rhodium;

26) 4 gray one-hundred-ounce bars believed to be silver;

3

  27) 4 gray one-hundred-ounce bars believed to be silver;

  28) 4 gray one-hundred-ounce bars believed to be silver; and

  29) 3 gray one-hundred-ounce bars believed to be silver.

 3. The United States Federal Bureau of Investigation (FBI) commenced administrative forfeiture proceedings for the assets identified as items 1-9 in paragraph 1 above. No administrative forfeiture proceedings were commenced for items 10-29 in paragraph 2 above.

 4. With respect to items 1-9 in paragraph 1 above, FBI sent written notice to all known interested parties of its intent to administratively forfeit the seized property.

 5. The Claimant filed a claim in the administrative forfeiture proceedings commenced by the FBI for items 1-9 in paragraph 1 above, on or about April 13, 2021.

 6. The time has expired for any other person to file a claim for items 1-9 in paragraph 1 above, under Title 18, United States Code, Section 983(a)(2)(A)-(E), and no claim for those assets has been received from any other individual or entity.

 7. Title 18, United States Code, Section 983(a)(3)(A)-(C), states:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not—
>
>  (i) file a complaint for forfeiture or return the property, in accordance with Subparagraph (A); or

    (ii) before the time for filing a complaint has expired—

    (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

    (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

    the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

    (C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right of continued possession of the property shall be governed by the applicable criminal forfeiture statute.

  8.  The United States and the Claimant jointly request a second extension of the deadline for commencing forfeiture proceedings for the assets referred to as items 1 and 9 above in order to determine whether an agreement can be reached regarding the disposition of those assets. Commencement of judicial forfeiture proceeding at this time may also burden Claimant's right against self-incrimination by allowing discovery of testimony and information which could potentially be used against him in possible related criminal proceedings.

  9.  The United States agrees that it will return items 2-8 and 10-29 to the Claimant without prejudice to any right it may have to subsequently seek forfeiture of such property. The United States acknowledges that the Claimant is not waiving his right to challenge the forfeiture of any items by signing this stipulation and affirms that he is not

prohibited from spending or transferring the returned assets without restriction.

10. Accordingly, the parties to this stipulation agree to extend the deadline under 18 U.S.C. § 983(a)(3) for filing a judicial forfeiture proceeding with respect to the assets listed as items 1 an 9 in paragraph 1 above.

|  |  |
|---|---|
| Dated: August 10, 2021 | W. ANDERS FOLK<br>Acting United States Attorney<br><br>*s/ Quinn Hochhalter*<br>BY:   QUINN HOCHHALTER<br>Assistant United States Attorney<br>Attorney No. 07791ND<br>600 United States Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>612-664-5600<br>quinn.hochhalter@usdoj.gov |
|  | JEREMY GORDON P.L.L.C. |
| Dated: August 10, 2021 | *s/ Zachary Lee Newland*<br>Zachary Lee Newland<br>Senior Litigation Counsel<br>P.O. Box 2275<br>Mansfield, Texas 76063<br>Tel:   (972) 483-4865<br>Fax: (972) 584-9230<br>E-mail: zach@gordondefense.com<br>Texas Bar: 24088967<br>https://gordondefense.com<br><br>Lead Counsel for<br>Claimant Anton Lazzaro |

6