United States District Court
District Of Minnesota
Criminal No. 21-173 (PJS/DTS)

| | |
|---|---|
| United States Of America,<br><br>    Plaintiff,<br><br>v.<br><br>Anton Joseph Lazzaro (1),<br><br>    Defendant. | **Defendant's Motion to Compel Disclosure of Expert Materials** |

"Criminal cases will arise where the only reasonable and available defense strategy requires consultation with experts or introduction of expert evidence."[1]

The Government "intends to call experts," in their prosecution of Anton Lazzaro, but they do not believe they are required to provide expert disclosures at this time. Mr. Lazzaro made multiple written requests for expert disclosures. Yet the Government does not believe the Court's prior orders address issues like the deadline for disclosing expert witnesses. According to the Government, Mr. Lazzaro can obtain a fair trial if the Government discloses experts a mere 30 days before his trial. Mr. Lazzaro disagrees.

Mr. Lazzaro asks that the Court enter an order compelling the Government to immediately disclose the materials covered by Fed. R. Crim. P. 16(a)(1)(G) should the Government wish to present such evidence at his trial. The Court should also exclude any expert material not disclosed at least 180 days prior to trial.

---

[1] *Hinton v. Alabama*, 571 U.S. 263, 273, 134 S. Ct. 1081, 1088, 188 L. Ed. 2d 1 (2014)

**Defendant's Motion To Compel**
**Disclosure of Expert Materials**                                                                                 Page 1 of 8

# I. Background

On August 11, 2021, the Government obtained a multi-count indictment against Mr. Lazzaro and Gisela Medina. (Doc. No. 1). Mr. Lazzaro was arrested at his home on August 12, 2021. A detention hearing was conducted on August 24, 2021, and Mr. Lazzaro was denied bond and ordered detained pending trial. (Doc. No. 28).

### A) Court enters scheduling order for disclosures

On September 3, 2021, Magistrate Judge Hildy Bowbeer entered a detailed written order setting deadlines to govern discovery, disclosures, and court filings throughout the case. (Doc. No. 34) ("Arraignment Order"). The Arraignment Order provided specific language obligating the United States to make disclosures under Rule 16 of the Federal Rules of Criminal Procedure:

> **IT IS HEREBY ORDERED:**
>
> 1. The government must make all disclosures required by Fed. R. Crim. P. 16(a) by **August 31, 2021**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make by **August 31, 2021**, all disclosures that will be required by Fed. R. Crim. P. 26.2 and 12(h).

(Doc. No. 34 at 1). The plain text of the Arraignment order meant that the Government was required to make "all disclosures" required by Rule 16(a).

### B) Rule 16(a) includes expert disclosures

Mr. Lazzaro does not relish belaboring this point, but it must be pointed out that Rule 16(a) of the Federal Rules of Criminal Procedure includes so-called expert

disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G). The relevant part of the Rule 16 provides the following in full:

> **Rule 16. Discovery and Inspection**
> **(a) Government's Disclosure**
>  **(1) Information Subject to Disclosure**
>    ...
>    **(G) Expert Witnesses**. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G). The portion of the rule providing for expert witness disclosures are thus clearly found within the text Rule 16(a). And the Arraignment Order required the Government to make all disclosures under Rule 16(a).

## II. Argument

### A) Plain text of court order requires expert disclosures

Mr. Lazzaro believes it is unambiguous that the Government is required to provide expert disclosures at this time. In fact, the Arraignment Order required the Government to provide these disclosures last fall. Mr. Lazzaro asked the Government to reach an agreement concerning the untimely disclosures via email prior to filing this motion. The Government indicated that Mr. Lazzaro needed to file this motion if he wanted expert disclosures more than 30 days prior to trial. The

Court should compel the Government to comply with its earlier written order to facilitate the orderly preparation for trial by both sides.

### B) Sixth Amendment requires more than 30 days with experts

The Supreme Court has long recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence" entails that those defendants are entitled to be represented by attorneys who meet at least a minimal standard of competence. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1983). This means that Mr. Lazzaro has not just a right to an attorney or a right to present a defense. Instead, Mr. Lazzaro has the right to a competent attorney and a fair trial among other things.

Over the past two decades, the Supreme Court has made clear that an effective attorney must be prepared to investigate and present expert testimony. *See Hinton v. Alabama*, 571 U.S. 263, (2014) (attorney was ineffective for failing to obtain appropriate expert testimony); *Williams v. Taylor*, 529 U.S. 362, 395 (deficient performance for failure to investigate); *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986) (finding deficient performance where attorney failed to conduct pretrial discovery based on counsel's mistaken belief that the government was required to take initiative and turn over all inculpatory evidence to defense). Mr. Lazzaro is filing this motion to compel to be certain that his counsel is provided an appropriate opportunity to present an *adequate defense* to anticipated Government expert testimony. *See Hinton*, 571 U.S. at 274-275.

Here, Mr. Lazzaro's counsel is required to investigate the areas of potential Government expert testimony, the basis for those opinions, any written reports produced, and the likely effect that testimony will have at trial. Mr. Lazzaro believes that Rule 16 provides the mechanism for requiring the Government to provide this information to the defense. Mr. Lazzaro is seeking to conduct the exact type of investigation called for by *Kimmelman* and the Sixth Amendment to prepare his defense. However, disclosure 30 days prior to trial is functionally the same as no disclosure at all.

If the Government is permitted to make its Rule 16 expert disclosures for the first time 30 days before trial, then Mr. Lazzaro will be denied the right to effective assistance of counsel. He will also be denied any semblance of a fair trial with the opportunity to confront his accusers. In 30 days, it is impossible to read expert reports, research underlying academic articles on the same subjects, obtain transcripts of the experts' prior testimony, confer with potential defense experts, retain potential defense rebuttal experts, provide rebuttal reports, and be ready for a jury trial. It is impossible to do all of this while also preparing any professional *Daubert* challenges to the court as well in that same 30 days.

To protect Mr. Lazzaro's Sixth Amendment rights, the Court should compel the Government to immediately provide any expert disclosures if the Government wants to present expert testimony at trial. The Government investigated Mr. Lazzaro for almost a year before bringing an indictment in August 2021. Surely the Government can provide the defense with the names of experts, anticipated subjects

of testimony, written summaries, and written reports by the end of January 2022. That is why the Arraignment Order likely required the Government to make these disclosures last August.

### III.   Conclusion

Mr. Lazzaro is not asking the Court to enter an order excluding all Government expert testimony at this time based on the Government's non-compliance with the Arraignment Order. Mr. Lazzaro understands that such an order is not appropriate at this time. Mr. Lazzaro is bringing this motion to compel at the pre-trial filing deadline to avoid any last-minute "surprise" or unannounced expert witness from testifying at his trial. The Government was able to choose when and how they charged Mr. Lazzaro with crimes. They should not be given the same unilateral leeway to decide when and how discovery obligations are satisfied.

The Court should enter an order compelling the Government to provide all expert disclosures under Rule 16 immediately. In the alternative, the Court should require the Government to provide expert disclosures no later than 180 days before any trial setting.

[Remainder of Page Left Blank Intentionally]

Respectfully submitted,

/s/ Zachary Newland
Zachary L. Newland
Senior Litigation Counsel
**Jeremy Gordon P.L.L.C.**
P.O. Box 2275
Mansfield, Texas 76063
Tel: (972) 483-4865
Fax: (972) 584-9230
Email: zach@gordondefense.com
Texas Bar: 24088967
https://gordondefense.com


/s/ Catherine Turner
Catherine L. Turner
MN Attorney ID #0349057
P.O. Box 19607
Minneapolis, MN 55419
Tel: (612) 361-4895
Fax: (866) 663-4338
Email: catherine@catherineturnerlaw.com

*Counsel for Anton Lazzaro*


# CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing this motion I conferred with Assistant U.S. Attorney Laura Provinzino by telephone on January 10, 2022, and again on January 11, 2022, via email. I was informed that the Government is opposed to the relief sought in this motion by Mr. Lazzaro.

/s/ Zachary L. Newland
Zachary L. Newland

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly filed and served upon counsel of record, via the Court's CM/ECF system, this 14th day of January 2022.

/s/ Zachary L. Newland
Zachary L. Newland