UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 21-173 (PJS/DTS)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION** |
| v. | ) | **TO SUPPRESS EVIDENCE** |
| | ) | **OBTAINED FROM ELECTRONIC** |
| ANTON JOSEPH LAZZARO, | ) | **DEVICE** |
| | ) | |
| | ) | |
| Defendant. | ) | |

On August 12, 2021, the Defendant, Anton Lazzaro, was arrested pursuant to a warrant at his apartment in Minneapolis, MN. After he was handcuffed and out the door, agents returned to the residence and retrieved a Google Pixel cell phone located on a table inside. The Government then sent this device to a fancy lab in Virginia for the purpose of extracting and examining its contents. While the Government secured a warrant for the intrusive search of the phone, its original seizure was not pursuant to a valid warrant to search his apartment, nor to an exception thereto. Mr. Lazzaro, by and through his undersigned attorneys, now respectfully moves the Court to:

1. Order the Government to cease its seizure of the phone and efforts to search its contents immediately;
2. Vacate the subsequent search warrant issued for the search of the Google Pixel phone, specifically the search warranted signed and issued by Magistrate Hildy Bowbeer on August 16, 2021;
3. Suppress any physical or digital evidence, including but not limited to, information, records, logs and/or data related to social media applications, messaging services, photographs, emails, attachments, downloads, location, or other metadata associated with him and/or his accounts, obtained directly or indirectly from the Google Pixel phone seized by the Government on August 12, 2021 from Mr. Lazzaro's apartment; and
4. Return the Google Pixel phone to Mr. Lazzaro

1

on the grounds that its seizure violated, and continues to violate, his Constitutionally protected Fourth Amendment protection against unreasonable seizures, and any search of the contents therein would be a violation of this same Fourth Amendment protection. U.S. Const. amend. IV; *Florida v Jardines*, 569 U.S. 1, 6 (2013); *Caniglia v Strom*, 593 U.S.__ (2021); *Chimel v. California*, 395 U.S. 752 (1969); *Riley v. California*, 573 US. 373 (2014).

This motion is based upon the files, records, and proceedings herein, such testimony as may be presented at the motion hearing, and any briefing requested by the Court thereafter.

Respectfully submitted,

Dated: January 10, 2022          */s/Catherine Turner*
                                 Catherine L. Turner
                                 MN Attorney ID #0349057
                                 331 Second Avenue South
                                 Suite 705
                                 Minneapolis, MN 55401
                                 Tel: (612) 361-4895
                                 Fax: (866) 663-4338
                                 E-mail: catherine@catherineturnerlaw.com

Dated: January 10, 2022          */s/Zachary Newland*
                                 Zachary Lee Newland
                                 Senior Litigation Counsel
                                 **Jeremy Gordon P.L.L.C.**
                                 P.O. Box 2275
                                 Mansfield, Texas 76063
                                 Tel: (972) 483-4865
                                 Fax: (972) 584-9230
                                 E-mail: zach@gordondefense.com
                                 Texas Bar: 24088967
                                 https://gordondefense.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly filed and served upon counsel of record, via the Court's CM/ECF system, this 14th day of January 2022.

                                          */s/Catherine Turner*
                                          Catherine Turner