**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Case No. 21-cr-173 (PJS/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             **RESPONSE TO MOTION TO**
                                                               **VACATE RESTRAINTS ON**
1.  ANTON JOSEPH LAZZARO,                                      **CERTAIN PROPERTY**
     a/k/a Tony Lazzaro,
     a/k/a Tony,

and

2.  GISELA CASTRO MEDINA,
     a/k/a Gisela Medina,

        Defendants.

## INTRODUCTION

Motions for return or property, like the one at issue here, are procedurally improper when the subject property has been included in the forfeiture allegations of an indictment. Defendant Anton Lazzaro cites no valid reason to deviate from the well-established rule that defendants must ordinarily wait until after trial to challenge the requested forfeitures and seek the return of such seized, forfeitable property consistent with Rule 32.2.

Lazzaro's motion would fail even if it could overcome this procedural infirmity. The vehicle, phones, and electronic devices[1] are all directly forfeitable and therefore are appropriately in government custody, contrary to Lazzaro's mischaracterization of them as substitute assets. *See* ECF No. 75 at 1 (Stating "[u]ntainted property may not be restrained

---

[1] The currency was returned. ECF No. 112. That portion of his motion is now moot.

before trial."). The Ferrari, which was seized pursuant to a seizure warrant, was plainly "involved in" the sex trafficking of a minor. The phones and other electronic devices are properly held as evidence—which is an independent basis for their retention—and in any event are alleged to be subject to forfeiture. None are substitute assets. Lazzaro may challenge their forfeiture after conviction, but not before then.

In short, Lazzaro has not demonstrated the right to the type of extraordinary relief he seeks here, which is a pretrial, rather than post-trial, hearing to challenge the forfeiture of assets properly seized and listed in the forfeiture allegations of his indictment. His motion should be denied.

## **BACKGROUND**

Lazzaro is charged with ten counts of violating the Trafficking Victims Protection Act for his conduct in the sex trafficking of at least six minor girls and attempting to obstruct justice by paying the victims for their silence. The charges against Lazzaro include Conspiracy to Commit Sex Trafficking and counts relating to Sex Trafficking of a Minor. Only those facts most pertinent to the seizure and retention of the specific assets at issue in this motion are described below.

### **A. The Electronic Devices**

On or about December 15, 2021, law enforcement officers searched Lazzaro's residence and seized various items in connection with an investigation of Lazzaro and others for sex trafficking and conspiracy to commit sex trafficking, in addition to production and distribution of child pornography. ECF No. 75-2, Ex. C. All of the electronic devices that are listed in the indictment were seized at that time. An additional

cell phone was seized from Lazzaro when he was arrested. The electronic devices have been or are being searched (some have encryption software that delays and complicates search attempts) and are therefore evidence in an ongoing investigation and pending prosecution. The United States has agreed to copy the contents of these devices onto hard drives for Lazzaro's attorneys. Lazzaro is incarcerated and cannot possess them.

## B. The Ferrari

The Ferrari was seized on August 13, 2021, pursuant to a civil and criminal seizure warrant issued after Lazzaro was indicted. ECF No. 75-3 at 1-4. As is described below and in the Affidavit supporting the seizure warrant, the Ferrari was "involved in" Lazzaro's sex trafficking conspiracy and one of the substantive charges because he used it to drive an underage victim to his residence for sex in connection with one of the substantive charges. The Ferrari was listed in the forfeiture allegations of the Indictment. It remains in government custody.[2]

## C. The Currency

As is stated above, the United States also seized $371,240.00 of United States currency from a safe in Lazzaro's residence. The United States ultimately determined that it will not seek to forfeit that currency through this case and returned it to Lazzaro, through his attorneys. *See* ECF Nos. 105 (Bill of Particulars); 112 (Notice of Return of Asset).

---

[2] Lazzaro questions why the United States is not also seeking to forfeit a Cadillac. Unlike the Ferrari, the Cadillac was leased. The United States is not aware of evidence that the lessor's interest in it would be subject to forfeiture.

**D. The Indictment**

August 11, 2021, a Grand Jury returned an Indictment against Lazzaro. The Indictment charged Lazzaro with one count of Conspiracy to Commit Sex Trafficking of Minors, five counts of Sex Trafficking of a Minor, one count of Attempted Sex Trafficking of a Minor and three counts of Sex Trafficking – Obstruction. The Indictment contained forfeiture allegations which state:

> As a result of the offenses charged in Counts 1 through 10, the defendants shall forfeit the following property to the United States pursuant to Title 18, United States Code, Section 1594:
>
> (1) Any property, real or personal, involved in, used or intended to be used to commit or to facilitate the commission of the offenses, and any property traceable to such property; and
>
> (2) Any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, or any property traceable to such property.

ECF No. 1 at 7.

The forfeiture allegations of Indictment list all of the property in Lazzaro's motion except for the Google Pixel phone, which was later added through a Bill of Particulars. ECF Nos. 1, 105. None of the property at issue is listed as a "substitute asset."[3] It is all alleged to have been "involved in used or intended to be used to commit or to facilitate the commission of" Lazzaro's sex trafficking offenses. *Id.*

---

[3] Lazzaro incorrectly asserts that the property at issue is "untainted," meaning that it was identified as a substitute asset rather than directly forfeitable property. ECF No. 75 at 1, 6-8 (discussing limitations on pretrial seizure of substitute assets). This is wrong; the property is alleged to be directly forfeitable. *See* ECF Nos. 1, 105 (identifying the vehicle, phones, and other electronic devices as directly forfeitable).

Lazzaro asserts in his motion that all of the property seized for forfeiture should be returned to him pending trial. Lazzaro does not allege that he needs the property to pay counsel. To the contrary, he acknowledges that significant assets were already returned to him, including valuable gold bars and other precious metals. ECF No. 1 at 1.

## ARGUMENT

I.    **Lazzaro is Not Entitled to the Return of the Phones and Other Electronic Devices.**

Defendants may, of course, contest the forfeiture of their property in criminal prosecutions, but they must ordinarily wait until after conviction to do so. That process is set forth in Rule 32.2 of the Federal Rules of Criminal Procedure. Pursuant to that rule, the Defendant may, among other things, request a jury determination or hearing before a judge to contest the forfeiture sought by the government. See Fed. R. Crim. P. 32.2(b)(1). That hearing takes place "after a verdict or finding of guilty . . . is accepted. . ."[4] *Id.*; *see also United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1144–46 (9th Cir. 2011) (summarizing criminal forfeiture procedure under Rule 32.2 and 21 U.S.C. § 853).

Consistent with this process, motions seeking the return of seized property[5] alleged to be subject to forfeiture are generally impermissible, with the limited exception described in section II(2)(A) below, after the subject property has been named in an indictment or identified in a bill or particulars. *See, e.g., United States v. Stegemann,* 40 F. Supp.3d 249,

---

[4] Lazzaro has requested extensions of his trial date in his case, which the government has not opposed. ECF Nos. 57, 79.

[5] Although Lazzaro does not cite Rule 41(g), his "Motion to Vacate Restraints on Certain Seized Property" is indistinguishable from, and is simply a renaming of, a motion for return of property that is governed that rule. It should be analyzed as such.

264-65 (N.D.N.Y. 2014) (if defendant is seeking the return of the seized money because it was allegedly not derived from his offense, he must raise that issue in the forfeiture phase of his trial pursuant to Rule 32.2(b)(1)(B), not in a pre-trial motion under Rule 41(g)); *United States v. Latorre,* 2020 WL 7685935, *8 (N.D. Ga. Nov. 23, 2020) (once property is named in a bill of particulars, defendant's remedy is to contest the forfeiture in the forfeiture phase of the trial; Rule 41(g) motion denied); *United States v. Durante*, 2012 WL 2863490, *1 (D.N.J. July 11, 2012) (once the property has been included in an indictment, the court may not entertain a Rule 41(g) motion for the return of the property); *United States v. Zazueta-Hernandez*, 2020 WL 5016940 (S.D. Ohio Aug. 25, 2020) (Rule 41(g) not available where government has a continuing interest in seized property based on its allegations that property is subject to federal forfeiture; defendants had an adequate remedy at law—contesting forfeiture during forfeiture phase of their criminal trial).

This is consistent with Eighth Circuit jurisprudence regarding Rule 41(g), which governs motions for return of property. Under that rule, if a movant establishes lawful entitlement to the property, "the government must then establish a legitimate reason to retain the property, which may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's." *Jackson v. United States,* 526 F.3d 394, 396 (8th Cir. 2008) "A Rule 41([g]) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Id.; United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002).

Here, the phones and electronic devices were seized pursuant to search warrants and

are being held as evidence. Lazzaro's cited cases do not require evidence to be returned to a defendant before trial or conclusion of an investigation, and such an outcome would be contrary to precedent. *Vanhorn*, 296 F.3d at 719 ("a Rule 41([g]) motion is properly denied if . . . the property is . . . subject to . . . the government's need for the property as evidence.") The forfeiture cases cited by Lazzaro do not address property held as evidence. *See* ECF No. 75 at 6-7 (citing various cases concerning seizure or restraint of property solely for forfeiture). Although the Ferrari is not expected to be introduced as evidence, it was seized pursuant to a seizure warrant and is properly being held because it is subject to forfeiture. *Id.* ("a Rule 41([g]) motion is properly denied if . . . the property is . . . subject to forfeiture. . ..")

As is set forth above, therefore, Lazzaro must wait to seek the return of such property until after trial and any subsequent forfeiture proceedings. Allowing a pretrial hearing regarding their forfeitability would be contrary to the procedures set forth by Rule 32.2, which provides that such hearings take place after trial.

## II. Lazzaro is Not Entitled to a Probable Cause Hearing on Retention of Seized Property.

### A. The *Jones-Farmer* Test

As is set forth above, Lazzaro is not entitled to a hearing on his Rule 41(g) motion filed before trial. To the extent Lazzaro asserts there is a broad right to a hearing on a "motion to lift restraints on property" outside the realm of Rule 41(g), he is incorrect.

Under the majority rule, defendants must make a particular showing before they may obtain a pretrial hearing to seek the return of property seized or restrained for forfeiture

which is alleged to be forfeitable in an indictment. That test, referred to as the *Jones-Farmer* test, is set forth the Tenth and Fourth Circuit cases, *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998) and *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001). Under the *Jones–Farmer* test, a defendant is entitled to a post-restraint, pretrial hearing only if the defendant shows: (1) that he has insufficient funds with which to retain private counsel; and (2) makes a *prima facie* showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets" would be subject to forfeiture if the defendant were convicted." *Jones*, 160 F.3d at 647; *see also Farmer*, 274 F.3d at 804–06; *United States v. Kahn*, 890 F.3d 937 (10th Cir. 2018) (clarifying *Jones*; defendant need only show that he has insufficient funds, not that he has "no funds" with which to retain counsel, to satisfy the first prong); *United States v. Yusuf*, 199 Fed. Appx. 127, 132-33 (3d Cir. 2006) (following *Jones* and *Farmer*; district court must require defendants to show that they can satisfy the two *Jones* requirements, and then may release funds for attorney's fees only if the Government fails to establish probable cause); *United States v. Lewis*, 2006 WL 1579855, * 8-10 (D. Minn. June 1, 2006) (applying *Jones-Farmer* and denying defendant's right to a hearing because she could satisfy neither of the two requirements; that defendant was represented by three attorneys at the *Jones* hearing is strong evidence that she was not without funds with which to retain counsel); *United States v. Mueller,* 2008 WL 2890258 * 2 (D. Minn. July 18, 2008) (approving *Jones-Farmer* test, following *Lewis*).[6]

Other courts apply a similar rule without expressly adopting *Jones-Farmer*. *See*

---

[6] The Eighth Circuit has not made a specific holding with respect to this test, but the District of Minnesota has followed this majority rule in the cases cited herein.

*United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (*en banc*) (not expressly adopting Jones-Farmer but citing *Jones* with approval and holding that a post-restraint hearing is not necessary in every case, but may be required when the defendant "needs the restrained funds to pay for legal defense on associated criminal charges, or to cover ordinary and reasonable living expenses); *United States v. Bonventre*, 720 F.3d 126, 131 (2nd Cir. 2013) (adopting the first prong of *Farmer* but not the second; a defendant is not entitled to a probable cause hearing unless he shows that his Sixth Amendment rights are implicated, but he need not make a formal prima facie showing that the initial probable cause finding was erroneous); *United States v. Jones*, 844 F.3d 636, 641 (7th Cir. 2016) ("If the district court finds that the defendant has insufficient alternative assets with which to pay counsel, but the Government fails to justify its retention of all the frozen assets, then the court must order the release of funds in an amount necessary to pay reasonable attorney's fees . . ..").

It is, therefore, Lazzaro's burden to demonstrate that he has insufficient funds to pay counsel before he may obtain a pretrial hearing in which he challenges the nexus between the property and the crimes for which he has been charged. Lazzaro has not made that showing. He does not even allege such a need, and he evinces no such intention. As a result, his motion should be denied. *E.g., United States v. Kielar*, 791 F.3d 733, 739-40 (7th Cir. 2015) (defendant has no right to a post-restraint hearing unless he demonstrates with reliable evidence that he lacks other funds with which to retain counsel; an "unsubstantiated affidavit" is not sufficient), following *United States v. Moya-Gomez*, 860 F.2d 706, 729 (7th Cir. 1988).

**B.  Lazzaro Has Not Demonstrated a Need for Pretrial Release of the Property.**

Even if the Court chose not to follow the majority position and instead considered the matter under a balancing test, following *Mathews v. Eldridge*, Lazzaro would still not be entitled to a hearing to challenge the basis for the retention of the seized property. 424 U.S. 319 (1976).[7] That under that test, the Court would weigh "(1) the burdens that a requested procedure would impose on the Government against (2) the private interest at stake, as viewed alongside (3) the risk of an erroneous deprivation of that interest without the procedure and the probable value, if any, of the additional procedural safeguard." *Kaley*, 571 U.S. 334 (quoting *Mathews*, 424 U.S. at 335, 96 S.Ct. 893) (internal quotations and alterations omitted).

Here, the defendant is incarcerated and can neither drive the Ferrari nor possess the phones and electronic devices. There is no burden to him whatsoever because of their pretrial retention by the government. Even if this more lenient test (which is contrary to the majority position) is applied, Lazzaro's motion should still be dismissed.

**C.  Lazzaro's Other Arguments do not Support a Pretrial Return of Property**

Although Lazzaro does not address the majority rule that governs this issue, he cites other cases to assert that he is entitled to a pretrial hearing regarding retention of the property. Those cases are inapt and do not compel a hearing here. For example, Lazzaro

---

[7] The Supreme Court expressly declined to address whether the *Matthews* test should be applied to requests for requests for pretrial hearings regarding property seized for forfeiture in *Kaley v. United States,* although it did note that, "[t]his Court has repeatedly declined to require the use of adversarial procedures to make probable cause determinations." 571 U.S. 320, at 334, 338 (2014).

argues that *Luis United States*, provides that defendants are entitled to pretrial review of property seizures for probable cause determination. Def. Br. at 6 (*citing Luis v. United States*, 578 U.S. 5, 136 S. Ct. 1083, 1090-92 (2016)). But *Luis* does not so hold. Instead, it applies only when the retention of seized assets would implicate a defendant's right to retain counsel. *See United States v. Chittenden*, 848 F.3d 188, 194-95 (4th Cir. 2017) (*Luis* applies only if the defendant's Sixth Amendment rights are implicated; that the pretrial restraint of her substitute assets caused defendant to go into debt to retain her counsel of choice did not violate her Sixth Amendment rights); *United States v. Marshall*, 754 Fed. Appx. 157, 161 (4th Cir. 2018) ("*Luis* does not apply if the defendant did not need the restrained funds to retain counsel.").

Further, *Luis* arose from a civil action filed under 18 U.S.C. § 1345(a)(2), in which a civil restraining order was issued; it did not directly address criminal forfeiture procedure in this context. Unlike federal criminal forfeiture statutes, civil injunctions issued under § 1345(a)(2) may include the proceeds of the offense or *property of equivalent value—e.g.,* substitute assets. *Luis,* 1038 S.Ct. at 1090. *Luis* distinguished the seizure of untainted property in that civil injunction case from the seizure of tainted property in a criminal forfeiture. *Id*. The relevant distinction is that the government's interest in directly forfeitable property relates back to the time of the crime pursuant to 21 U.S.C. § 853(c), while title to substitute assets does not. *Id*; *see also United States v. Monsanto,* 491 U.S. 600, 615 (1989); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989). The properties at issue here are alleged to be directly forfeitable. None are substitute assets. *Luis* is inapt.

11

Lazzaro cites to *United States v James Daniel Good Real Prop.,* 510 U.S. 43, 55-56 (1993) to argue that he is entitled to a prompt pretrial hearing to review of the seizure of his property. But the pre-seizure notice and hearing requirement set forth in that case applies only to real property. The Supreme Court distinguished personal property seizures from the seizure of real property, and it has not applied the same pre-seizure notice requirements to personal property seizures. *Id*.; *see also Lewis*, 2006 WL 1579855 at *5, (the Supreme Court's decision in *James Daniel Good Real Property*, does not apply to personal property; a seizure warrant may be issued pursuant to § 853(f) without notice and a hearing).[8]

Lazzaro also cites to *Kaley,* 571 U.S. 320 in support of his argument that he is entitled to a pretrial hearing. But in *Kaley*, the Supreme Court noted that lower courts have generally provided a hearing to an indicted defendant who seeks to "lift an asset restraint to pay for a lawyer." 571 U.S. at 324.[9] It did not create a right to a pretrial hearing to contest the forfeitability of property seized for forfeiture.[10]

---

[8] *Sandoval v. Cty of Sonoma*, 912 F.3d 509, 522 (9th Cir. 2018), also referenced by Lazzaro, concerned a California state law regarding impounding of vehicles when the driver lacks a license, and Lazzaro cites only the concurrence. The scheme at issue in *Sandoval* is not analogous to federal forfeiture law and does not alter the well-established law on this issue.
[9] *See also* n. 4, *supra.*
[10] Similarly, *Honeycutt v. United States* addresses the issue of joint and several liability in money judgment forfeitures issued under the Controlled Substances Act. 137 S. Ct. 1626 (2017). The issue of pretrial hearings regarding assets seized for forfeiture was not relevant to that decision, and the quoted portion merely paraphrased a portion of the *Kaley* decision.

**D.  Regardless, the Seizures and Forfeiture Allegations Were Proper**

Because Lazzaro is not entitled to a hearing on the merits of his challenge to the connection between the property and the crime, the government will only briefly address the merits of the seizures by responding to some of the remaining incorrect arguments made in Lazzaro's briefing.

The first such error concerns the scope of property subject to forfeiture in this case, which is governed by 18 U.S.C. § 1594. That statute provides broad forfeiture authority, authorizing forfeiture not only proceeds and facilitating property, but also of property "involved in, used or intended to be used to commit . . ." the underlying offenses, which include a conspiracy charge. *Id.* Lazzaro's briefing, however, appears to cite instead to the substantive forfeiture authority of 21 U.S.C. § 853(a), which applies to controlled substances violations. ECF No. 75 at 6, quoting § 853(a). That statute does not include property that was merely "involved in" the underlying offense. ECF No. 75 at 6.

Regardless, Lazzaro's argument that the Ferrari did not facilitate the crime of sex trafficking of a minor is absurd—Lazzaro drove the Ferrari to pick up a minor and transport her to his home for sex. Its nexus to the charged crime is obvious.[11]

_____

[11] If Lazzaro intended to allege that the forfeiture of the Ferrari would constitute an excessive fine, he had the burden to demonstrate that in his motion. He has not done so. *United States v. Dodge Caravan Grand SE*, 387 F.3d 758, 763 (8th Cir. 2004) ("the defendant has the initial burden of making a prima facie showing of gross disproportionality."); *United States v. Viloski*, 814 F.3d 104 (2nd Cir. 2016) (burden is on the defendant to show that a forfeiture is grossly disproportional). In any event, an excessive fines argument would be premature before trial. *See United States v. Talebnejad*, 342 F. Supp. 2d 346, 361 (D. Md. 2004) (pretrial challenge to forfeiture on Eighth Amendment grounds is premature; until the facts are established at trial, any determination of the factors that inform the Eighth Amendment analysis would be speculative), *aff'd*, 460

With respect to the seized phones and electronic devices, Lazzaro fails to acknowledge that those items were seized as evidence and are subject to retention for that purpose regardless of whether they are subject to forfeiture. It was unnecessary for the search warrant to cite forfeiture authority for the phones. *Unites States v. Sigillito,* 759 F.3d 913, 926 (8th Cir. 2014) ("The district court correctly held that the search warrant was not required to contain the § 853(f) findings."). And as is set forth above, the United States is authorized to retain evidence seized in an ongoing investigation. *E.g., Jackson,* 526 F.3d at 396 (motion for return of property is properly denied when the government's need for the property as evidence continues).

Finally, to the extent Lazzaro argues that the Indictment does not set forth detailed facts establishing the nexus between the property and the Counts alleged against him (ECF No. 11), that is irrelevant because no such showing is required. *See United States v. Afremov*, 2007 WL 3237630, *10 (D. Minn. Oct. 30, 2007) (Advisory Committee note to Rule 32.2(a) makes clear that the indictment need not explain how government intends to trace the property subject to forfeiture to the offenses alleged in the indictment; it is sufficient if defendant is given notice that he faces forfeiture of his property in terms of the applicable statute).

---

F.3d 533 (4th Cir. 2006).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that Defendant Lazzaro's Motion to Vacate Restraints on Certain Seized Property be denied.

Respectfully submitted,

Dated: 1-24-2022

CHARLES J. KOVATS, JR
Acting United States Attorney

*s/Craig Baune*
BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Craig.baune@usdoj.gov