UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No.: 21-CR-173 (PJS/DTS) |
| Plaintiff, | **Defendant Lazzaro's Supplemental Brief in Support of his Motion to Dismiss Counts Five, Six, and Seven Of Indictment as Unconstitutionally Vague** |
| v. | |
| Anton Joseph Lazzaro (1), Gisela Castro Medina (2), | |
| Defendants. | |

---

### I.   SUMMARY

On March 24, 2022, the Court heard oral argument on several motions that had been filed by Defendant Anton Lazzaro's previous counsel. One of those motions was Mr. Lazzaro's Motion to Dismiss Counts Five, Six, and Seven of the Indictment as Unconstitutionally Vague. That motion and brief in support predominantly challenged the sex trafficking statute, 18 U.S.C § 1591, as it applied to the facts of Mr. Lazzaro's case. Mr. Lazzaro respectfully submits this Supplemental Brief in order to more clearly outline his facial challenge to 18 U.S.C § 1591 (hereinafter, "the sex trafficking statute.").

Congress amended the sex trafficking statute in 2015 to clarify that both the providers ("pimps") and purchasers ("johns") could be prosecuted for causing a person either (a) through "force, threats of force, fraud, [or] coercion" or (b) under the age of 18 to engage in a "commercial sex act," and criminalized conduct not clearly expressed in

1

either the letter or spirit of the law. In so doing, Congress unconstitutionally and inadvertently criminalized all sex acts with someone under 18 years of age using all-encompassing language that defined commercial sex acts as those involving the receipt of *something of value* by either "pimps" or "johns," who include everyday people engaged in sex acts.

Based on the arguments set forth below and in Mr. Lazzaro's previous filings, Mr. Lazzaro respectfully requests that the Court find the statute unconstitutionally vague and dismiss the pertinent charges against him.

## II. LAW AND ARGUMENT

The defense and the government seem to agree that "a criminal statute must clearly define the conduct it proscribes" and agree as to the applicable legal framework for whether a statute is unconstitutionally vague on its face. *Skilling v. United States*, 561 U.S. 358, 415 (2010); *Kolendar v. Lawson*, 461 U.S. 352 (1983); *See also* ECF No. 132, Defendant's Motion to Dismiss Counts Five, Six, and Seven of Indictment as Unconstitutionally Vague, p. 3; ECF No. 138, Government's Prehearing Response to Defendant's Pretrial Motions, p. 23. A law is unconstitutionally vague if it:

(1) "fails to provide a person of ordinary intelligence fair notice of what is prohibited," or

(2) "is so standardless that it authorizes or encourages seriously discriminatory enforcement."

*United States v. Williams*, 553 U.S. 285, 304 (2008); *see also Kolendar,* 461 U.S. at 357*; Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

**A.    The sex trafficking statute fails to clearly define the conduct it proscribes, and as such, is unconstitutionally vague.**

Title 18 Section 1591(a) of the United States Code states:

**(a)** Whoever knowingly—

> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> **(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

A "commercial sex act" is defined by the statute as "any sex act, on account of which anything of value is given to or received by any person."  18 U.S.C § 1591 (e)(3).

When Congress amended the statute in 2015 to clarify that both the providers ("pimps") and purchasers ("johns") could be prosecuted for causing a person either (a) through "force, threats of force, fraud, [or] coercion" or (b) under the age of 18 to engage in a "commercial sex act," Congress unconstitutionally criminalized conduct not clearly expressed in either the letter or spirit of the law using vague and all encompassing-language. The vagueness of the sex trafficking statute is revealed by considering the Eighth Circuit's virtually boundless view of what constitutes a "thing of value."

For example, in *United States v. Cook*, 782 F.3d 983, 988 (8th Cir. 2015), the court found that "[t]he phrase 'anything of value' is extremely broad," and it has been found by courts to include both tangible and intangible things. Whether something is considered a thing of value "is a subjective, rather than objective, concept," focused "on the value which the defendant subjectively attaches to that is sought to be received." *Id.* at 988-89. The thing of value may be given to or received by any person. 18 U.S.C § 1591 (e)(3).

In *United States v. Petrovic*, 701 F.3d 849, 858 (8th Cir. 2012), the Eighth Circuit provided a list of intangibles that have been found to be "things of value" under federal criminal law, including but not limited to:

1) "[s]exual favors";

2) "[t]he time and attention of a younger woman with whom the defendant pursued a romantic relationship";

3) "[a]nticipation of future sexual encounters";

4) "[a]musement, sexual intercourse or the promise of sexual intercourse, a promise to re-instate an employer, an agreement not to run in a primary election, or the testimony of a witnesses"; and,

5) The sexual relationship itself.

(Internal citations omitted). The Eighth Circuit, in *Cook*, went so far as to conclude that the sex act involved in the violation was a thing of value. 782 F.3d at 988-89 (noting that "Cook clearly attached value to the sexual acts, photographs, and videos he received.").

As stated in *Cook*, the test is subjective, not objective. In other words, value is in the eye of the beholder. Therefore, when people engage in sex acts and they subjectively give or receive something of value, it is a commercial sex act by the very terms of section

1591. A "thing of value" could be a bottle of wine, a good dinner, attention from the other individual, or the gratification from the sex act itself where an individual involved finds the act satisfactory. *See Backpage.com LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281 (W.D. Wash. 2012) (describing the breadth of a standard such as "something of value," stating that it can include "anything that can be traded on the free market - including a bottle of wine, a nice dinner, or a promise to do the dishes.").

Like the Armed Career Criminal Act's "[t]wo features of the residual clause [that] conspire to make it unconstitutionally vague," the constitutional infirmity of the sex trafficking statute lies in the combination of its extremely broad definition of a "commercial sex act," ("any sex act on account of which anything of value is given to or received by any person,")[1] with its provision that makes it a crime for a "john" to cause a person to engage in a commercial sex act, even where there are no allegations of "force, threats of force, fraud, [or] coercion." 18 U.S.C. § 1591(a) and (e); *Johnson v. United States*, 576 U.S. 591, 596 (2015). These two elements "conspire," to make it a crime for any person, whether it be an adult or a person under the age of 18, to cause another person under the age of 18 to engage in "any sex act" for "anything of value," regardless of whether the thing of value is given to or received by the "victim" or the "john" before, during or after the sex act and regardless of whether the contemplated sex act ever occurs, given that the law also criminalizes attempts. Due to the vague definition of "commercial sex act," it

---

[1] Eighth Circuit Model Jury Instructions, 6.18.1591 "Sex Trafficking of Children or by Force, Fraud, or Coercion")s

5

is not difficult to imagine a jurisprudential landscape where only parties wholly unsatisfied with a sexual encounter would fall outside the scope of that definition.

Based on the vague language of the sex trafficking statute, the number of scenarios that could condemn someone to prison for a minimum of ten years and up to life for engaging in what would otherwise be considered lawful, intimate acts that are part and parcel of normal relationships is as significant as it is unexpected.

Take, for example, the case of a classic prom date involving two high school seniors, both of whom know the other's age. In this scenario, the young man asks the young woman to prom via Snapchat. The young man offers to pick up the young woman and buy her a corsage and dinner beforehand, in the hopes of impressing her with his witty repertoire, a fancy dinner and car in order to convince her to "hook-up" with him after prom. After the dance, the young man's hopes are realized when they engage in a completely consensual sex act. Has the young man committed the crime of federal sex trafficking? Under the extremely vague definition of "commercial sex trafficking," he has. What if the young man is still a senior but eighteen years of age? What if they have been steadily, but platonically, dating for two years - since she was sixteen years old and a junior in high school - and now she is a senior and the young man is a freshman in college? What if he buys a condom and brings it with him to prom, but the young woman rebuffs his sexual overtures? What if the young woman becomes pregnant and they legally decide to get married? Even though few would ever imagine that these scenarios could be illegal, the actions of both the young man and young woman have met all the elements of sex trafficking of a child under federal law or attempted sex trafficking a child under federal law and could be subject to a mandatory

6

ten-year minimum sentence in prison or even life. Indeed, even if two such individuals are married, they still would have committed a federal felony with a 10-year minimum as the statute has no "marriage exception."

How does one know that these scenarios are federal crimes? A plain reading of the text of the statute would not make it clear due to its extremely vague definition of "commercial sex trafficking," and its vaguely worded aim at criminalizing the conduct of "johns" by:

> add[ing] the words 'solicits or patronizes' to the sex trafficking statute making absolutely clear for judges, juries, prosecutors , and law enforcement officials that criminals who purchase sexual acts from human trafficking victims may be arrested, prosecuted, and convicted as sex trafficking offenders when this is merited by the facts of a particular case.

18 U.S.C.S 1591, HISTORY; ANCILLARY LAWS AND DIRECTIVES, Amendment Notes, Other provisions, Purpose of the Act May 29, 2015, § 108, amendments; Act May 29, 2015, P.L. 114-22; sense of Congress, section (4). In vaguely aiming the federal sex trafficking statutes towards the criminalization of the conduct by "johns" where "a thing of value" is given or received, which can include the gratification from the sex act itself or virtually anything else, Congress criminalized the actions of everyday people, like the seventeen year olds engaging in sex acts after prom or the young man that takes his date out for a nice dinner hoping that they may "hook up" afterwards, and not just pimps.

Because there is little left of sex acts that are not "commercial sex acts" and there is not a clear standard as to what actions are illegal, the liberty of citizens is impermissibly left to the police, prosecutors, judges, and juries. *Kolender*, 461 U.S. at 357-58 (holding that criminal statutes "define the criminal offense with sufficient definiteness that ordinary

people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."); *see also Davis*, 139 S. Ct. at 2325 ("Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide."). Such a statute does not pass constitutional muster and cannot stand because as stated by the Supreme Court in *McDonnell v. United States*, 579 U.S. 550, 576 (2016) *(quoting United States v. Stevens*, 559 U.S. 460 (2010)), the courts "cannot construe a criminal statute on the assumption that the Government will 'use it responsibly.'" Furthermore, where a statute is not clear, any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Skilling*, 561 U.S. at 410.

Like the concerns addressed by the Supreme Court in other recent vagueness challenges, particularly those considering the vagaries of honest services fraud, these provisions of the sex trafficking statute "raise[ ] the serious concern" that the sex trafficking statute "does not comport with the Constitution's guarantee of due process." *McDonnell v. United States*, 579 U.S. 550, 576 (2016) (quoting *Johnson v. United States*, 576 U.S 591, 602 (2015)).

The ambiguous language used in the sex trafficking statute call into question whether a person of ordinary intelligence would know whether or not their conduct is illegal, particularly when compared to state law, where the majority of states have decided that a person 16 and over can legally consent to a sex act. Because the sex trafficking statute does not provide a "clear statement" that Congress is creating a national age of consent of 18 years of age and, in so doing, inadvertently criminalized otherwise legal sexual activity,

it raises "significant federalism concerns." In other words, where Congress has not clearly indicated that intends to preempt state law, the Supreme Court has been reticent to allow the federal government to encroach on states rights. Not only would upholding these provisions undermine the principles of federalism; more importantly, they do not comport with the Fifth Amendment's due process requirements and leave the law "so standardless that [they] authorize or encourag[e] seriously discriminatory enforcement." *Williams*, 553 U.S. at 304.

While some may view the allegations against Mr. Lazzaro as objectionable, as the Supreme Court recognized in *McDonnell*, the more important concern is that the statute clearly define what is prohibited:

> There is no doubt that this case is distasteful; it may be worse than that. But our concern is not with tawdry tales of Ferraris, Rolexes, and ball gowns. It is instead with the broader legal implications of the Government's boundless interpretation of the federal bribery statute.

579 U.S. at 580-81.

Based on the arguments set forth in this brief and Mr. Lazzaro's previous filings, Mr. Lazzaro respectfully requests that the court find the statute unconstitutionally vague and dismiss the pertinent charges against him.

**C.     While the unconstitutional provisions of 18 U.S.C. § 1591 must be severed and not applied to individuals, the remainder of 18 U.S.C § 1591 can be saved under the severability doctrine.**

Under the severability doctrine, when a court determines that part of a statute cannot be constitutionally applied, the court can sever the specific portion of the statute that is unconstitutional and still apply the remainder of the statute that is constitutional. *See Minn.*

9

*Citizens Concerned for Life v. FEC*, 936 F. Supp. 633, 642-43 (D. Minn. 1996). Under the severability doctrine, "a statute or regulation which contains unconstitutional provisions must be stricken in its entirety unless (1) that which remains after the unconstitutional provisions are excised is fully operative as law and (2) the body enacting the statute or regulation would have enacted the constitutional provisions even in the absence of those which are unconstitutional." *Id.* (internal citations omitted).

A violation of 18 U.S.C § 1591 (a) can occur when a defendant uses force, fraud, or coercion in connection with a commercial sex act. However, a violation of 18 U.S.C § 1591 (a) can also occur without force, fraud, or coercion if the individual is not at least 18 years old. It is this subsection of 18 U.S.C. § 1591 (a) that is both overbroad and void for vagueness. The portion of 18 U.S.C § 1591 (a) that prohibits commercial sex acts that involve the use of force, fraud, or coercion, clearly sets forth what actions are illegal. The force, fraud or coercion portion of the statute is fully operative on its own and can be enforced even in the absence of the unconstitutional provisions of 18 U.S.C § 1591. Because of the unique and undeniable harm that is sustained by sex trafficking victims where force, fraud or coercion is involved, it is clear that Congress would have enacted the force, fraud or coercion portion of the statute even absent the provision prohibiting commercial sex acts based on age. Therefore, under the severability doctrine, the unconstitutional provision of 18 U.S.C § 1591 can be severed from the statute and not applied to individuals, while also allowing for the enforcement of the statute against individuals who engage in commercial sex acts that involve force, fraud, or coercion.

### III. CONCLUSION

Because the sex trafficking statute is unconstitutionally vague, Mr. Lazzaro respectfully requests that the pertinent charges against him be dismissed.

Respectfully submitted,

Dated: 4/15/2022

*/s/ Gary K. Springstead*
Gary K. Springstead (P59726)
Donald A. Davis (P24049)
Kathryn M. Springstead (P74925)
Nicole E. Springstead-Stolte (P84532)
SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC
Attorneys for the Defendant
60 Monroe Center St. NW #500
Grand Rapids, MI 49503
(616) 458-5500
gary@sbbllaw.com