**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

United States of America,                    Case No. 21-cr-173 (PJS/DTS)

       Plaintiff,

v.                                                                **ORDER**

Anton Joseph Lazzaro (1),
*also known as* Tony Lazzaro,
*also known as* Tony,

       Defendant.

---

      This matter is before the Court on various non-dispositive pretrial motions, including Defendant Anton Joseph Lazzaro's Motion to Vacate Restraints on Certain Seized Property, which is analyzed below.

**BACKGROUND**

      In December 2020, the government executed a search and seizure warrant obtained as part of an investigation of Lazzaro. Dkt. No. 139-1 at 14. It seized several electronic devices. Dkt. No. 75-2 at 30-33. In August 2021, a grand jury indicted Lazzaro on ten counts regarding sex trafficking of minors. Indictment, Dkt. No. 1. The next day, Lazzaro was arrested and a mobile phone was seized.[1] Dkt. No. 17.

      The government then applied for a warrant to seize one of Lazzaro's vehicles. Dkt. No. 75-3 at 1-20. The government stated there was reason to believe Lazzaro's vehicle is subject to both civil and criminal seizure and forfeiture. *Id.* at 1. In the accompanying affidavit, the government asserted the vehicle is subject to forfeiture because it was "involved in, used, or intended to be used to commit or to facilitate the commission of the sex trafficking offenses alleged in the Indictment." Dkt. No. 75-3 at 4.

---

[1] The mobile phone is subject to a pending motion to suppress. Dkt. No. 127.

The affidavit stated Lazzaro had contacted two minors through a social media application and requested one minor "come over to his residence." *Id.* at 3. It alleges he then drove his vehicle to a park "where he picked up" one of the minors and drove her in the vehicle "from the park to his home" where he and the minor "had sex." *Id.* The affidavit asserts Lazzaro gave the minor $400 the following morning and drove her to a friend's house using a different vehicle. *Id.* The government argued this established probable cause to believe the vehicle was used to facilitate sex trafficking of a minor and conspiracy to commit sex trafficking of a minor. *Id.*

Based on the affidavit, a United States Magistrate Judge issued a seizure warrant for the vehicle. Dkt. No. 75-3 at 17. The Magistrate Judge concluded there was "probable cause to believe that the [vehicle] is subject to seizure." *Id.* The government seized the vehicle. Stip. 2, Dkt. No. 101. Lazzaro now moves to vacate the government's restraints on the electronic devices[2] and the vehicle.[3] Mot. Mem. 6, Dkt. No. 75.

**ANALYSIS**

To begin, the government argues Lazzaro's motion is procedurally improper under Federal Rules of Criminal Procedure 32.2. Govt. Resp. 1, 5, Dkt. No. 135. It apparently contends that once the government has alleged certain property is forfeitable, a defendant may only seek the property's return under Rule 32.2. In support of this, the government cites no Supreme Court or Eighth Circuit decision. *Id.* at 5. Instead, it cites a Ninth Circuit decision addressing the forfeiture process after conviction, regarding a third party's interest in the forfeitable property. *Id.* (citing *U.S. v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1144-46 (9th Cir. 2011). Unlike

---

[2] A Google Pixel mobile phone and 38 laptop computers, tablets, cellular phones, and digital storage media.

[3] A 2010 Ferrari convertible, VIN ZFF65LJA9A0173846.

that case, Lazzaro brings the present challenge *pretrial*, regarding the restraint of *his own* interest in the property. As evident by the Supreme Court's decision in *Kaley v. U.S.*, in which the defendants challenged the *pretrial* restraint of *their* property, Lazzaro need not wait until his criminal proceedings conclude to challenge the government's pretrial restraint of his property. 571 U.S. 320, 325-26 (2014).

The government also asserts Lazzaro's motion should be analyzed under the Federal Rules of Criminal Procedure because it is "indistinguishable from, and is simply a renaming of," a motion for return of property under Rule 41(g). Govt. Resp. 5 n.5. The government argues that motions seeking return of property under Rule 41(g) are "generally impermissible" after property has been named in an indictment and cites several non-binding decisions to that effect. *Id.* at 5-6. Lazzaro contends the motion is not pursuant to Rule 41(g) because he is asserting the government may not continue to restrain his untainted property under 21 U.S.C. § 853. Reply 3, Dkt. No. 143. He argues that because there is a pending criminal proceeding in which he may challenge the government's restraint of his property, he need not rely on Rule 41(g).

Rule 41 provides the procedure for obtaining a search warrant and, thus, the seizure of property subject to forfeiture proceedings. Rule 41(g) provides a procedure for challenging the seizure of such property. Here, Lazzaro is not challenging the initial seizure of the property. Tr. 33, Dkt. No. 183. He instead is challenging the property's continued restraint. In *Kaley*, the defendants challenged the government's pretrial restraint of their property through a motion to vacate the asset restraint. 571 U.S. at 325. Lazzaro seeks to do the same. Because this Court is aware of no binding precedent that requires a challenge to the government's pretrial restraint of property be brought as a Rule 41(g) motion, Lazzaro's motion is properly brought under § 853.

The government makes several other arguments that are unresponsive to Lazzaro's motion. It contends Lazzaro is not entitled to a probable cause hearing, and he has not shown a need for his property. Govt. Resp. 7-12. Lazzaro's motion memorandum includes the word "hearing" three times, incidental to case quotations. Mot. Mem. 9. He does not argue for, nor seek a probable cause hearing. Instead, Lazzaro seeks the immediate *release* of his property and argues that, on this record, there is insufficient support for continued restraint of his property because it is untainted. *Id.* at 10-19.

Next, the government contends that Lazzaro mischaracterized the property at issue as "substitute assets." Govt. Resp. 1-4, 11. A "substitute asset" is a defendant's property that is not connected to the underlying crime but may be subject to forfeiture if forfeitable assets are unavailable. 21 U.S.C. § 853(p). Lazzaro does not argue the property at issue are "substitute assets." In fact, his motion memorandum mentions "substitute assets" exactly one time as part of a quote in a citation parenthetical. Mot. Mem. 8. The government interprets Lazzaro's assertion that the property are "untainted" as an argument that the property are "substitute assets." Govt. Resp. 4 n.3. This is *not* Lazzaro's argument. The Court concludes neither party is asserting the property are substitute assets and need not address further the government's argument on the matter.

The Court now turns to the parties' substantive arguments. First, Lazzaro seeks the return of the electronic devices, arguing the government has not established they are forfeitable. Mot. Mem. 17-18; Reply 3. The government responds by stating that, although it will seek forfeiture of the electronic devices, it is currently holding the devices as evidence and not based on being subject to forfeiture. Govt. Resp. 2-3, 5-7, 14. When property is seized as evidence in a criminal case, the government is justified in

retaining it for use in criminal proceedings. *Jackson v. U.S.*, 526 F.3d 394, 397 (8th Cir. 2008) (stating government may retain property if "the government's need for the property as evidence continues").

Here, the government obtained the devices as part of its investigation of Lazzaro. Dkt. Nos. 75-2, 127. Although the government is seeking eventual forfeiture of the devices, it has represented to this Court that it is retaining possession of the devices based on their evidentiary value. Tr. 39. Lazzaro has provided no evidence or argument to the contrary. He merely asserts the government has not demonstrated which devices are needed for evidence. Mot. Mem. 18; Reply 3, 18. The Court has considered the government's representations and the record evidence, including the allegations supporting the search and seizure warrants, and finds the devices are being held as evidence. As such, the government may properly retain them during the pendency of the criminal proceedings, so long as the devices hold evidentiary value. *Jackson*, 526 F.3d at 397. Because the electronic devices are properly held as evidence, the Court need not decide whether they are properly held as property subject to forfeiture. Therefore, the portion of Lazzaro's motion regarding the electronic devices is denied.

Next, Lazzaro seeks the return of his vehicle. Mot. Mem. 14-17. The government concedes the vehicle is not being held as evidence for trial, but argues the vehicle is "properly being held because it is subject to forfeiture" on the ground that the vehicle "was plainly 'involved in'" the crime. Govt. Resp. 2, 7. In the government's application for a search and seizure warrant for the vehicle, it stated there was reason to believe Lazzaro's vehicle "is subject to civil seizure [and] forfeiture . . ., and subject to criminal seizure pursuant to 21 U.S.C. § 853(e) and (f) and 28 U.S.C. § 2461, and subject to criminal forfeiture pursuant to 18 U.S.C. § 1594(e)(1); concerning violations of 18 U.S.C. §§ 1591 and 1594." Dkt. No. 75-3 at 1. The government has not sought civil forfeiture of

the vehicle. Dkt. Nos. 75-5, 75-6. Rather, it seeks criminal forfeiture and listed the vehicle in the criminal indictment as property subject to forfeiture under 18 U.S.C. § 1594. Indictment 7.

The government argues Lazzaro relies on 21 U.S.C. § 853 in error because the vehicle's forfeiture is sought under 18 U.S.C. § 1594 and because § 853 "applies to controlled substances violations." Govt. Resp. 13. Section 1594(e)(1) authorizes the forfeiture of property "involved in, used, or intended to be used to commit or to facilitate the commission of" sex trafficking of children. 18 U.S.C. § 1594 (applying to violations of § 1591). Section 1594 is subject to provisions of the criminal forfeiture statute, which is governed by 21 U.S.C. § 853.[4] Here, the government is seeking criminal forfeiture of the vehicle pursuant to 18 U.S.C. § 1594. Therefore, the provisions of § 853 govern and the government's argument to the contrary is without merit. The government's own Asset Forfeiture Policy Manual states § 853 governs the "authorization of seizure warrants of assets for forfeiture." *Asset Forfeiture Policy Manual* (2021), Chap. 2, Sec. I, I.B.2.

Section 853 limits forfeiture to "tainted property; that is, property flowing from or used in the crime itself." *Honeycutt v. U.S.*, 137 S. Ct. 1626, 1632 (2017) (citations omitted).  Property may be forfeited if it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" the crime charged. 21 U.S.C. § 853(a)(2). "Upon application of the United States" and a court order, the government may restrain an indicted defendant's tainted property prior to trial if the government alleges the property would be subject to forfeiture upon conviction. *Id.*

---

[4] 18 U.S.C. § 1594(e)(2) extends the provisions of the criminal forfeiture statute, 18 U.S.C. § 982, to seizures under § 1594(e). Under § 982(b)(1), the forfeiture of property "including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by" 21 U.S.C. § 853.

§ 853(e)(1), (e)(1)(A). The government may seize property if "there is probable cause to believe that the property to be seized would, in the event of a conviction, be subject to forfeiture and that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture." *Id.* 853(f).

An order under § 853 is constitutional so long as it is "based on a finding of probable cause to believe that the assets are forfeitable." *Kaley*, 571 U.S. at 322 (quotation omitted). There "must be probable cause to think (1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." *Id.* at 323 (citing § 853(a)). "Probable cause . . . is not a high bar: It requires only the kind of fair probability on which reasonable prudent people, not legal technicians, act." *Id.* at 338 (alteration and quotations omitted). When considering a challenge to a pretrial restraint or seizure order, courts may not second-guess a grand jury's finding that probable cause supports the charged offenses. *Id.* at 333. Here, Lazzaro has been indicted by a grand jury which conclusively establishes there is probable cause that he "has committed an offense permitting forfeiture." *Id.* at 323.

Courts may, but are not required to, revisit a finding of probable cause that certain property is subject to forfeiture. *Id.* at 324 n.4 (declining to opine on whether courts must allow indicted defendants to litigate probable cause determination that property has requisite connection to charged crime but recognizing lower courts have generally allowed hearings regarding lifting restraints *to pay for a lawyer* (emphasis added)). Lazzaro now asks this Court to revisit the probable cause finding, arguing the government has not established there is probable cause to believe the property will be subject to forfeiture. Mot. Mem. 6. In response, the government merely argues Lazzaro's challenge is "absurd" because Lazzaro drove the vehicle to pick up the minor

and transport her to his home for sex. Govt. Resp. 13. It asserts the "nexus to the charged crime is obvious." *Id.*

Here, the government sought the seizure of Lazzaro's vehicle by application to a United States Magistrate Judge under § 853(f). Dkt. No. 75-3 at 1, 5. The application affidavit stated a restraining order under § 853(e) "would not be sufficient to ensure the availability" as the vehicle "could be easily moved, hidden, sold to someone else, or somehow otherwise made unavailable for forfeiture." *Id.* at 5. The Magistrate Judge considered the affidavit and exhibits accompanying the warrant application, concluded there was "probable cause to believe that the [vehicle] is subject to seizure," and issued a seizure warrant pursuant to § 853(f). *Id.* at 1, 5, 17. Because § 853 limits forfeiture to "tainted property; that is, property flowing from or used in the crime itself," the Magistrate Judge necessarily found there was probable cause to believe the vehicle is tainted property. *Honeycutt*, 137 S. Ct. at 1632.

This Court declines Lazzaro's invitation to revisit the probable cause determination. Lazzaro asserts he is not challenging the initial seizure warrant. It follows that Lazzaro does not challenge the probable cause determination that the vehicle is subject to seizure. Indeed, he does not argue there is additional evidence that calls into question the initial probable cause determination. Lazzaro essentially seeks a do over. He would like this Court to consider the same evidence the Magistrate Judge considered before issuing the seizure warrant but hopes this Court will come to a different conclusion.

Lazzaro argues the government has not established the requisite factual basis for a finding of probable cause that the vehicle is sufficiently connected to a charged crime. The seizure warrant's probable cause determination establishes otherwise. A Magistrate Judge has considered the government's application seeking a seizure

warrant under § 853(f) on the ground that an order under § 853(e) would not be sufficient to ensure the availability of the vehicle for forfeiture. Dkt. No. 75-3 at 1. The Magistrate Judge found there was probable cause that the vehicle would be subject to forfeiture and issued a seizure warrant—implicitly finding (1) there is probable cause the vehicle is tainted property, *Honeycutt*, 137 S. Ct. at 1632, and (2) an order restraining the vehicle may not be sufficient, § 853(f). Therefore, the seizure and restraint of Lazzaro's vehicle under § 853 is proper and constitutional. *Kaley*, 571 U.S. at 323. Because the government properly sought seizure pursuant to § 853, a Magistrate Judge found there was probable cause that the vehicle would be subject to forfeiture, and probable cause "is not a high bar," the Court finds no good reason to revisit the Magistrate Judge's initial probable cause determination. Thus, the portion of Lazzaro's motion regarding the vehicle is denied.

## ORDER

The Court, being duly advised in the premises, upon all the files, records, and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED:**

1.     The government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [Dkt. No. 8] is **GRANTED**. Lazzaro shall comply with Rules 16(b), 12.1, 12.2, 12.3, and 26.2.

2.     Lazzaro's Motion to Vacate Restraints on Certain Seized Property [Dkt. No. 74] is **DENIED**.

3.     Lazzaro's Motion for Counsel to Participate in Voir Dire [Dkt. No. 122] is **DENIED WITHOUT PREJUDICE**. The parties may address this matter with the District Judge.

9

4.      Lazzaro's Motion for Disclosure of Grand Jury Transcripts [Dkt. No. 123] is **DENIED**. Any grand jury transcripts that are Jencks Act material as to any particular prosecution trial witness will be furnished, as the government has voluntarily agreed, no later than three business days before trial.

5.      Lazzaro's Motion for Leave to File Additional Pretrial Motions [Dkt. No. 124] is **DENIED**.

6.      Lazzaro's Motion to Compel Disclosure of Expert Materials [Dkt. No. 125] is **GRANTED IN PART** and **DENIED IN PART**. The parties shall make expert disclosures no later than sixty days before trial, and rebuttal expert disclosures no later than twenty days before trial.3

7.      Lazzaro's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators [Dkt. No. 126] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is GRANTED to the extent the government is required to disclose post-conspiracy statements of co-defendants or unindicted co-conspirators under the Federal Rules of Criminal Procedure or applicable case law. The Motion is DENIED to the extent that it seeks disclosure beyond the Government's obligations under the Jencks Act or under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

8.      Lazzaro's Motion for Disclosure of Exculpatory Evidence and Impeaching Information [Dkt. No. 128] is **GRANTED** consistent with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Within ten days of the date of this order the government must disclose all *Brady* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* information not previously disclosed.

9.     Lazzaro's Motion to Compel the Disclosure of "Taint Team" Materials [Dkt. No. 129] is **GRANTED** consistent with the requirements of Rule 16 and *Brady* and its progeny.


Dated: April 22, 2022                              _____s/David T. Schultz_____
                                                   DAVID T. SCHULTZ
                                                   U.S. Magistrate Judge