Anton J. Lazzaro
c/o Sherburne County Jail
13880 Business Center Dr. NW
Elk River, MN 55330

RECEIVED
APR 28 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

The Honorable Patrick J. Schiltz
United States District Court
300 S. Fourth Street
Minneapolis, MN 55415

RE: United States v. Lazzaro, 21-173 (PJS/DTS)

**DEFENDANT'S LETTER IN APPEAL OF
MAGISTRATE'S DECISION TO DISALLOW
PRO-SE SELECTIVE PROSECUTION
& OUTRAGEOUS CONDUCT BY THE
GOVERNMENT FILINGS**

April 26, 2022

Dear Judge Schiltz:

I am contacting you in respect to my recent pro-se *Selective Prosecution* and *Outrageous Conduct by the Government* motions sent via U.S. Mail to Magistrate Judge David T. Schultz on April 15, 2022. Please accept this letter as a respectful appeal to the Magistrate's April 26, 2022 order.

Since being indicted by the government in August 2021, I have had the unfortunate experience of being represented by multiple attorneys who have viewed me as nothing more than a "human ATM machine". I have spent about $1 million on lawyers whom most have done almost nothing to fight this case.

As the Court is aware, multiple extensions were filed in 2021 and early 2022. *None* of which I had any say in whatsoever. When extensions were ultimately no longer an option, my prior counsel finally proceeded to file their pre-trial motions. After filing boiler-plate motions,

SCANNED
APR 29 2022
U.S. DISTRICT COURT MPLS

several important facts were entirely omitted from their filings. Counsel's response to this was that these arguments could be filed in the upcoming "reply briefs". Unbeknownst to me (and my former counsel evidently), there is *no* reply brief available in criminal court pre-trial motions in the District of Minnesota. It appears my counsel was possibly referencing *Civil* court procedure.

But the confusion did not ultimately end there – this Honorable Court wrote in the denial of my counsel's most recent extension request that:

(See Footnote #1: "Lazzaro dismissed the three attorneys the day before his reply briefs were due. (ECF No. 141). Although two of these attorneys, were prepared to meet that deadline, Lazzaro instructed them to take no further action and denied them permission to seek an extension on his behalf. (ECF No. 141)"

Unfortunately, this added further confusion to whether I would be allowed additional briefing or not on these important matters. Ultimately, the Magistrate authorized my latest counsel to file post-hearing briefing. Yet to my tremendous disappointment, my counsel failed entirely to provide any supplemental briefing whatsoever for my *Motion to Dismiss for Selective Prosecution.* Adding insult to injury, I have been unable to even reach my (most recent) attorneys via telephone in over two weeks (including the days leading up to the most recent deadline). It must also be noted that I do *not* have "eight attorneys" as recent Court Orders suggest. I hired one new law firm that ultimately filed 5+ Notice of Appearances and had *six attorneys travel to Minneapolis for a 1.5 hour motions hearing* (at $700-1000/hour each) on March 24, 2022. Sadly once again, I have retained attorneys whose sole interest appears to be racking up massive bills while failing to meet perfectly reasonable deadlines by the Magistrate and this Court. My other attorneys of record include a *Civil Forfeiture* attorney in

New York, and a local Minnesota attorney required to be on the case per district rules. Neither have had involvement in the criminal matter motion filings addressed in this letter and could not therefore submitted these motions on my behalf to the Magistrate Court as I desperately requested them to do so prior to the April 15, 2022 deadline.

This indictment is the very definition of a *Selective Prosecution*, and I feel confident in the arguments made in these attached motions I am asking the Court to review for their merit. Additionally, the attached *Outrageous Conduct by the Government* motion displays the tremendous immoral behavior I have endured by FBI and BCA agents **listening to *at least* 16 of my attorney-client privileged telephone calls from the Sherburne County Jail**. The listening log meta-data has been retrieved and verified by NCIC Inmate Communications as stated in the attached motion.

While I agree that it is not appropriate for a defendant to navigate a case with so-called "hybrid representation", <u>I do *not* seek to obtain "hybrid representation"</u> as some Courts have appropriately referred to it. I simply must however "leave it all on the field" while fighting for my life against this effort by the government to destroy it.

It is of course ultimately the discretion of the Court to determine if there is merit to individual filings made during a transitional period of representation. In *United States v. Minnis*, 489 F.3d 325 334 (8th Cir. 2007), the Circuit Court *did* allow the Defendant to proceed with his pro-se motions while represented by what the defendant felt was totally ineffective counsel.

## CONCLUSION

Your Honor, I must do what I know in my heart is right. I am genuinely innocent, and the government's motivation for this prosecution is simply wrong. This is the most outlandish case of "sex trafficking" ever brought by the DOJ, in any district. I have offered repeatedly to take polygraph examinations to rebut the countless absurd suggestions by the government such as my detention hearing. But I do still believe in the American system. And I still believe in America, the Holy Trinity, and doing what is right. I respectfully ask the Court to please consider the attached filings for their merit.

Respectfully submitted,

/s/
Anton J. Lazzaro