THE LAW OFFICES OF

# STEVEN L. KESSLER

May 23, 2022

<u>Via ECF and Email</u> (shultz_chambers@mnd.uscourts.gov)
The Honorable David T. Shultz
Magistrate Judge
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

     Re:  *United States v. Lazzaro, et ano.*, 0:21-cr-00173-PJS-DTS

Dear Magistrate Judge Shultz:

  As forfeiture counsel for Mr. Lazzaro, we respectfully submit this request pursuant to Local Rule 7.1(j) for leave to file a motion to reconsider so much of the Court's April 22, 2022 Order (#188) that denied Mr. Lazzaro's motion to release his seized vehicle, a 2010 Ferrari, pending trial. We submit that the Order recognized, but failed to apply, the correct standard, misapplied *Kaley v. United States*, 571 U.S. 320 (2014), and failed to consider whether less restrictive means are sufficient to assure the availability of the vehicle for potential forfeiture.

  <u>The Order Recognized, But Failed to Apply, the Correct Standard</u>: The vehicle was seized pursuant to 21 U.S.C. § 853(f), which requires the government to demonstrate that "there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture . . .." *See* Order at 7. Mr. Lazzaro's motion demonstrated that part of this standard had not been satisfied – the requirement that property alleged to have facilitated or been 'involved in' the alleged criminal activity must have a "substantial connection" to the offense. The government's opposition raised a host of procedural arguments which the Court rejected, finding them "unresponsive to Mr. Lazzaro's motion." Order at 4. The Court properly distinguished between a challenge to the seizure of property and a challenge to the continued pretrial retention of property. Order at 3. Yet, despite recognizing these legal principles, the Order nevertheless treated Mr. Lazzaro's motion as a challenge to the initial seizure, requiring him to show that the Magistrate Judge erred in issuing, *ex parte,* the seizure order, or present new evidence not considered by the Court. Order at 8-9. In fact, Magistrate Judge never considered whether there was a substantial connection between the property and the offense. Without a substantial connection, the vehicle *cannot* be forfeited. The Order failed to address this requirement, let alone determine whether the government could satisfy it. In fact, the government's opposition conceded that it could not satisfy this requirement by failing to even

LAW OFFICES OF STEVEN L. KESSLER
500 MAMARONECK AVENUE   SUITE 320   HARRISON   NEW YORK  10528
TEL: (212) 661-1500
WWW.KESSLERONFORFEITURE.COM   e-mail: KESSLERLAWNYC@GMAIL.COM

The Honorable David T. Shultz                                                             page – 2 –
May 23, 2022

address it.  Thus, even under the Court's stricter standard, the vehicle should have been released.

      <u>The Order Misapplies *Kaley*</u>: The Order further elevated the standard for Mr. Lazzaro to challenge the retention of his property by relying on *Kaley* to find that "Lazzaro has been indicted by a grand jury which conclusively establishes that there is probable cause that he 'has committed an offense permitting forfeiture.'" Order at 7 (quoting *Kaley* at 323).  The Order failed to recognize that "the grand jury did not vote on the forfeiture allegations, which were simply notice provisions not subject to a grand jury vote.  Accordingly, *Kaley* does not apply . . .." *United States v. Cosme*, 796 F.3d 226, 234-35 (2d Cir. 2015).  Indeed, the Kaleys *"*did not dispute the grand jury's finding that there was probable cause to believe the assets were traceable or otherwise sufficiently related to the crime (i.e., forfeitable); they wished only to have the judge re-decide whether there was probable cause that they committed the underlying offense." *United States v. Gordon*, 657 F. App'x 773, 779 n.10 (10th Cir. 2016).  The Order erroneously endowed the Magistrate Judge's *ex parte* ruling with the greater inviolability of a grand jury determination.

      <u>New Facts Do Not Support Continued Retention</u>: The Magistrate Judge accepted the government's contention that nothing short of physical seizure would suffice to assure the availability of the vehicle for potential forfeiture.  The government argued, *ex parte*, that the vehicle "could be easily moved" and that "the Indictment includes allegations of obstruction . . .." Waller Aff. 8/13/21, ¶ 12.  At that time, however, it may have been assumed that Mr. Lazzaro would be released on bail pending trial.  That is now clearly not the case.  Mr. Lazzaro can neither move the vehicle nor obstruct justice from prison.  Accordingly, even if the Court still finds that the vehicle is subject to forfeiture, it should be released subject to a restraining order pursuant to 21 U.S.C. § 853(e), not seized pursuant to subsection (f), because there is no longer probable cause to believe "that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture . . .."

      Accordingly, we respectfully request that Mr. Lazzaro be granted leave to move for reconsideration of the Court's April 22, 2022 Order.

                                                     Respectfully submitted,

                                                     THE LAW OFFICES OF STEVEN L. KESSLER

                                                     By: *Steven L. Kessler*

SLK:rmaf

**LAW OFFICES OF STEVEN L. KESSLER**
**500 MAMARONECK AVENUE   SUITE 320   HARRISON   NEW YORK  10528**
TEL: (212) 661-1500
WWW.KESSLERONFORFEITURE.COM   e-mail: KESSLERLAWNYC@GMAIL.COM