**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Anton Joseph Lazzaro (1),
*also known as* Tony Lazzaro,
*also known as* Tony,

Defendant.

Case No. 21-cr-173 (PJS/DTS)

**ORDER**

---

Defendant Anton Joseph Lazzaro filed a letter [Dkt. No. 203] requesting permission to file a motion for reconsideration of the Court's April 22, 2022, Order [Dkt. No. 188] that denied his Motion to Vacate Restraints on Certain Seized Property [Dkt. No. 74]. He argues (1) the Court failed to apply the correct legal standard; (2) the Court misapplied *Kaley v. U.S.*, 571 U.S. 320 (2014); and (3) new facts do not support continued seizure of the property. Letter 1-2. The government has taken no position on the request. The Court finds Lazzaro has not shown compelling circumstances exist to support his request, and therefore it is denied. *See* Local Rule 7.1(j).

First, Lazzaro argues—as he did before—that the Magistrate Judge who issued the seizure warrant "never considered whether there was a substantial connection" between the seized vehicle and the charged offense. Letter 1. He asserts this Court likewise failed to consider the issue. *Id.* As this Court's Order notes, at this stage of the proceedings the government must only establish there is *probable cause* that the property is substantially connected to the charged crime. Order 7. As the Order explained, the Magistrate Judge determined there was probable cause that the property is forfeitable

under 21 U.S.C. § 853(f) and "necessarily found there was probable cause to believe the vehicle is tainted property," "that is, property flowing from or used in the crime itself." *Id.* at 8. This Court need not revisit that determination. *Id.* at 7-8 (citing *Kaley*, 571 U.S. at 324 n.4). In the event Lazzaro is convicted, he will have an opportunity to litigate whether the vehicle was *in fact* substantially connected to the charged crime during forfeiture proceedings under 21 U.S.C. § 1954.

Second, Lazzaro asserts this Court "failed to recognize that the grand jury did not vote on the forfeiture allegations," arguing *Kaley* is thus inapplicable. Letter 2. This Court's Order explained that the United States Supreme Court determined the test for constitutionality under § 853 is whether there is "probable cause to think (1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." Order 7 (citing *Kaley*, 571 U.S. at 323). In considering whether the *first* prong was met, this Court recognized "courts may not second-guess a grand jury's finding that probable cause supports the charged offense" and found Lazzaro had been indicted by a grand jury "which conclusively establishes there is probable cause that he has committed an offense permitting forfeiture." *Id.* (quotation omitted). This Court then considered whether the *second* prong of the *Kaley* test—there is probable cause that the vehicle has the requisite connection to the charged crime—was met. *Id.* At no point in the analysis of the *second* prong did the Court reference or rely on the grand jury indictment. *Id.* at 7-9. Rather, it considered the facts presented to the Magistrate Judge and the circumstances surrounding the issuance of the seizure warrant. Thus, Lazzaro's contention that this Court misapplied *Kaley* is incorrect.

Third, Lazzaro argues for the first time that "new evidence" of Lazzaro's continued confinement establishes a restraining order is sufficient to assure the vehicle's availability

for future forfeiture. Letter 2. This contention is insufficient to establish compelling circumstances exist to allow Lazzaro to file a motion for reconsideration because it was not presented previously for the Court's consideration. *See* Dkt. Nos. 74, 75, 143.

Even if the Court now considers Lazzaro's argument that there is no longer probable cause to believe a restraining order would be insufficient, that Lazzaro remains in custody without a pending decision regarding bail does not meaningfully change the circumstances surrounding the Magistrate Judge's initial decision. As noted in the Order, the Magistrate Judge found seizure was appropriate, meaning a restraining order "under subsection (e) may not be sufficient to assure the availability of the property for forfeiture." Order 7. Lazzaro was in custody when the Magistrate Judge issued the seizure warrant and remains in custody now. *See* Letter 2. Though Lazzaro remains in custody and cannot himself move the vehicle, he could coordinate with a third party to assure the vehicle is unavailable for future forfeiture proceedings. Thus, Lazzaro's "new evidence" does not create compelling circumstances to support his request to move for reconsideration.

For the reasons set forth above, **IT IS HEREBY ORDERED:** Lazzaro's request to file a motion for reconsideration is **DENIED**.

Dated: May 31, 2022

____s/David T. Schultz____
DAVID T. SCHULTZ
United States Magistrate Judge