UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S AMENDED MOTION TO DISMISS FOR SELECTIVE AND VINDICTIVE PROSECUTION** |
| v. | |
| ANTON JOSEPH LAZZARO, a/k/a Tony Lazzaro, a/k/a Tony, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Angela Munoz, Emily Polachek, Laura Provinzino, Assistant United States Attorneys, hereby submits this response in opposition to the defendant's amended motion to dismiss for selective prosecution and vindictive prosecution. ECF No. 236. As discussed below, the Court should deny the defendant's motion because: (1) he has not asserted a valid claim of vindictive prosecution; and (2) he has not shown that he was selected for prosecution on an impermissible basis.

## INTRODUCTION

It is only in the rarest of circumstances that motions to dismiss for selective or vindictive prosecution are granted. This is not one of those circumstances. In filing this motion, Defendant Lazzaro continues his well-documented pattern of lodging unsupported allegations and personal attacks.

His motion has no basis in fact or in law. Indeed, the motion is so lacking in merit that the defendant's previous counsel withdrew the motion. This amended motion is similarly without merit and should be denied.

## BACKGROUND

The defendant has been charged in an Indictment with ten counts of violating the Trafficking Victims Protection Act, 18 U.S.C. § 1591, including charges of Sex Trafficking of a Minor, Attempted Sex Trafficking of a Minor, and Obstructing a Sex Trafficking of a Minor Investigation. Indictment–ECF No. 1. This investigation began when several minor girls reported to different local, state, and federal law enforcement agencies that the minors had been paid to engage in sexual acts with the defendant. The Minnesota Bureau of Criminal Apprehension and the FBI each initiated their own investigations based on the information their agencies received, later combining forces when they discovered that both investigations implicated the defendant. As evident from search warrant affidavits filed in this case, law enforcement pursued leads that suggested the defendant was violating not only the TVPA, but also producing, trafficking, and/or possessing child pornography, in violation of 18 U.S.C. §§ 2251 and 2252(a). ECF No. 19-1 at 16, 26, 28–31.

The defendant was indicted on August 11, 2021. ECF No. 1. On January 14, 2022, the defendant's original attorneys filed a motion to dismiss the indictment for selective prosecution based on the defendant's wealth and

"prominent public profile." ECF No. 133. The government opposed that motion, noting that neither attribute is a protected constitutional class that can form the basis for a claim of selective prosecution. ECF No. 138 at 25–29.

Shortly after pretrial motions were filed, on February 4, 2022, the defendant fired most of his original attorneys. ECF Nos. 141, 142. At the pretrial motions hearing on March 24, 2022, the defendant was represented by several out-of-state attorneys and local counsel, who has represented the defendant since his arrest. During that hearing, defense counsel suggested the motion to dismiss may lack merit and informed the Court that it may be withdrawn. ECF No. 183 at 20. In granting the defense additional time to consider whether to amend or withdraw the motion, the Court noted, "I will tell you that wealth as a protected class was an argument of which I was skeptical, and there was not a lot of, shall we say, evidentiary value in what was submitted." *Id.* at 21. Defense counsel withdrew the motion to dismiss for selective prosecution over the defendant's objection.[1] ECF No. 187.

The Court issued its Report and Recommendation on the parties' other pretrial motions on May 27, 2022. ECF No. 204. Days later, the defendant

---

[1] The defendant filed a pro se brief casting much broader allegations than the motion first filed by his original attorneys. ECF Nos. 192, 193. Both this Court and the district court declined to consider the motion because the defendant was, and remains, represented by counsel. ECF Nos. 194, 197.

3

again fired his attorneys and hired his current counsel. ECF Nos. 206–08. Over the government's objection, the Court granted the defendant's motion for leave to reinstate and amend his previously withdrawn motion to dismiss. ECF No. 214. The defendant filed the instant motion, asserting new claims of selective prosecution and adding a claim of vindictive prosecution. ECF No. 236. For the reasons discussed below, the Court should deny the defendant's motion to dismiss.

## ARGUMENT

The defendant moves to dismiss the Indictment against him, alleging that the government selectively and vindictively prosecuted him for impermissible reasons, including his political activity and his forfeitable assets. Those claims have no basis in fact or law. The defendant is facing federal prosecution because he conspired with co-defendant Gisela Castro Medina to engage in commercial sex acts with girls under the age of 18 and then attempted to intimidate and bribe those victims into silence. As demonstrated below, the defendant has no basis to allege vindictive prosecution, and he has not, and cannot, meet the heavy burden of proof necessary to show selective prosecution.

## I. The Procedural Posture of this Case Provides No Legal Basis for Bringing a Vindictive Prosecution Claim.

The defendant seeks dismissal of the charges against him on the grounds of both selective and vindictive prosecution. As a preliminary matter, the defendant has no basis to claim vindictive prosecution. As the defendant himself notes, ECF No. 236 at 15, vindictive prosecution occurs when the prosecution increases a defendant's charges or brings a new enforcement action against the defendant in retaliation for the defendant's exercise of his or her constitutional rights. *See United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (declining to find vindictive prosecution after a superseding indictment added charges); *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (analyzing whether a subsequent prosecution was vindictive). Neither circumstance exists here—this is the first prosecution of the defendant and there has been no change to the charges levied against him. The acts that the defendant alleges he is being "punished" for occurred before he was indicted by the grand jury, whereas vindictive prosecution "addresses prosecutorial actions taken in response to the exercise of rights by the defendant *after* a defendant has been charged with an offense." *United States v. Gervasi*, 562 F. Supp. 632, 643 (N.D. Ill. 1983) (emphasis added); *see also United States v. Brown*, 862 F. Supp. 2d 1276, 1284–85 (N.D. Ala. 2012).

There is no precedent for asserting vindictive prosecution in this procedural posture. To the contrary, "prosecutorial vindictiveness" is a term of art with a precise and limited meaning. The term refers to a situation in which the government acts against a defendant in response to the defendant's exercise of constitutional or statutory rights, such as, for instance, prevailing on appeal. *See United States v. Goodwin,* 457 U.S. 368, 372 (1982). As a result, courts have explicitly found vindictive prosecution claims to be "completely without merit" in instances where the defendant faces "a single prosecution[] and no increase in the charges." *Jarrett v. United States*, 822 F.2d 1428, 1442 (7th Cir. 1987); *see also United States v. Osif*, 789 F.2d 1404, 1405 (9th Cir. 1986) ("[T]he vindictive prosecution doctrine does not apply when neither the charge's severity nor the sentence is increased."); *United States v. Berberena*, 640 F. Supp. 2d 629, 635 (E.D. Pa. 2009) ("[T]he presumption of vindictiveness does not apply unless the prosecutor moves the statutory goal posts."). As such, the defendant's vindictive prosecution claims should be summarily denied.

## II. The Defendant's Claims of Selective Prosecution Lack Any Basis in Fact or Law.

The defendant's arguments alleging selective prosecution fare no better. Courts reviewing claims of selective prosecution begin with a "presumption of regularity" wherein, "in the absence of clear evidence to the contrary, courts presume that [the Attorney General and United States Attorneys] have

6

properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted). The United States Supreme Court has held that "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 608 (1985) (citations omitted). Indeed, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Armstrong*, 517 U.S. at 464 (citation omitted). This is so because "the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte*, 470 U.S. at 607.

The discretion to prosecute, though broad, is not unfettered, of course. *Id.* at 608. Prosecutorial discretion is "subject to constitutional contains." *Id.* A prosecution "may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Id.* (internal citations and quotations omitted). To establish a prima facie case of selective prosecution, a defendant must present evidence that "(1) he was singled out for prosecution

7

while others similarly situated were not prosecuted for similar conduct, and (2) the decision to prosecute him was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights." *United States v. Huber*, 404 F.3d 1047, 1054–55 (8th Cir. 2005) (cleaned up). "The defendant's evidentiary burden is a heavy one," *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004) (citation omitted), as courts "require a showing of intentional and purposeful discrimination," *United States v. Matter*, 818 F.2d 653, 654–55 (8th Cir. 1987). The defendant cannot carry that heavy burden as to either selective-prosecution prong.

### A. The defendant has not shown that the United States declined to prosecute others who were similarly situated.

"Defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *United States v. Venable*, 666 F.3d 893, 900–01 (4th Cir. 2012); *accord. United States v. Dexter*, No. 21-cr-40 (SRN/BRT), 2022 WL 3141805, at *16 (D. Minn. June 6, 2022). Moreover, to be similarly situated, the defendant must show he was treated differently from other persons who are similarly situated "in all relevant respects," not just in some respects. *See Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016) (selective enforcement claim).

8

According to the defendant, he was selectively prosecuted for improper reasons because: (1) he is the only person facing federal prosecution from amongst the "hundreds of tips" provided to the National Human Trafficking Hotline; and (2) other individuals were prosecuted for prostituting minors at the state level. ECF No. 236 at 5–8. Neither of those assertions meets the defendant's heavy burden of establishing that other similarly situated offenders were prosecuted differently.

First, the defendant's rank speculation (ECF No. 236 at 6 & n.4) that he was the only person investigated by the Minnesota Human Trafficking Task Force and charged in federal court is demonstrably false—the defendant was charged alongside his co-defendant, Gisela Castro Medina. Additionally, even if the defendant's claim were true, that fact does little for his argument. Defense Exhibit B simply states that the National Human Trafficking Hotline fielded 356 "contacts" in 2020 "that reference Minnesota." ECF No. 236-2. There are no details about the content or disposition of those "contacts," meaning the defendant cannot establish whether these other "contacts" were similarly situated individuals.

Equally unhelpful is the defendant's citation to cases involving defendants charged with violating state statutes regarding solicitation. ECF Nos. 236 at 6–8, 236-3. In providing the list of state cases found in Defense Exhibit C, the defendant "appears to argue solely and conclusorally" that these

9

individuals are similarly situated to him on the basis that they faced a similar charge in state court. *United States v. Sumner*, No. 13-cr-71 (RHK/LIB), 2013 WL 5923084, at *13 (D. Minn. Oct. 31, 2013) (rejecting a claim of selective prosecution under the Lacey Act brought by tribal members). But the defendant presents no evidence and makes no argument that the circumstances of those cases "present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions."[2] *Venable*, 666 F.3d at 900–01. Most notably, the defendant presents no evidence regarding the political activity or forfeitable assets of those individuals. As such, the defendant cannot show any discrimination on those grounds. *See, e.g.*, *United States v. Williams*, 684 F. App'x 767, 778 (11th Cir. 2017) (finding no selective prosecution where the defendant "provide[d] no concrete evidence as to the relative wealth or poverty" of similarly situated individuals).

Here, the individual most similarly situated to the defendant is his co-defendant, Medina. *See, e.g.*, *Dexter*, 2022 WL 3141805, at *16 (analyzing a

---

[2] Relevant factors in this particular case may include, inter alia, (1) whether the case was ever presented to the U.S. Attorney's Office for possible prosecution; (2) whether sufficient evidence existed to establish each element of a charge under the TVPA, including an interstate nexus; (3) whether conduct unique to the TVPA occurred, such as obstruction under 18 U.S.C. § 1591(d); and (4) the number, age, and availability of minor victims to testify at trial.

sex-trafficking defendant's claim that he was selectively prosecuted as compared to his unindicted co-conspirator). The fact that Medina is also being prosecuted in federal court undercuts many of the defendant's claims. As a college student, Medina engaged in minimal political activity and had very few forfeitable assets. Yet, she faces many of the same charges as the defendant, thereby demonstrating that the defendant was not selectively prosecuted.

> **B.  The defendant has not established that the government's decision to prosecute him was based on impermissible considerations.**

Even if the defendant could meet the first prong of establishing that he was treated differently than similarly situated offenders, he cannot show discriminatory intent. The defendant claims that he was selected for prosecution because of his "political free speech" and "forfeitable assets." ECF No. 236 at 8–14. Neither the law nor the facts support his arguments.

> **1.  Political Affinity and Activity**

The defendant claims that he was selectively prosecuted for sex trafficking of minors because he exercised "his constitutional rights to participate in partisan politics and to engage in very free and public political speech." ECF No. 236 at 8. To be sure, investigative materials mention the defendant's political affiliation and employment, but the defendant has not shown that political animus motivated this prosecution. *See United States v. Hastings*, 126 F.3d 310, 314 (4th Cir. 1997) (finding no selective prosecution

11

where investigative memoranda noted that the defendant was "an active Republican" but did not indicate that the defendant's political affiliation influenced charging decisions).

Contrary to the defendant's allegation, ECF No. 236 at 9, the government's investigation was not targeted at the defendant's political activity. Law enforcement obtained records for all social media accounts that it could identify as belonging to the defendant, including the Snapchat handle that the defendant used to communicate with the victims: "tonygop." ECF No. 19-1 at 24, 25, 27. Questions put to witnesses regarding the defendant's political affiliation, *see* ECF No. 236 at 10, were intended to establish the defendant's identity as Snapchat user "tonygop." *See, e.g.*, ECF No. 29 at 66–67 (AUSA Provinzino asking whether the witness knew Defendant by either of the usernames identified by victims, "tonygop" and "MPLSTONY").

Additionally, the defendant's criticism of the government's cross-examination of Yele-Mis Yang, ECF No. 236 at 10, relies on truncated statements from an hours-long detention hearing. Viewed in context, the questions pertain to the issue of detention, including the witness's possible bias in favor of the defendant, ECF No. 29 at 62, and the fact that the defendant's employment provided little connection to Minnesota in that it had no employees or a physical office, *id.* at 66. In short, references to the defendant's political activities are not evidence of a discriminatory purpose; in context,

12

those references related to whether the defendant participated in the sex trafficking of minors.

The defendant's contention that the past political donations of one member of the prosecution team constitute evidence of selective prosecution is meritless. It is public record that this investigation and prosecution has straddled the administrations of two separate political parties. The defendant's allegation is simply another attempt in his ongoing effort to make personal attacks against the prosecution team. *See* ECF No. 76 at 8–9 (detailing threats the defendant made against the prosecution team at the time of his arrest). The defendant and Medina face federal prosecution because investigating and prosecuting individuals who engage in human trafficking and child exploitation has been and remains a priority of the Department of Justice and the U.S. Attorney's Office for the District of Minnesota.

### 2. The Defendant's Wealth and Forfeitable Assets

In arguing that he was targeted for prosecution because of his "pot of gold," ECF No. 236 at 11, the defendant is merely renewing his previously withdrawn claim that he was selectively prosecuted on the basis of his wealth, *see* ECF No. 133. That argument fails for three reasons.

First, the defendant has still not established that wealth is a protected class under the Equal Protection Clause such that it may form the basis for a claim of selective prosecution. Courts "judge selective prosecution claims

13

according to ordinary equal protection standards." *Wayte*, 470 U.S. at 608. Wealth does not fall within a protected class under that doctrine. *See, e.g.*, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29 (1973) ("[W]ealth discrimination alone does not provide an adequate basis for invoking strict scrutiny."); *United States v. Myers*, 294 F.3d 203, 209 (2d Cir. 2002) ("[W]ealth is not a suspect classification for purposes of the Equal Protection Clause."); *Glaser v. Archuleta*, 736 F. App'x 733, 736 (10th Cir. 2018) ("Wealth, or lack thereof, is no longer considered a suspect class for equal protection purposes."). In fact, in a recent case, a defendant who unsuccessfully argued selective prosecution based on wealth was forced to acknowledge that "there does not (yet) appear to be a Federal case dismissing an indictment due to selective prosecution on the basis of a defendant's wealth." *United States v. Williams*, 684 F. App'x 767, 777–78 (11th Cir. 2017). Indeed, there is not.

Second, even if the Court made the novel finding that wealth is a protected class for purposes of selective prosecution, the defendant has not shown that the government was motivated to prosecute him on the basis of his wealth. The defendant points to a conversation between law enforcement and Medina that occurred while agents were executing search warrants at both defendants' residences. ECF No. 236 at 13. Agents asked Medina about cash and other valuables that the defendant may have in his condominium. *Id.* Medina's responses corroborated accounts from victims who reported that they

14

had been inside the defendant's condo and had seen large amounts of cash. Medina's answers also assisted agents who were executing the search warrant at the defendant's condo and were authorized to seize, pursuant to a search warrant issued by Judge Menendez, "all U.S. currency, gold bars, and other financial instruments which could be used in exchange for sex." ECF No. 19-1 at 41. As such, that conversation is not evidence of discriminatory intent—it was simply an attempt to elicit information relevant to the investigation.

Finally, the defendant's argument (ECF No. 236 at 14) that "[t]he Government was far more interested in seizing" the contents of his safe than evidence of his criminal conduct is belied by the fact that the government has returned the U.S. and foreign currency and precious metals to the defendant. *See* ECF No. 135 at 3, 5 (noting that the most valuable of these items were returned before the defendant was even indicted). The only items of value that the government has retained are the defendant's electronic devices and Ferrari—instrumentalities of the charged offenses. This Court has held that the government's retention of those items is lawful. ECF No. 188. There is, therefore, no evidence to suggest that the government impermissibly targeted the defendant for his wealth and forfeitable assets.

## CONCLUSION

In short, the defendant cannot meet the rigorous standard of rebutting the presumption of regularity. The government's decision to prosecute

15

defendant was a proper exercise of prosecutorial discretion with no discriminatory animus. He faces indictment because the grand jury found probable cause that he was involved in the sex trafficking of minors and the obstruction of a sex trafficking investigation. His attempts to deflect focus by accusing the government of a discriminatory prosecution are groundless.

To be sure, the burden the defendant faces to prove his selective-prosecution claim is high. In fact, undersigned counsel were unable to find a single case in the Eighth Circuit where an indictment was dismissed based on a meritorious selective-prosecution claim. There are no facts that would justify a different result in this case. Accordingly, and for all the foregoing reasons, the Court should deny the defendant's motion to dismiss the Indictment for selective and/or vindictive prosecution.

Dated:  September 2, 2022                    Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
By:  EMILY A. POLACHEK
Attorney Reg. No. 390973

ANGELA M. MUNOZ
Attorney Reg. No. 389207

LAURA M. PROVINZINO
Attorney Reg. No. 0329691

LISA D. KIRKPATRICK
Attorney Reg. No. 17399 (IA)
Assistant United States Attorneys

16