UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 21-173 (PJS/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

**DEFENDANT LAZZARO'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTIONS FOR SANCTIONS AND DISMISSAL**

ANTON JOSEPH LAZZARO,
GISELA CASTRO MEDINA,

        Defendants.

Mr. Lazzaro submits this reply brief in response to the "Government's Response in Opposition to the Defendant's Motion to Dismiss for Selective and Vindictive Prosecution" (Dkt No. 238) and the "Government's Post-Hearing Memorandum of Law in Opposition to Defendant's Motion for Sanctions, ECF No. 213" (Dkt No. 237). The government's filings raise multiple issues requiring a reply.

1. **Selective Prosecution**

    *Lazzaro Identified a Plethora of Similarly Situated Comparators*

The government argues in its brief that Lazzaro merely speculates that the 356 calls/contacts reporting trafficking activity in Minnesota throughout 2020, could *possibly* be similarly situated individuals.[1] The government also argues that in the hundreds of State

---

[1] Statistics from the 2020 National Human Trafficking Hotline Data Report states that 73% of calls to the Minnesota hotline were regarding "reporting a trafficking tip." *National Human Trafficking Hotline Data Report: Minnesota State Report*,
https://humantraffickinghotline.org/sites/default/files/Minnesota%20State%20Report%20For%202020.pdf.

1

cases identified, the individuals show "no evidence regarding the political activity or forfeitable assets of these individuals."(Dkt No. 238 at 10). The government misapplies the legal standard of Selective Prosecution. In cases arguing discrimination based on race or religion, it would be imperative to identify comparators of a different race or religion. In cases relating to the exercise of constitutional rights and other arbitrary classifications, "similarly situated" plainly means an offender "committed roughly the same crime under roughly the same circumstances but was not prosecuted". (*United States. v. Lewis,* 517 F.3d.20.27 (1st Cir. 2008). There is no requirement that Lazzaro identify a clone in Minneapolis who is a Democrat activist engaging in identical conduct dating younger women.

The State cases show recurring themes in sex trafficking cases including common elements such as the use of force, fraud, threats, and coercion. It is unreasonable to believe that of 356 Minnesota calls/contacts placed to the hotline in 2020, there were *no* other indictable sex-trafficking cases involving the same typical elements of sex trafficking, including many in which the conduct at issue was worse than Lazzaro's private consensual relationships. The government has not justified its decision to prosecute *only* Lazzaro over a period of almost two years.

The government suggests "the individual most similarly situated to the defendant is his co-defendant Medina". (Dkt No. 238 at 10).[2] Medina is being selectively prosecuted in the same manner as Lazzaro, and precisely because she is Lazzaro's only alleged co-conspirator. Cmdr. Pazdernik's interview with Medina was focused on how Medina could "avoid decades in prison" if she cooperated. (See Exhibit D, submitted with Dkt No. 236). Medina also

---

[2] No other individual whatsoever was indicted for *any* type of sex trafficking charges whatsoever in nearly two years prior to Lazzaro and Medina's indictment. (See *U.S v. Stennis,* 20-CR-0019(PJS/BRT).

2

engaged in protected political activity and has also been the subject of media coverage.[3] Medina's political activity is also tied to (1) Lazarro's PAC's investigation into Minnesota Rep. Ilhan Omar and (2) his DOJ criticism, and (3) his general ties to the Republican Party.[4] The government makes no effort to justify its decision to charge Lazzaro and Medina, while choosing not to prosecute hundreds of similarly situated defendants with serious trafficking offenses.

### *Vindictive Prosecution Claims are not Tied Solely to Procedural Vindictiveness*

The government argues in its memorandum that to succeed on a vindictive prosecution claim there must be a showing of *procedural* prosecutorial vindictiveness. (Dkt No. 238 at 5). The government argues that vindictiveness can only be raised in situations in which subsequent charges are added after an appeal or in retaliation for the exercise of a procedurally protected right by the defendant. In *United States. v. Adams*, the Sixth Circuit found that where a prosecution is motivated by retaliation of any kind it is inherently "vindictive." *United States. v. Adams*, 870 F.2d 1140, 1145 (6th Cir. 1989). The indictment in *Adams* was never amended or superseded. *Id*. at 1143. Adams argued that it was brought in retaliation for a civil lawsuit. *Id*. In *United States. v. Stacey*, the Eighth Circuit also heard a vindictive prosecution claim without a *procedural* change in charging circumstances. *United States. v Stacey*, 571 F.2d 440, 443 (8th Cir. 1978). While the claim ultimately failed on its merits, the assertion of a vindictive prosecution was based on the defendant's administrative request for the return of impounded money, not on any superseding indictment. *Id*. at 444.

---

[3] Dave Orrick, *MN College Republicans say St. Thomas chair arrested in Lazzaro sex trafficking charges,* Pioneer Press, Aug. 14, 2021, https://www.twincities.com/2021/08/14/gisela-medina-st-thomas-chair-mn-college-republicans-anton-lazzaro-sex-trafficking/.
[4] See the above Footnote 3. Lazzaro and Medina both shared a political connection through the Republican party.

The prosecution's vindictiveness in this case is evidenced in its comments besmirching Lazzaro's personal life such as his younger girlfriend or 100% legal involvement in the adult entertainment industry. Both *Adams* and *Stacey* stand for the principle that retaliation for the exercise of any legal right can support a vindictive prosecution claim and that charging decisions based on the exercise of a procedural right is not required.

### *The Government did not Return any Property before Lazzaro was Indicted*

The government makes the false statement that "the most valuable of these items were returned before the defendant was even indicted." (Dkt No. 238 at 15).  The reality is that nothing was returned until months after Lazzaro was indicted. (See Dkt No. 74, 75, 101). Assets were also returned in September of 2021 pursuant to Court File 21-mc-49. (See Dkt No. 12). The assets returned post indictment included over one million dollars in foreign currency, gold, and silver, along with over $300,000 of United States currency.

### *Illegal or Improper Seizure Does not Require Discrimination Based on Socioeconomic Class*

Constitutional rights against improper seizures do not arise from a defendant's socioeconomic class. Incredibly, the government suggests that Cmdr. Pazdernik's questioning of Medina regarding "*how many*" gold coins he has and that they are "*not leaving without getting it.*" (Dkt No. 236 at 13) were to "identify" his property. In an archetypal sex trafficking case, it could be customary for government agents to seize "fruits of a crime". It is fundamentally unconstitutional for the government to allow a suspect's *legally* obtained property to motivate their efforts to investigate him in a different manner than anyone else. "The government may not seize money, even half a million dollars, based on its bare assumption that most people do not have huge sums of money lying about, and if they do,

4

they must be involved in narcotics trafficking or some other sinister activity." *United States v. $506,231 in U.S. Currency*, 125 F.3d 442, 454 (7th Cir. 1997). The government's own words once again reveal their true motivation.

### *The Claim of Selective Prosecution is Stronger than it was in Correa-Gomez and McDonald*

The claim of selective prosecution against Lazzaro is much stronger than it was in *Correa-Gomez* and *McDonald*, both of which were dismissed. The government contends that indictments are rarely dismissed for Selective Prosecution. (Dkt No. 238 at 1). While rare, they are occasionally justified and the reasoning for the dismissals in *Correa-Gomez* and *McDonald* compel the same result here. In *Correa-Gomez*, the indictment was dismissed *solely* based on statistics showing a lack of prosecutions for any similarly situated non-Hispanic Americans. *United States. v. Correa-Gomez*, Criminal Action No. 01-32 (E.D. Ky. Aug. 31, 2001). No actual animus towards Hispanics was ever presented, unlike the animus shown here. *Id.* Likewise in *United States. v. McDonald*, the defendant "made out a prima facie case of discriminatory prosecution, sufficient to shift the burden of proof to the government." *United States. v. McDonald* 553 F. Supp. 1003, 1011 (S.D. Tex. 1983). The indictment was later dismissed after the government failed to meet its burden of proof of justifying McDonald's prosecution. As previously argued, Lazzaro has sufficiently made out a prima facie case of a discriminatory effect sufficient to shift the burden of proof to the government. The government failed to rebut this showing.

## 2. Motion for Sanctions

### *Lazzaro's Brother's Phone Calls Are Privileged Calls*

The government argues that calls between Lazzaro and his brother, who is an attorney, are not privileged. (Dkt No. 237 at 22). To be clear, Lazzaro disagrees and does assert that these calls were privileged. The attorney-client relationship and the privilege that accompanies it are not contingent on making a formal appearance in a case. The NCIC records received by the defense in this matter did not include Lazzaro and his brother's phone calls. Thus, the defense did not learn until the hearing itself that government agents were listening to the calls. Agent Cunningham's admission under oath that she was listening to those privileged communications is proof by itself of the misconduct, and of the *intentional* beach of privileged attorney-client communications.

### *The government Improperly Seeks to Augment the Record with a Post-Hearing "Investigation"*

The government's memorandum on this issue contains allegations pertaining to "test calls" performed by Analyst Cunningham, Webb, and an unknown FBI agent. (Dkt 237 at 4, 17). The government did not offer this evidence at the hearing, yet cites to it in its memorandum. Given Lazzaro did not have the opportunity to cross examine the analysts on this issue, it should not be considered. If the government wishes to re-open the evidentiary hearing in this matter, the defense would be happy to introduce a recording of what Lazzaro and other inmates hear on their own calls as well as potential NCIC testimony corroborating Lazzaro's testimony.

## CONCLUSION

"Nothing can corrode respect for a rule of law more than the knowledge that the government looks beyond the law itself to arbitrary considerations, such as race, religion, or *control over the defendant's exercise of his constitutional rights*, as the basis for determining its applicability." *United States. v. Martinez*, 103 F. Supp. 3D 675, 2015 (E.D. Pa. May 8, 2015). Lazzaro has been prosecuted *because of* his outspoken First Amendment speech, *not* in spite of.

Lazzaro's prosecution serves only one purpose – to discriminate and retaliate against someone the prosecution team dislikes and disapproves of. The indictment against Lazzaro should be dismissed. In the alternative, the defense respectfully asks for discovery or an evidentiary hearing to be granted.

*Respectfully submitted,*

**WILSON & CLAS**

Dated:  September 12, 2022

/s/ Charles S. Clas, Jr.
Charles S. Clas, Jr., esq.
Attorney ID No.: 396427
Wilson & Clas
201 Sixth Street Southeast, Suite 210
Minneapolis, MN 55414
(612) 760-4048
cclas@wilsoncd.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly filed and served upon counsel of record, via the Court's CM/ECF system, this 12th day of September 2022.

*Respectfully submitted,*

**WILSON & CLAS**

Dated:   September 12, 2022        /s/ Charles S. Clas, Jr.
Charles S. Clas, Jr., esq.
Attorney ID No.: 396427
Wilson & Clas
201 Sixth Street Southeast, Suite 210
Minneapolis, MN 55414
(612) 760-4048
cclas@wilsoncd.com