UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | DEFENDANT ANTON JOSEPH |
| Plaintiff, | ) | LAZZARO'S OBJECTIONS TO THE |
| | ) | REPORT AND RECOMMENDATION OF |
| vs. | ) | THE MAGISTRATE JUDGE |
| | ) | |
| Anton Joseph Lazzaro, | ) | Crim. No. 21-173 (PJS/DTS) |
| | ) | |
| Defendant. | ) | |

\* \* \*

Defendant Anton Joseph Lazzaro, through his counsel, Daniel L. Gerdts, Esq., respectfully objects, pursuant to Local Rule 72.2(b), to the hereinafter specified portions of the Magistrate Judge's Report and Recommendation entered on 12 October 2022 [R. Doc. No. 253] in the above-captioned case. Defendant Lazzaro objects specifically to the following recommendation: to deny his Amended Motion to Dismiss for Selective or Vindictive Prosecution [R. Doc. No. 236]. *See* Report and Recommendation at 6-12, 22.

The magistrate correctly recognized the two prongs of a selective prosecution claim: 1) that the defendant has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights. In this case, Lazzaro's principal

argument is that he was selectively chosen for prosecution based on his exercise of a constitutional right. The magistrate correctly acknowledged the claim: "Lazzaro contends his political speech itself is the reason he has been selected for prosecution."[1] Report and Recommendation [R. Doc. 253] at 2. The magistrate's analysis of that claim, however, employed new standards unsupported by any authority, and capriciously dismissed the evidence in support of the claim as insufficient – notwithstanding the many authorities finding meritorious claims upon weaker showings.

Regarding the first prong – the showing of comparators who are similarly situated, but not chosen for prosecution – the magistrate invented an entirely new definition that would impose a unique additional showing:

> a defendant may argue . . . that he has been invidiously selected for prosecution because of his *individual* speech. . . .In that case, a defendant must provide evidence that people accused of the same crimes who undertook similar First Amendment speech (e.g. outspoken political activism) did not face prosecution for their alleged crimes.  . . . In Lazzaro's case, this element would require him to show that others engaged in similar speech to his—engaging in advocacy of the GOP— were not prosecuted despite evidence they committed the same or similar crimes.

Report and Recommendation [R. Doc. 253] at 9.

---

[1] The magistrate several times makes reference to Lazzaro's politics as "conservative" or to him and his political allies as "conservative Republicans." The origin of this description is unknown; Lazzaro's PAC describes its contributors as "mainstream Republicans."

The magistrate's new requirement not only makes no sense, he also cites no authority that supports it. To be clear, in a case alleging selective prosecution based on discrimination against an individual (as opposed to a protected class)[2] for his exercise of a constitutional right, the first prong requires only that the comparators engaged in similar *criminal* conduct. The Eleventh Circuit has succinctly summarized that required showing:

> we define a "similarly situated" person for selective prosecution purposes as one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan— and against whom the evidence was as strong or stronger than that against the defendant.

*United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000). Lazzaro easily has carried the burden of demonstrating a prima facie case on this prong, and the magistrate's conclusion that he was also required to find comparators engaged in the same protected speech activities is simply wrong.

If the burden were erroneously made more difficult to carry by the addition of the magistrate's proposed new characteristic, it would be rendered essentially impossible to meet. And that is what the magistrate concluded here: that the showing

---

[2] The authorities do "not preclude the granting of relief against intentional or purposeful discrimination against an individual." *United States v. Falk*, 479 F.2d 616, 619 (7th Cir. 1973).

of similarly situated comparators was insufficient for the failure to show that they *also* engaged in the protected speech that is alleged to be the basis for this selective prosecution:

> This data provides only half of what is required for Lazzaro to prove this element. As noted above, Lazzaro must show that either . . . members of a different political party were not prosecuted while he was; or . . . other outspoken Republicans were not prosecuted while he was. He has shown none of these things. Without such evidence, Lazzaro has failed to prove the first element of his selective prosecution claim.

Report and Recommendation [R. Doc. 253] at 9-10. In short, the magistrate's erroneously blended definition of similarly situated individuals is completely misguided in a case alleging discrimination on the ground of the exercise of a constitutional right.

The magistrate, of course, did *not* find any deficiency in Lazzaro's significant showing of the correct comparators: others engaged in similar alleged criminal conduct. The magistrate's concession on this point rests on the "data about the prosecution of similar crimes at the state level in Minnesota," *id*. at 9, and the assumption that the other data cited were of comparators similarly situated: "The Court assumes without deciding that these tips alleged crimes similar to the ones of which Lazzaro is accused." *Id*. at 9 n.2. Because the magistrate found no fault with Lazzaro's showing of these comparators, it is unnecessary to belabor the point here,[3] but it is

---

[3] Defendant, of course, adopts by reference the data and arguments previously submitted, but does not clog the record by repeating it all in this filing.

4

worth noting that the conduct alleged in most of those cases was more egregious and supported by evidence at least as strong as in this case – including mothers selling prepubescent daughters, and the flagrant prostitution of middle-school-aged children. It is also undisputed that despite these hundreds of opportunities for prosecution of other sex trafficking crimes, Lazzaro's case was the *only* one chosen in this district in a period of approximately two years, meaning that zero similarly situated individuals faced federal prosecution for the same offense during that period.

As for the second prong – that Lazzaro was singled out for prosecution based on an improper motive – the magistrate's extremely brief analysis rests on a few conclusory findings arising from nothing more than the lack of a "smoking gun." He finds, for example, that "any connection between Lazzaro's speech activity and the prosecution appears coincidental at best," that "mere temporal proximity is insufficient to prove motive," and that "this is not a case where Lazzaro's prosecution obviously stems from his expressive activity." Report and Recommendation [R. Doc. 253] at 11.

Defendant Lazzaro disagrees with and objects to the dismissive, conclusory findings. The standard for making a prima facie case does *not* require a smoking gun. "A defendant may demonstrate that he was prosecuted for an improper motive by either direct or circumstantial evidence." *United States v. Holthusen*, No. 13-Cr-71 (RHK/LIB), 2013 WL 5913843, at *5 (D. Minn. Oct. 31, 2013); *accord United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). And "evidence of discriminatory effect,

5

combined with some evidence (even indirect) of a discriminatory motivation, entitles the plaintiff to prevail." *Williams v. Padden*, No. 07-CV-4210 (PJS/RLE), 2009 WL 455806, at *9 (D. Minn. Feb. 23, 2009), *aff'd*, 357 F. App'x 735 (8th Cir. 2009). Making the case that shifts the burden to the prosecution to rebut such a claim, and to be subject to production of discovery on such a claim, requires only a colorable showing of the elements of the defense: "some evidence tending to show the existence of the essential elements of a selective-prosecution claim." *United States v. Armstrong*, 517 U.S. 456, 470 (1996).

The magistrate's dismissal of "temporal proximity," citing *Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 800 (8th Cir. 2009), is relevant only when temporal proximity is the *sole* evidence of improper motive. And the Eighth Circuit has discounted the magistrate's analysis even in that kind of case. *See Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002) ("But even without a pattern, we have sometimes held that the timing of one incident of adverse employment action following protected activity sufficed to establish causal connection"). And there is no evidence – none – that supports the magistrate's further findings that this lawsuit's connection to his vocal political speech is merely "coincidental," and not "obviously" connected. It is of course not surprising that the magistrate's findings are conclusory and without any support considering that the Government has not attempted to rebut the claims made by Defendant Lazzaro.

This is precisely the kind of case that demands such a rebuttal: "An enforcement procedure that focuses upon the vocal offender is inherently suspect, since it is vulnerable to the charge that those chosen for prosecution are being punished for their expression of ideas, a constitutionally protected right." *United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972). The magistrate argues that there is no obvious connection here between Lazzaro's prosecution and his expressive activity because "Lazzaro was not arrested after announcing his intent to break the law as a political protest." Report and Recommendation [R. Doc. 253] at 11 (citing *United States v. Ojala*, 544 F.2d 940 (8th Cir. 1976)). But the court found no selective prosecution infringement in *Ojala*, despite the obvious connection, precisely because the criminal conduct being prosecuted was itself the subject matter of the political speech, and because Ojala was prosecuted "not in reprisal for" his speech, but rather "because appellant's offense was flagrant." *Ojala* at 944. Prosecution of tax protesters has always been condoned because of its inherent deterrent value:

> Selection . . . is not impermissible solely because it focuses upon those most vocal in their opposition to the law which they are accused of violating. The fact that tax protestors are vigorously prosecuted for violation of the tax laws demonstrates nothing more than a legitimate interest in punishing flagrant violators and deterring violations by others.

*United States v. Johnson*, 577 F.2d 1304, 1309 (5th Cir. 1978).

This is *not* such a case because the political speech is unrelated to the alleged criminal conduct. That does not mean that the prosecution is not brought in reprisal for

7

the vocal political speech. And the "coincidences" regarding the connection are voluminous enough to require a rebuttal and to permit discovery. The allegations individually dismissed by the magistrate as "coincidental" here are not only not rebutted by the Government, they appear to be acknowledged. *See* Response in Opposition [R. Doc. 238] at 5 ("The acts that the defendant alleges he is being 'punished' for occurred before he was indicted by the grand jury"). These include: the scheduled meeting between Lazzaro's PAC representatives and the FBI agent (regarding the Omar investigation) that was cancelled by the lead prosecutor; Lazzaro's volunteer political activity that made its way into the Government's search warrant affidavit; and Lazzaro's political website and twitter account, as well as the Big Tent Republican PAC bank account, all of whose records were subpoenaed by the Government in a purported investigation into "sex trafficking." Add to that the further "coincidence" of the lead prosecutor's significant political contributions to the opposing party and its candidates, the investigators' extremely unusual interest in Lazzaro's political connections when questioning his codefendant, and Lazzaro's arrest on the very day of his scheduled television appearance on a political talk show to discuss the assertions in the new website that he and his PAC had sponsored (www.IlhanOmarDNA.com ). Surely, the "some evidence" standard does not require each of these to be judged in isolation from the others. Collectively, they certainly meet the prima facie threshold and demand some explanation.

The magistrate's conclusory finding that the evidence presented is insufficient to support the relief requested also is contradicted by the many cases in which courts have granted dismissal or granted discovery and evidentiary hearings based only on unrebutted prima facie showings of comparators and discriminatory effect and intent (often consisting of mere statistical evidence).[4] The relief requested here, of course, included Defendant's explicit alternative request for discovery and an evidentiary hearing if the magistrate found the claim insufficient for outright dismissal (*see* R. Doc.

---

[4] *See, e.g., United States v. Lopez*, 415 F. Supp. 3d 422, 427 (S.D.N.Y. 2019) (showing by "member of a protected group . . . that that group has been singled out for reverse sting operations to a statistically significant extent in comparison with other groups" was sufficient to warrant further inquiry and discovery); *United States v. Paxton*, No. 13 CR 103, 2014 WL 1648746, at *5 (N.D. Ill. Apr. 17, 2014) (granting discovery on selective prosecution claim upon a finding that "defendants have proffered statistics sufficient to meet the 'some evidence' requirement"); *Hill v. Mitchell*, No. 1:98-CV-452, 2007 WL 2874597, at *7 (S.D. Ohio Sept. 27, 2007) ("The statistical evidence that petitioner has offered may be insufficient, standing alone, to warrant relief on his Equal Protection claim; but it is enough to constitute good cause for discovery of further facts supporting his Equal Protection claim."); *United States v. Correa-Gomez*, 160 F. Supp. 2d 748, 752 (E.D. Ky. 2001), (granting dismissal upon a showing that "more than eighty-two percent" of the similarly situated comparators were not chosen for prosecution), *aff'd*, 328 F.3d 297 (6th Cir. 2003); *United States v. Bradley*, 880 F. Supp. 271, 281 (M.D. Pa., 1994) (granting discovery "because of the more lax standard under which a discovery request is examined," and the statistical evidence "of disparate impact"); *United States v. McDonald*, 553 F. Supp. 1003, 1011 (S.D. Tex. 1983) (granting dismissal upon a finding that Defendant "made out a *prima facie* case of discriminatory prosecution, sufficient to shift the burden of proof to the government," and that "the evidence offered by the government supports defendant's argument that he was selected on the basis of his exercise of his First Amendment right"); *United States v. Carron*, 541 F. Supp. 347, 350 (W.D.N.Y. 1982) (granting discovery based largely on statistical evidence).

236, at 19). For unknown reasons, the magistrate has rendered no recommendation on the alternative requests at all. Those alternative requests are hereby re-submitted to this Court. Even the magistrate seemed to understand the reasonableness of the alternative request for discovery considering his own apparent need to know more :

> Lazzaro's allegations lack the specificity necessary to support his claim. The timeline of his investigation into Representative Omar and the timeline of the Government's investigation into Lazzaro's conduct is unclear. Without more, the Court cannot infer from a coincidence in timing evidence of improper motive.

Report and Recommendation [R. Doc. 253] at 14-15.

## CONCLUSION

For the reasons set forth above, Defendant Lazzaro urges the Court to exercise its power of *de novo* review and reject in whole the recommendation proposing denial of Defendant's motion to dismiss for selective prosecution. In the alternative, once again, he requests the prosecution be compelled to provide discovery on the claim, and the opportunity for an evidentiary hearing.

Dated: 26 October 2022                                  Respectfully submitted,

DANIEL L. GERDTS, LAWYER

*s/ Daniel L. Gerdts*

Daniel L. Gerdts (#207329)
331Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby affirms that this document complies with the limits in L.R. 72.2(c)(1) and with the type-size limit of L.R. 72.2(c)(2) because the document contains 2640 words, and was composed using a proportional, 14-point Times New Roman font using Microsoft Word 2021 software. The word count feature of that software was applied to include all text, including headings, footnotes, and quotations.

/s/ *Daniel L. Gerdts*

_____