**Daniel L. Gerdts**
LAWYER
331 Second Avenue South, Suite 705
Minneapolis, MN 55401

21 December 2022

The Honorable Patrick J. Schiltz
Chief Judge, United States District Court
300 South Fourth Street, Minneapolis MN 55415

    Re:    *United States v. Anton J. Lazzaro,* No. 21-cr-173 (PJS/DTS)

Dear Judge Schiltz:

    I write pursuant to the authority in Local Rule 7.1 for leave to seek reconsideration or clarification of the Court's Order filed on 15 November 2022 (ECF 264).[1] Specifically, although Defendant sought the alternative relief of discovery with both the magistrate judge and this Court, the Order does not expressly rule on that request.

    Although the Order does suggest that the standard for granting such relief should be "rigorous," it stops short of identifying this circuit's requirement for how rigorous that standard should be. As early as 1976, the Eighth Circuit labeled it a colorable basis: "Before a defendant will be allowed to subpoena documentary evidence related to a selective prosecution defense, the party must first show a 'colorable basis' for the claim." *United States v. Cammisano*, 546 F.2d 238, 241 (8th Cir. 1976) (citing *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)). A "colorable basis," in turn, was defined as "some evidence tending to show the existence of the essential elements of the defense and that the documents in the government's possession would indeed be probative of these elements." *Cammisano*, at 241 (quoting *Berrios*, 501 F.2d at 1211-12).

    Fourteen years later, the Eighth Circuit reiterated and clarified that standard: "The defendant must first make a preliminary or threshold showing of the essential

---

[1] Local Rule 7.1 applies to "Civil Motion Practice," but courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Broussard*, No. 19-CR-0101 (SRN/ECW), 2022 WL 764048, at *1 n.3 (D. Minn. Mar. 11, 2022); *United States v. Benjamin*, Crim. No. 11-294 (RHK), 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017).

elements of the selective prosecution defense." *United States v. Aanerud*, 893 F.2d 956, 961 (8th Cir. 1990). In other words, the motion must allege "sufficient facts to take the question past the frivolous state, and raises a reasonable doubt as to the prosecutor's purpose." *Id*. (quoting *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978)). Defendant believes that standard has been met in this case, especially considering that "most of the relevant proof in selective prosecution cases will normally be in the Government's hands." *Wayte v. United States*, 470 U.S. 598, 624 (1985) (Marshall, J., dissenting).

     As for the first element, regarding similarly situated persons, the Supreme Court has expressly approved the showing made here by Defendant: "respondents could have investigated whether similarly situated persons . . . were prosecuted by the State . . . and were known to federal law enforcement officers, but were not prosecuted in federal court." *United States v. Armstrong*, 517 U.S. 456, 470 (1996). It is of course standard practice for federal cases to originate from suitable cases already publicly charged and pending in the state courts of the same geographic district. The "Petite Policy" only applies when "there has been a prior state or federal prosecution resulting in an acquittal, a conviction . . . or a dismissal or other termination of the case on the merits after jeopardy has attached." *Justice Manual*, 9-2.031(3) (U.S. D.O.J. 2018). The Court's suggestion that Defendant only proved "that the federal government did not prosecute every single person who was suspected of committing crimes similar to his" misses the mark, because it is established that the federal government did not prosecute *any* such cases during the relevant two-year period.

     As for the second element, the Court's extremely brief analysis would appear to require "a smoking gun" to account for what it labels "coincidences"; but the standard only requires that a defendant "take the question past the frivolous state, and raise[] a reasonable doubt as to the prosecutor's purpose." Defendant here has met that mark with his allegations of numerous facts giving rise to colorable doubts as to the prosecutor's purpose. The requested discovery would serve either to neutralize that reasonable doubt or further support the allegation.

     For all these reasons, Defendant seeks leave to file the requested motion for reconsideration or clarification, or for the Court to accept this correspondence in its stead, and issue the appropriate ruling.

                                            Yours very truly,
                                            *Daniel L. Gerdts*
                                            Daniel L. Gerdts