UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                                                    Case No. 21-CR-0173 (PJS/DTS)

                        Plaintiff,

v.                                                  ORDER

ANTON JOSEPH LAZZARO,

                        Defendant.

Defendant Anton Lazzaro filed a motion to dismiss the indictment on August 19, 2022. ECF No. 236. On November 15, 2022, the Court adopted Magistrate Judge David Schultz's recommendation to deny Lazzaro's motion. ECF No. 264. This matter is now before the Court on a letter request from Lazzaro seeking leave to file a motion to reconsider or clarify the Court's November 15 order pursuant to Local Rule 7.1(j). ECF No. 273. Permission to file a motion to reconsider is granted only when the party seeking reconsideration shows "compelling circumstances." D. Minn. L.R. 7.1(j).

Lazzaro maintains that he is entitled to discovery on his selective-prosecution claim. But the standard to obtain discovery on such a claim is much more rigorous than Lazzaro's letter implies. Notably, Lazzaro ignores that the Supreme Court has (in its own words) "taken great pains to explain that the standard [to prove a claim of selective prosecution] is a demanding one." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

And the Supreme Court has identified "the showing necessary to obtain discovery" as itself providing "a significant barrier to the litigation of insubstantial [selective-prosecution] claims." *Id.* at 464.  As the Court has explained:

> Discovery . . . imposes many of the costs present when the Government must respond to a prima facie case of selective prosecution.  It will divert prosecutors' resources and may disclose the Government's prosecutorial strategy.  The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require *a correspondingly rigorous standard for discovery* in aid of such a claim.

*Id.* at 468 (emphasis added).

None of the Eighth Circuit cases cited in Lazzaro's letter—all of which were decided *before Armstrong*—remotely suggests that the Court misapplied the standard, much less establishes "compelling circumstances" to revisit the Court's order.  Indeed, in *Armstrong* the Supreme Court explicitly labeled as "mistaken" those cases that had permitted discovery "without evidence that the Government has failed to prosecute others who are similarly situated to the defendant."  *Id.* at 469.

Lazzaro has failed to make the "rigorous" showing necessary to obtain discovery on his selective-prosecution claim.  For that reason, the Court denied Lazzaro's request for discovery in its November 15 order, and the Court now denies Lazzaro's request for leave to file a motion to reconsider that ruling.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's request for leave to file a motion for

reconsideration or clarification [ECF No. 273] is DENIED.


Dated:   December 27, 2022

_____
Patrick J. Schiltz, Chief Judge
United States District Court