RECEIVED BY MAIL
JAN 10 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Anton J. Lazzaro (#25584)
c/o Sherburne Co. Jail
13880 Business Center Dr. N.W., Suite 200
Elk River, MN 55330

January 5, 2023

The Honroable Chief Judge | Patrick J. Schiltz     *Via U.S. First Class Mail Only*
U.S. District Court | Diane E. Murphy Courthouse
300 S. Fourth Street | Minneapolis, MN 55415

Dear Chief Judge Schiltz:

    I write you in reference to the Selective Prosecution Motion for Reconsideration the Court recently issued an Order on reiterating its earlier findings echoing the Supreme Court's *Armstrong* opinion. As Your Honor has previously stated, "While a Court is not required to accept pro se motions from a represented defendant, it may choose to do so." *U.S. v. Reese* (D. Minn. May 29, 2019), in accord with *Fiorito v. United States*, 821 F.3d 999, 1003-04 (8th Cir. 2016). And as stated in this District and Circuit, "It is clear that a district court may correct itself to avoid later reversal when convinced a decision is clearly erroneous and would work a manifest injustice." *County of Mille Lacs v. Benjamin*, 262 F. Supp. 2D 990 (D. Minn. 2003), in accord with *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992). I respectfully feel that it would indeed promote a manifest injustice to disallow the below explained amended exhibit (already cited) to the record at this junction. I am genuinely extremely grateful if Your Honor is willing to briefly read the below prior to making that determination.

    Your Honor found that I had failed to meet the rigorous *Armstrong* discovery standard. According to *Armstrong*, **"In a case which does not involve direct admissions by prosecutors of discriminatory purpose, the defendant is required to produce some evidence that similarly situated defendants of other [arbitrary classifications] have not been prosecuted . . . the defendants could have investigated whether similarly situated persons of other [arbitrary classifications] were prosecuted by the State of [Minnesota]."**

    In the effort to make precisely this showing, we *cited* the **hundreds** of commercial sex State cases (MN Trafficking Statues § 609.321-324). These cases were identified by the Minnesota Sentencing Commission after FOIA request, as there is obviously no "public ledger" of commercial sex cases available from the State Court's filing system. Your Honor found this showing fell short because it did not include hundreds of individual case complaints (*literally thousands of pages*) in the exhibit to the brief. Alternatively, the exhibit (ECF No. 236-3) included about a dozen cases **to highlight examples** of the deep variety of commercial sex cases charged in State Court over the last years - while **zero** were charged in Federal court over the approximately two years encompassing this investigation and indictment. The Government never attempts to dispute the fact they have indeed not brought even one other indictment. And they would certainly be aware of these cases as the joint Federal/State Minnesota Human Trafficking Investigators Task Force ("Task Force"), is composed of officers/agents from Federal and State agencies, and is responsible for most of these State cases brought. I solely ask Your Honor to allow my Counsel to amend the exhibit with the full charging documents for these hundreds of State commercial sex cases disregarded by the USAO. I am confident Your Honor would then of course recognize the vast number of §1591-eligible prosecutions.[1]

    The Court additionally stated "Lazzaro clearly believes that this conduct is worse than the

---

[1] This claim would be wholly meritless if it were a gun, drug, child pornography, fraud, or any other Federal violation indeed charged dozens of times per year by the local USAO. To the contrary, the "inexorable zero" concept introduced in *Teamsters* 431 U.S., at 342 would surely apply to this indictment.

SCANNED
JAN 10 2023

conduct with which he is accused – a conclusion with which the USAO has the right to disagree. But for present purposes, what matters is that this conduct is different, and because it is different, the defendants who committed it are not comparators"[2]. (ECF No. 264). I respectfully disagree with the Court on this notion. *Armstrong* nor the Eighth Circuit require identical comparators, and instead simply calls for individuals "who could have been charged for the offenses for which the defendants were charged, but were not so prosecuted."[3] It is established that "The legitimate sweep of 18 U.S.C. § 1591 is that it allows conviction of individuals who have forced minors into prostitution and maintained them through varied means." *U.S. v. Snead*, (4th Cir. Dec. 28, 2022). The Eighth Circuit describes a suitable comparator as one the "Prosecution of that individual would have the same deterrence value and would be related in the same way to the government's enforcement priorities and enforcement plan." *U.S. v. White,* 928 F.3d 734 (8th Cir. 2019). And in equal protection employment discrimination context, they have described the required similarity as "comparable seriousness". See *Burton v. Martin,* 737 F.3d 1219 1231 (8th Cir. 2013). Notably, the Government has not even attempted to challenge that the alleged facts of this so-called "sugar daddy" case are even reminiscent of the State cases involving violent pimps, prepubescent children, and other commercial criminal sexual conduct.[4]

The Court also faults the additional showing made on the basis of being unable to display the details of 353 other calls made from Minnesota to the National Human Trafficking Hotline in 2020 as well as being unable to show detailed taxpayer funding and operational decision-making of the Task Force (without discovery). "The problem for Lazzaro is that none of this information establishes a credible showing of different treatment of similarly situated persons." (ECF No. 264). I must also respectfully disagree with this notion based on the ***days versus decades in prison*** per the average 90-day stayed jail sentence for MN § 609.321-324 first-time offenders. Ultimately, I am fighting for my life, State defendants and even my co-defendant who was given an unheard of plea deal, simply are not.

Lastly, regarding the discriminatory purpose prong, it is clear from *Armstrong* that the Supreme Court finds adequate the State case comparator data to be sufficient for the rigorous discovery standard. Nonetheless, we still offered what the Court dismissed as "coincidences"[5] including: unexplained subpoenas of Republican websites completely unrelated to "sex trafficking", the undisputed fact AUSA Provinzino canceled the meeting between the FBI and my PAC pertaining to the Rep. Ilhan Omar felony fraud evidence, her donating more to political candidates than the ~40 other AUSA's combined, and the truly incredible interrogation of my co-defendant obsessing over my political activity.[6]

In conclusion, I respectfully ask Your Honor to allow my counsel to re-file the cited exhibit to include the plethora of aforementioned State case documents with all details the Court sought.

Respectfully submitted,
/s/ Anton J. Lazzaro

---

[2] The Court suggests that comparator political activity and forefeitable assets must also be diametric. The Eighth Circuit simply describes the requirement as "Objective evidence that he was arrested when otherwise similarly situated individuals *not engaged in the same sort of protected speech had not been.*" *Just v. City of St. Louis* (8th Cir. Aug 5, 2021).

[3] Armstrong failed to show suitable State comparators due to all those similarly situated also being African American.

[4] It is important to note that the Court referencing flagrant violator cases (such as Selective Service Act and tax protesters) have never been eligible for the defense of Selective Prosecution. Cases like this are "in sharp contrast to the tax protester cases in which courts have held that selection is "not impermissible solely because it focuses upon those most vocal in their opposition to the law they violating," U.S. v. McDonald, 553 F. Supp. 1003, 1011 (S.D. Tex. 1983). "[Government has] legitimate interest in punishing *flagrant* violators and deterring violations by others," See *U.S. v. Johnson*, 577 F.2d 1304, 1309 (5th Cir. 1978). Also See U.S. v. Schlegel, 668 Fed. Appx. 187 (8th Cir. 2016).

[5] "Improper motive may be proved either by direct or circumstantial evidence." *U.S. v. Leathers,* 354 F. 3d 955, (8th Cir. 2004).

[6] FEC public database queries determined all ***combined*** political donations of every current Minnesota AUSA over the last decade to be less than AUSA Provinzino's donations alone, which are entirely to Democrats. Also see: IlhanOmarDNA.com for "FBI Corruption Supervisor S.A. Joy Hess Phone Call Recording".