UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

    Defendant.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE MENTION OF PUNISHMENT**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits its motion in limine to preclude arguments about Defendant's custodial status and possible consequences of conviction, including any references to the possible sentence and applicable mandatory minimums. Such evidence serves no purpose other than to invite jury nullification.

The issue of Defendant's pretrial detention has been fully litigated before this Court and the Eighth Circuit. The fact that Defendant is in custody and the length of Defendant's pretrial detention have no bearing as to the Defendant's guilt. As such, the Court should preclude any reference to Defendant's pretrial custodial status.

It is similarly improper for either the defense or prosecution to comment or argue the potential punishment, applicable mandatory minimums, or other consequences of conviction in the presence of the jury, including sex offender registration and deprivation of liberty. This prohibition should include overt as well as subtle references (*e.g.*, "branding" or "labeling" of the defendant, taking away his "freedom," and so on). "The argument of counsel, generally speaking, should be confined to the evidence that has been produced and to such inferences as may reasonably be drawn therefrom." *Brennan v. United States*, 240 F.2d 253, 263 (8th Cir. 1957).

It is well-settled and uncontroversial that a jury should never consider the matter of possible punishment when deliberating, and the jury should be instructed that punishment, if any, is solely the province of the Court. *See* Manual of Model Crim. Jury Instr. 8th Cir., § 3.12 (2021) ("You may not consider punishment in any way in deciding whether the [government] [prosecution] has proved its case beyond a reasonable doubt."). Evidence—including any potential testimony from Defendant—and argument regarding the consequences of conviction is therefore irrelevant under Rule 401 of the Federal Rules of Evidence. Introducing or referencing such matters would be nothing more than an invitation for the jury to disregard the applicable facts and law of the case and instead decide the case based on sympathy. The Court should therefore preclude any reference to potential punishment, mandatory minimums, and any other consequences of conviction.

Dated: March 6, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: EMILY A. POLACHEK
Attorney Reg. No.0390973
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
MELINDA A. WILLIAMS
Attorney Reg. No. 491005 (D.C.)
Assistant United States Attorneys