UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Anton Joseph Lazzaro,<br><br>Defendant. | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

DEFENDANT ANTON JOSEPH LAZZARO'S MOTION IN LIMINE TO EXCLUDE PROPOSED RULE 1006 CHARTS AND FOR IMMEDIATE DISCLOSURE OF THE SPECIFIC RECORDS PURPORTED TO BE SUMMARIZED

Crim. No. 21-173 (PJS/DTS)

Defendant Anton Joseph Lazzaro, through his counsel Daniel L. Gerdts, Esq., hereby moves the Court *in limine* to exclude various proffered "charts" the Government intends to offer as evidence pursuant to Rule 1006 of the federal rules of evidence. The notice provided by the Government includes some proposed charts that might well qualify under the rule, and others that clearly would not. To the extent that such proposed charts qualify only as "pedagogic devices," they should not be admitted in evidence.

Rule 1006 of the Federal Rules of Evidence permits a proponent to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Such summaries are properly admissible when "(1) the charts fairly

summarize voluminous trial evidence; (2) they assist the jury in understanding the testimony already introduced; and (3) the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary." *United States v. Hawkins*, 796 F.3d 843, 865 (8th Cir. 2015). "Witness testimony is not a record that falls within the purview of Rule 1006." *Id.*

The notice given by the Government indicates its intent to offer the following under Rule 1006: "(1) a chart listing the minor victims and charged counts, (2) a chart listing the items of value that Defendant provided to Gisela Castro Medina during the period she was recruiting minors to have sex with Defendant, (3) SnapChat and other electronic communications records, and (4) Uber records." The first two clearly will not be summaries of the "content of voluminous writings, recordings, or photographs." The second two may fall within the ambit of the rule, assuming they meet the voluminous requirement of the rule.

Defendant moves the Court to exclude such charts that do not qualify under Rule 1006 (Defendant cannot yet take a position on their use as pedagogic devices as they have not been produced for examination). He also moves the Court for an Order requiring the Government to produce the proposed charts well in advance of trial, along with the specific records they purport to summarize, so that he may review them for accuracy and impartiality. The Government's suggestion in its notice that the "charts will be based on evidence that has been provided to the

2

defense during discovery" may well be true, but it is the proponent's duty to identify
the specific records its proposed charts purport to summarize.

Dated: 6 March 2023                    Respectfully submitted,

                                       DANIEL L. GERDTS, LAWYER

                                       s/ Daniel L. Gerdts

                                       Daniel L. Gerdts (#207329)
                                       331 Second Avenue South, Suite 705
                                       Minneapolis, MN 55401
                                       612.800.5086