UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | DEFENDANT ANTON JOSEPH |
| Plaintiff, | ) | LAZZARO'S MOTION TO DISMISS |
| | ) | COUNTS 1 THROUGH 6 FOR FAILURE |
| vs. | ) | TO ALLEGE OFFENSES |
| | ) | |
| Anton Joseph Lazzaro, | ) | Crim. No. 21-173 (PJS/DTS) |
| | ) | |
| Defendant. | ) | |

\*   \*   \*

Defendant Anton Joseph Lazzaro, through his counsel Daniel L. Gerdts, Esq., hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for an order dismissing Counts 1 through 6 of the Indictment for failure to state offenses.

Counsel acknowledges that the motion appears to be untimely under the current rule. The rule nonetheless requires such motions to be made before trial, and expressly permits the Court to consider the motion upon a showing of good cause. Fed. R. Crim. P. 12(c)(3). Here, present counsel was retained well after the deadline for filing such a motion had passed, and therefore only had cause to notice the deficiencies in the indictment while researching and the preparing jury instructions that were just filed. Presumptively valid Eighth Circuit caselaw also holds that such motions present a jurisdictional defect that may be raised at any time, including for

the first time on appeal. *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) ("the claim that the indictment fails to state an offense may be raised at any time"); *United States v. Davis*, 103 F.3d 660, 675 (8th Cir. 1996) ("the sufficiency of the indictment is a jurisdictional issue that may be raised at any time") (quoting *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996)); *United States v. Camp*, 541 F.2d 737, 741 (8th Cir. 1976) (first raised on appeal).

The rule of procedure was amended in 2014, however, in apparent reliance on the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625 (2002). That case arguably abrogated the holdings in the Eighth Circuit cases cited above, though the Eighth Circuit does not yet seem to have acknowledged it. In any case, considering the serious nature of the defect, the need to address it before trial, and the traditional view that it may be raised at any time, Defendant submits the present motion for the Court's consideration and ruling.

In the challenged counts, Mr. Lazzaro is charged with sex trafficking of minors, in violation of 18 U.S.C. § 1591(a)(1). That statute punishes anyone who knowingly engages in certain prohibited acts [recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person], while knowing or in reckless disregard of two facts: that the person is younger than 18 *and* that the person "will be caused to engage in a commercial sex act." Reflecting the statute, Eighth Circuit Model Jury Instruction 6.18.1591 asks the

jury first to find whether the accused engaged in a prohibited act, and second whether he knew the alleged victim "was under 18 years of age and would be caused to engage in a commercial sex act."

In none of the challenged counts, however, does the indictment allege either that anyone was "caused to engage in a commercial sex act" or that Mr. Lazzaro had knowledge that they would be so caused. The indictment instead runs disparate elements together, asserting that Mr. Lazzaro "knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited [the alleged victims] to engage in a commercial sex act." (R. Doc. 1, Counts 1–6.) This defect is fatal to the charged counts.

To be sufficient, an indictment must set forth all the essential elements of the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Vesaas*, 586 F.2d 101, 103 n.4 (8th Cir. 1978); *United States v. Camp*, 541 F.2d 737, 739 (8th Cir. 1976).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002). In addition to the requirements that an indictment provide adequate notice of the offense and safeguard the defendant from double jeopardy, is the distinct Fifth Amendment requirement to

3

be tried only upon charges found by a grand jury. *United States v. Camp*, 541 F.2d 737, 739–40 (8th Cir.1976) (citing *Ex Parte Bain*, 121 U.S. 1 (1887)). And "[i]t is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge because bare citation of the statute 'is of scant help in deciding whether the grand jury considered' the missing element in charging the defendant." *United States v. Williams*, 429 F.3d 767, 775 (8th Cir. 2005) (quoting *United States v. Olson*, 262 F.3d 795, 799-800 (8th Cir. 2001)). Here, the Fifth Amendment violation is clear because the grand jury was not presented with, and could not have considered and found, all the essential elements of the offense charged. *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) ("If an essential element is omitted from the indictment, then the defendant's Fifth Amendment right to be tried on charges found by a grand jury has been violated.").

The legislative history of the statute reveals the importance of the missing element to the offense. The Trafficking Victims Protection Act of 2000 was enacted "to deal with . . . those (usually men) who make money out of selling the sexual services of human beings (usually women) they control and treat as their profit-producing property." *United States v. Todd*, 627 F.3d 329, 330–31 (9th Cir. 2010). Congress expressly found that "[t]he sex industry has rapidly expanded over the past several decades. It involves sexual exploitation of persons, predominantly women and girls, involving activities related to prostitution, pornography, sex tourism, and

other commercial sexual services." 22 U.S.C. § 7101(2). The concern, stated again and again in the legislative history, was with those who engaged in the "trafficking of men, women, and children into sweatshop labor and sexual bondage." 146 Cong. Rec. S10164-02, 2000 WL 1509753 (remarks of Sen. Wellstone).

The structure of the statute emphasizes the essential nature both of the required causation and of an alleged offender's knowledge of it. "Section 1591 does not actually impose 'strict liability' because the statute, throughout its revisions, has retained a traditional scienter requirement of knowledge that the victim 'will be caused to engage in a commercial sex act.'" *United States v. Whyte*, 928 F.3d 1317, 1330 (11th Cir. 2019). The statute plainly requires more than just an allegation of a commercial sex act with a minor, because mere prostitution is *not* proof of trafficking under § 1591. *See, e.g., United States v. Jungers*, 702 F.3d 1066, 1072 (8th Cir. 2013) ("the defendants are correct that § 1591 does not criminalize engaging in a commercial sex act with a minor"). The causal requirement, known to the defendant, must be both alleged and proved: it is the distinguishing factor between prostitution and trafficking.

While the statute provides no definition for "caused," the ordinary or natural meaning in this instance is as a transitive verb meaning "to serve as a cause or occasion of" or "to compel by command, authority, or force." Merriam Webster Online Dictionary, *available at* www.merriam-webster.com/dictionary/cause (last

accessed Mar. 4, 2023). Unlike the alternative crime prohibited by § 1591 (requiring that commercial sex be caused by force, fraud, coercion), the statute as applied to minors does not specify a particular method of causation. It nonetheless still requires that the person *be caused* to engage in the commercial sex act and that the accused *knows* the person will be so caused at the time that he or she commits the prohibited act. The case law teaches us that in the run-of-the-mill case, that causation is supplied by a pimp, parent, or other person exercising control or supervision over the minor.

Here, the indictment utterly fails to allege any causation of the commercial sex act, or any knowledge by Defendant of that causal factor. The failure of the indictment to allege an essential element of the offense requires that Counts 1 through 6 be dismissed.

Dated: 13 March 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DANIEL L. GERDTS, LAWYER

　　　　　　　　　　　　　　　　　　　　s/ Daniel L. Gerdts

　　　　　　　　　　　　　　　　　　　　Daniel L. Gerdts (#207329)
　　　　　　　　　　　　　　　　　　　　331 Second Avenue South, Suite 705
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　　　　612.800.5086