UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

        Defendant.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENSE MOTION TO DISMISS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits its response in opposition to Defendant's most recent motion to dismiss (ECF No. 323).

First and foremost, Defendant's motion is woefully untimely. The Federal Rules of Criminal Procedure provide that a defense that an indictment is defective "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3); *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). The Local Rules for the District of Minnesota state that "[a] motion under Fed. R. Crim. P. 12(b) must be filed within 21 days after the arraignment." D. Minn. L.R. 12.1(c)(1)(A) (amended Dec. 1, 2022),

*available at* https://www.mnd.uscourts.gov/sites/mnd/files/LR-12-1.pdf.  In this case, pretrial motions were due more than a year ago on January 14, 2022.  ECF No. 121.  On that date, Defendant filed two motions to dismiss the indictment, ECF Nos. 132, 133, but neither alleged any deficiency in the charging instrument itself.

Current counsel is the thirteenth attorney retained by Defendant.  Counsel joined this case on June 3, 2022.  ECF No. 206.  He promptly filed two pretrial motions, both seeking dismissal of the indictment.  ECF Nos. 213, 214.  But defense counsel waited nine months—until the eve of trial—to file this motion to dismiss.

Counsel claims this issue arose only when reviewing jury instructions.  The Government provided defense counsel with a copy of its proposed jury instructions three weeks ago, on February 23, 2022.  Defense counsel responded with his own proposals on March 1, 2022.  Defendant nonetheless waited weeks to file this motion.  Despite frequent communication from the Government, defense counsel failed to meet and confer with the Government concerning this motion, in violation of Local Rule 12.1(b).  As such, Defendant has not shown good cause or explanation to support his untimely, eleventh-hour filing.

Even if the Court found that Defendant's motion could be considered at this late hour, it would fail on the merits.  The indictment sufficiently alleges all essential elements of the offense and the proper mens rea.  *See Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009) ("In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the

transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence."); *United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019) (finding that a conviction under § 1591(a) does not require the Government to prove that the victim "actually engaged in commercial sex").

However, out of an abundance of caution and to simplify the issues in dispute, the Government has superseded the indictment. When the Government informed defense counsel of this development, he agreed that superseding the indictment "fixed" the issue. As such, Defendant's motion should be denied as moot.

Respectfully submitted,

Dated: March 15, 2023

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: EMILY A. POLACHEK
Attorney Reg. No.0390973
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
MELINDA A. WILLIAMS
Attorney Reg. No. 491005 (D.C.)
Assistant United States Attorneys