UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173 (PJS/DTS) |
| Plaintiff, | |
| | ORDER |
| v. | |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |

---

This matter is before the Court on the parties' motions in limine [ECF Nos. 298–305, 307–314] and defendant's motion to dismiss counts 1 through 6 of the indictment [ECF No. 323]. Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the pretrial conference on March 20, 2023,

IT IS HEREBY ORDERED THAT:

1. The government's motion in limine to sequester witnesses [ECF No. 298] is GRANTED IN PART and DENIED IN PART. Witnesses will be sequestered, with the exception of the government's case agent (FBI Special Agent Richard Waller), defendant's mother, and defendant's investigator.

2. The government's motion in limine to preclude issues litigated in pretrial motions [ECF No. 299] is GRANTED. Defendant may not refer to issues

previously decided by this Court in the presence of the jury (including but not limited to selective or vindictive prosecution, the political motivations or affiliations of the government's attorneys, or the alleged monitoring of attorney-client-privileged communications by the government).

3. The government's motion in limine to preclude evidence and arguments under Federal Rule of Evidence 412 [ECF No. 300] is GRANTED.

4. The government's motion in limine to preclude evidence and arguments regarding consent and state laws [ECF No. 301] is GRANTED IN PART and DENIED IN PART.

   a. As a general matter, the parties may introduce evidence regarding communications and interactions between defendant and any complaining witness, including evidence tending to show consent or lack thereof.

   b. But defendant is prohibited from arguing to the jury that if a complaining witness consented to engage in sexual contact with him, then the federal sex trafficking statute was not violated.

   c. The parties are prohibited from referring to the age of consent under Minnesota law or the law of any state or nation. This ruling does not preclude defendant from defending against Count 7 of the

superseding indictment by offering evidence that he attempted to silence a complaining witness with whom he had sex because he discovered that she was 15 years old and that discovery caused him to fear that he would be prosecuted under Minnesota state law.

5. The government's motion in limine to preclude mention of possible punishment [ECF No. 302] is GRANTED.

6. The government's motion in limine to preclude references to uncharged individuals [ECF No. 303] is DEFERRED UNTIL TRIAL.  As a general matter, defendant may impeach witnesses by establishing that they could have been charged with federal crimes but were not.  However, defendant may not argue that the failure to prosecute others shows that he was selectively or vindictively prosecuted.

7. The government's motion in limine to preclude improper defenses [ECF No. 304] is GRANTED.

8. The government's motion in limine to refer to victims by first name only [ECF No. 305] is GRANTED.

9. Defendant's motion in limine to exclude Rule 1006 charts [ECF No. 307] is DEFERRED UNTIL TRIAL.

10. Defendant's motion in limine to prohibit inappropriate comment on lawful sexual relationships [ECF No. 308] is GRANTED IN PART and DENIED IN PART.

    a. The government may not express opinions or make arguments regarding the morality or propriety of defendant's sexual conduct, preferences, or tastes.

    b. However, the government may introduce evidence of what the defendant said about his sexual conduct, preferences, or tastes to his co-defendant or to the complaining witnesses.

11. Defendant's motion in limine to prohibit reference to defendant's investment and participation in adult themed businesses [ECF No. 309] is DEFERRED UNTIL TRIAL.  As a general matter, testimony and evidence regarding what defendant said or showed to the complaining witnesses will be admissible, including statements related to his pornography business.  But the government may not introduce evidence to prove that defendant owned or operated any adult-themed business or mention the the name of any such business.

12. Defendant's motion in limine to prohibit reference to other cases raising similar allegations [ECF No. 310] is GRANTED.

13. Defendant's motion in limine prohibit reference to other sexual conduct and relationships [ECF No. 311] is DEFERRED UNTIL TRIAL.

14. Defendant's motion in limine to prohibit reference to the complaining witnesses as victims [ECF No. 312] is DENIED.

15. Defendant's motion in limine to prohibit Rule 404(b) evidence [ECF No. 313] is DEFERRED UNTIL TRIAL.

16. Defendant's motion in limine to prohibit testimony based on speculation or conjecture [ECF No. 314] is GRANTED.  Neither party may elicit testimony from any witness if the testimony is based on speculation.

17. Defendant's motion to dismiss Count 1 through 6 of the indictment for failure to allege offenses [ECF No. 323] is DENIED AS MOOT in light of the superseding indictment.

Dated:  March 20, 2023

                                               Patrick J. Schiltz, Chief Judge
                                               United States District Court