UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

      Defendant.

**GOVERNMENT'S MOTION TO LIMIT CROSS EXAMINATION OF EXPERT WITNESS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits its motion to limit the cross-examination of its expert witness, Dr. Sharon Cooper. Permitting Defendant to cross-examine Dr. Cooper about an incident that occurred nearly 30 years ago in a case dissimilar from this one would do nothing more than confuse the jury.

Out of an abundance of caution, the Government shared with defense counsel information regarding a single instance in 1995 when a military judge found that Dr. Cooper acted inappropriately in sharing notes with the prosecution. *See United States v. Barron*, 52 M.J. 1, 4 (C.A.A.F. 1999). In that case, charging the defendant with sexually assaulting minors, Dr. Cooper was qualified as an expert witness for the prosecution.

*Id.* at 3. She was permitted to observe the defense's expert testify with the expectation that she would be recalled to the stand. *Id.* While the defense's expert witness was testifying, Dr. Cooper passed notes to the prosecutor about items that might be appropriate for cross examination of the defense expert. *Id.* The court ordered Dr. Cooper to stop passing notes, but declined to disqualify Dr. Cooper as an expert or grant a mistrial. *Id.* The court also provided a jury instruction that directed the jury to consider Dr. Cooper to be "a biased witness in favor of the alleged child victim." *Id.* at 4. On appeal, the U.S. Court of Appeals for the Armed Forces found that Dr. Cooper's conduct was not unduly prejudicial, particularly in light of the court's curative instruction. *Id.* at 6.

Defense counsel has indicated an intent to impeach Dr. Cooper on the basis of this incident that occurred almost 30 years ago. The Government does not believe this is an appropriate avenue of inquiry. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination . . . ." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). These limits can be based on concerns about "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that repetitive or only marginally relevant." *Id.* Indeed, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam)); *see also Kentucky v. Stincer*, 482 U.S. 730, 736 (1987).

Here, permitting the defense to cross-examine Dr. Cooper based on these events in 1995 would cause confusion of the issues and be of no relevance. Moreover, a close examination of the facts establishes that the 1995 case provides no basis to establish bias in this case. The issue in that case was centered on Dr. Cooper's acts in passing notes to the prosecution—the party that retained Dr. Cooper's expertise—during an opposing expert's testimony. The court's actions had nothing to do with the substance of Dr. Cooper's testimony. Because Dr. Cooper has not engaged in the same conduct here, the evidence of a prior adverse credibility finding is irrelevant and should be excluded. Addressing this issue on cross-examination would result in essentially relitigating conduct that occurred almost 30 years ago before the jury and would serve only to distract and confuse the jury. Defendant should therefore be precluded from introducing the *Barron* case during cross-examination.

Dated:  March 21, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: EMILY A. POLACHEK
Attorney Reg. No.0390973
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
MELINDA A. WILLIAMS
Attorney Reg. No. 491005 (D.C.)
Assistant United States Attorneys