UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173 (PJS/DTS) |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |

---

## I. INTRODUCTION

### Instruction No. 1.

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as the instructions I give now. You must not single out some instructions and ignore others, because all are important. This is true even though some of the instructions I gave at the beginning of trial and during trial are not repeated here.

The instructions I am about to give are in writing and will be available to you in the jury room. This does not mean, however, that these instructions are any more important than my earlier instructions. Again, you must follow all of my instructions, whenever given and whether in writing or not.

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion about what your verdict should be. You are the sole judges of the evidence received in this case.

### Instruction No. 2.

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you think the law is different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

### Instruction No. 3.

If any reference by the parties or by me to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the parties or me.

You are the sole judges of the evidence received in this case.

### Instruction No. 4.

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses and documents and other things that were received as exhibits.

Certain things are not evidence.  I will list those things again for you now:

1. Statements, arguments, questions, and comments by a lawyer are not evidence.

2. Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection; you should not, for example, be prejudiced in any way against a lawyer who makes an objection or the party whom he or she represents.  If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

3. Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence and must not be considered.

4. Exhibits that were identified by a party but were not offered or received in evidence are not evidence.

5.  Anything you saw or heard about this case outside the courtroom is not evidence.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

### Instruction No. 5.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testified about, their memory, whether their perception or memory may have been affected by drug or alcohol use, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent mistake or lapse of memory, or an intentional falsehood, and that may depend on whether the contradiction relates to an important fact or only a small detail.

You should judge the testimony of Mr. Lazzaro in the same manner as you judge the testimony of any other witness.

### Instruction No. 6.

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different from or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during trial. It is your responsibility to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a witness is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of that witness concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

### Instruction No. 7.

You have heard evidence that witness Gisela Castro Medina pleaded guilty to crimes that arose out of the same events for which the defendant is on trial here. You may consider that guilty plea to be Ms. Castro Medina's acknowledgment of her participation in the offense. Ms. Castro Medina's guilty plea cannot be considered by you as any evidence of Mr. Lazzaro's guilt. Ms. Castro Medina's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon her testimony.

You have also heard evidence that Ms. Castro Medina made a plea agreement with the government. In return for her cooperation with the government in this case (including her guilty plea and testimony at this trial), Ms. Castro Medina hopes to receive a reduced sentence on criminal charges pending against her.

You may give Ms. Castro Medina's testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by her hope of receiving a reduced sentence is for you to decide.

### Instruction No. 8.

Attempts by a defendant to conceal, destroy, or make up evidence or to influence a witness in connection with crimes charged in this case may be considered by you in light of all the other evidence in the case. You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

### Instruction No. 9.

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

**Instruction No. 10.**

The indictment charges the defendant with two different crimes. Count 1 charges that the defendant committed the crime of conspiracy to commit sex trafficking of a minor. Counts 2 through 6 charge that the defendant committed, or attempted to commit, the crime of sex trafficking of a minor. The number of charges is not evidence of guilt, and this should not influence your decision in any way.

The indictment is simply the formal method of accusing the defendant of the offenses. It is not evidence of any kind against the defendant.

The defendant has pleaded "not guilty" to each of the crimes charged.

Please remember that only the defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crimes charged, not for anything else.

Also keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

**Instruction No. 11.**

You must presume the defendant to be innocent of the crimes charged in the indictment. Thus the defendant, although accused of crimes in the indictment, began the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant, and can be overcome as to a crime only if the government proves, beyond a reasonable doubt, each element of that crime.

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing

any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses called by the government.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of a crime charged in the indictment, you must find the defendant not guilty of that crime. If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence of a crime, the other of guilt—you must, of course, adopt the conclusion of innocence of that crime.

### Instruction No. 12.

The indictment charges that the offenses were committed "on or about" certain dates or "in or about" certain months. The government must prove that the offense happened reasonably close to that date or time frame, but the government is not required to prove the alleged offense happened on that exact date.

## II. CONSPIRACY TO COMMIT SEX TRAFFICKING OF A MINOR

### Instruction No. 13.

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to commit sex trafficking of a minor, as charged in Count 1 of the indictment, has three elements, which are:

*One*, that between May 2020 and December 2020, two or more people reached an agreement to commit the crime of sex trafficking of a minor;

*Two*, that the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined the agreement, he knew the purpose of the agreement.

**Element one** of the conspiracy charge requires that two or more people reached an agreement to commit the crime of sex trafficking of a minor. The indictment charges a conspiracy to commit sex trafficking of a minor. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. The agreement between two or more people to commit the crime of sex trafficking of a minor does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement. It does not matter whether the crime of sex trafficking of a minor was actually committed or whether the alleged participants in the agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time.  The members of an agreement do not all have to join it at the same time.  You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

**Element two** of the conspiracy charge requires that the defendant voluntarily and intentionally joined the agreement.  If you have determined that two or more people reached an agreement to commit the crime of sex trafficking of a minor, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of sex trafficking of a minor, you could consider the acts and statements of each person alleged to be part of the agreement.  Now, in deciding whether the defendant joined the agreement, you may only consider the acts and statements of the defendant.

A person joins an agreement to commit sex trafficking of a minor by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of sex trafficking of a minor.  It is not necessary for you to find that the defendant knew all of the details of the unlawful plan, and it is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

To help you decide whether the defendant agreed to commit the crime of sex trafficking of a minor, you should consider the elements of that crime, which are set forth in Instructions 14 and 15.  You may consider these elements in determining whether the defendant agreed to commit the crime of sex trafficking of a minor, keeping in mind that this count of the indictment only charges a conspiracy to commit that offense, and does not charge that sex trafficking of any minor was actually committed.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy.  A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member.  A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

**Element three** of the conspiracy charge requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement. A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of sex trafficking of a minor simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

If the government has proved beyond a reasonable doubt all three of the elements of the crime charged in Count 1, then you must find the defendant guilty on Count 1. All of you must agree that the government has proved all three elements of the crime charged in Count 1. Otherwise, you must find the defendant not guilty on Count 1.

### III. SEX TRAFFICKING OF A MINOR

*Summary of Counts 2–6 as Charged in the Indictment:*

| Count No. | Letter Designation | Name | Relevant Time Period ("in or about") |
|---|---|---|---|
| 2 | Minor A | Gabbie | May – June 2020 |
| 3 | Minor B | Ellie | June – July 2020 |
| 4 | Minor C | Emily | June – October 2020 |
| 5 | Minor D | Stella | September – October 2020 |
| 6 | Minor E | Estella | August – October 2020 |

### Instruction No. 14.

The crime of sex trafficking of a minor, as charged in Counts 2–6 of the indictment, has three elements, which are:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, by any means, the minor identified in the count;

*Two*, the defendant knew or recklessly disregarded the fact that the minor identified in the count was under 18 years of age and would be caused to engage in a commercial sex act; and

*Three*, the offense was in or affected interstate commerce.

The government is not required to prove that the defendant knew or recklessly disregarded the fact that a minor identified in Counts 2–6 was under 18 years of age if the defendant had a reasonable opportunity to observe the person.

**Attempt:** The defendant is also charged in Counts 2–6 with attempting to commit sex trafficking of a minor. The defendant is guilty of attempting this crime if he both (1) intended to commit the crime against the minor identified in each count and (2) voluntarily and intentionally carried out some act that was a substantial step toward the crime.

If the government has proved beyond a reasonable doubt *either* all three of the elements of the crimes charged in Counts 2–6, *or* that the defendant attempted to commit those crimes, then you must find the defendant guilty on Counts 2–6. All of you must agree that the government has proved all three elements of the crime charged in each count, or all of you must agree that the government has proved attempt as to that count. In other words, you must all unanimously agree that the defendant committed the crime, or you must all unanimously agree that he attempted to commit the crime. Otherwise, you must find the defendant not guilty on that count.

### Instruction No. 15.

I will now give some further instruction on the meanings of terms used in the previous instruction. Unless I define a term in this or another instruction, give the ordinary meaning to terms in the elements of a crime.

To find the defendant guilty of sex trafficking of a minor, you do not need to unanimously agree on which particular means the defendant used to commit the offense, that is, "recruited," "enticed," "harbored," "transported," "provided,"

"obtained," "maintained," "patronized," or "solicited."  It is enough that each juror concludes that at least one of the identified means was used during the time periods charged in Counts 2–6.  Each of these identified means should be given its ordinary meaning.  How the lawyers defined these terms in the course of their arguments may not be consistent with the terms' ordinary meanings.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

A person "recklessly disregards" a fact within the meaning of this offense when he is aware of, but consciously, deliberately, or carelessly ignores facts and circumstances that would reveal that a person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.  The term "commerce" includes, among other things, travel, trade, transportation, and communication.

In determining whether the defendant's conduct was "in or affecting interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether the defendant's conduct substantially affected interstate commerce by virtue of the fact that the defendant purchased items that had moved in interstate commerce.

In the instruction for attempt, a "substantial step" must be something more than mere preparation, yet it may be less than the last act necessary before the actual commission of the substantive crime.  In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

### Instruction No. 16.

If you determined that an agreement existed as charged in Count 1 and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it may be considered by you as evidence pertaining to the defendant, even if the acts and statements were done or made in the absence of and without the knowledge of the

defendant because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators.

### Instruction No. 17.

As I instructed you earlier in the trial, this is federal court, and only federal law is at issue in this case. It is not a violation of federal law for an adult to have consensual sex with a 16-year-old. However, it *is* a violation of federal law for an adult to engage in the sex trafficking of persons under the age of 18, as "sex trafficking" is defined in these instructions. The fact that someone under the age of 18 consented to or voluntarily participated in a commercial sex act is not a defense to a charge of sex trafficking.

## IV. CONCLUSION

### Instruction No. 18.

Several of the elements that I have read to you in these instructions require proof of intent or knowledge.

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence that may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

### Instruction No. 19.

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members to serve as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict on a count—whether guilty or not guilty—must be unanimous. In other words, all of you must agree as to that count.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Further, you must only discuss the case when all jurors

are present in the jury room.  So if someone leaves the room for whatever reason, you must stop discussing the case until that person returns.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans for any party in this case.  You are judges—judges of the facts.  Your only job is to seek the truth from the evidence in the case.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, you must decide this case based solely on the evidence presented in court and the instructions that I give you.  You must not do any research or any investigation on your own about anyone or anything involved in this case, including the parties, lawyers, and witnesses; the matters in dispute; and the applicable law.  For example, you must not consult dictionaries or other reference materials; search the Internet, websites, or blogs; or use any other electronic tools to obtain information about this case or to help you decide this case.  Again, you must decide this case based solely on the evidence that was presented in court and the instructions that I give you.

*Fifth*, during your deliberations, you must not communicate with anyone about this case, except, of course, your fellow jurors.  I know that many of you use cell phones, smart phones, tablets, laptop computers, and other tools of technology.  You must not use these devices to communicate electronically with anyone about this case, including your family and friends.  That means that you must not call or text or email anyone about this case, and you must not communicate about this case on Facebook or Twitter or any other social media.  You must not use any other type of technology to communicate about this case, even if I have not specifically mentioned it.  Please let me know immediately if you become aware that any juror has violated these instructions.

*Sixth*, if you need to communicate with me during your deliberations, you may send a note to me.  The note should be signed by one or more jurors.  When the note is ready, you should notify the court-security officer who will be stationed outside of the door to the jury room.  The officer will notify my staff, and someone will pick up the note and deliver it to me.  I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

You should know that if you do ask me a question, it could take me anywhere from ten minutes to an hour or two to respond.  I will try to respond as soon as possible, but I may not be able to respond immediately because, for instance, I may be in a hearing or a meeting, or I may need to do legal research or consult with the attorneys before answering your question.  I ask you to be patient and to understand that sometimes I may not be able to respond immediately to a question from you.

If you do not reach a verdict by the end of the day, I will send you a note shortly before 5:00 pm dismissing you and telling you when to return.  If you would like to stay past 5:00 pm or return before 9:00 am on any particular day, please let me know as soon as possible so that we can make staffing arrangements.

*Seventh*, I emphasize again that your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  And, again, your verdict must be unanimous—all of you must agree.  Nothing I have said or done is intended to suggest what your verdict should be.  That is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take the verdict form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court-security officer that you are ready to return to the courtroom.