## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

1. ANTON JOSEPH LAZZARO,

        Defendant,

  and,

KIRA COSTAL,

        Petitioner.

Case No. 21-cr-173 (PJS/DTS)

### STIPULATION FOR STAY OF SALE OF REAL PROPERTY

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, and Defendant Anton Lazzaro, through his attorneys, Steven L. Kessler and Daniel Gerdts, and Petitioner Kira Costal, through her attorney, Steven L. Kessler, stipulate for a stay of the sale of the real property located at 201 11th Street South, #1920, Minneapolis, MN 55402 ("the Condo") pursuant to the terms set forth below.

1. Defendant Anton Lazzaro was indicted on August 11, 2021. ECF No. 1. A Superseding Indictment was returned on March 15, 2023. ECF No. 327. The Indictments contained Forfeiture Allegations providing notice that the United States sought forfeiture of, among other things, the Condo.

*United States v. Lazzaro, et al.*, Criminal No. 21-173 (PJS/DTS)
Stipulation to Stay Sale of Property

2. A jury returned a guilty verdict against Lazzaro. ECF No. 346. The Court issued a Preliminary Order of Forfeiture that included the Condo on July 7, 2023. ECF No. 413. Lazzaro was sentenced on August 9, 2023, and the forfeiture of the Condo was included in his judgment. ECF No. 456 at 7 (Sentencing Judgment).

3. Lazzaro has filed an appeal of his convictions. If that appeal is successful, it could potentially vitiate the forfeiture of the Condo.

4. Petitioner Costal filed a Petition with respect to the Condo on September 29, 2023. ECF No. 496. In addition, Costal filed an application pursuant to 21 U.S.C. § 853(h) to purchase the government's forfeiture interest in the Condo and/or for a Stay of Sale Pending Appeal of the Conviction and Forfeiture. ECF No. 536.

5. Immediately prior to the entry of the Preliminary Order of Forfeiture in this case, the title to the Condo identified Costal and Lazzaro as Joint Tenants with respect to the Condo. Costal is currently residing at the Condo.

6. The United States, Costal, and Lazzaro agree that it is in their respective best interests to enter into this Stipulation, pursuant to 21 U.S.C. § 853(g), § 853(h) and Fed R. Crim. P. 32.2(d), that would govern the disposition of the Condo until all relevant appeals, as described below, are decided. This stipulation replaces Petitioner Costal's application pursuant to 21 U.S.C. § 853(h) to purchase the government's forfeiture interest in the Condo and/or for a Stay of Sale Pending Appeal of the Conviction and Forfeiture, ECF No. 536, which is hereby withdrawn without prejudice. The parties also agree that terms of this

2

*United States v. Lazzaro, et al.*, Criminal No. 21-173 (PJS/DTS)
Stipulation to Stay Sale of Property

Stipulation would help protect other persons and entities known to have a legal interest in the Condo by requiring the timely payments set forth below.

    7.    The United States agrees that it will not sell the Condo until after the pending appeal of Defendant Lazzaro's convictions and/or sentence, and any appeal of the District Court's disposition of Costal's Petition in the pending ancillary proceeding, are concluded—provided that, and expressly contingent upon, the following conditions to which Lazzaro and Costal expressly agree:

    a. Costal and Lazzaro agree to timely pay all sums due as a result of any mortgage and note, property taxes, Common Interest Community and/or condominium or homeowner's association, property insurance, utility payments, and any other customary expenses relating to the Condo, and they agree to remain current on all such accounts. Lazzaro and Costal agree to timely provide evidence of such payments and of the current status of such accounts upon request from the United States;

    b. Costal and Lazzaro agree to maintain the Condo in good condition and repair, and that the Condo shall be subject to inspection by the United States Marshals Service and/or its contractors. The United States agrees that it will provide at least 24 hours' written or electronic notice before any such inspection, absent urgent/emergency circumstances, and that such notice will be provided to both Costal and Lazzaro and to their attorneys;

    c. The parties agree that this Stipulation may not be used as evidence to support or oppose, and shall not be deemed to be an admission with respect to, Petitioner Costal's eligibility to purchase the property under 21 U.S.C. § 853(h) . and shall not be construed to bar Petitioner Costal from having the right to be heard on the issue of her eligibility to purchase the property under 21 U.S.C. § 853(h) if the Stay of Sale is lifted.

8. The parties agree that if Costal and/or Lazzaro do not comply with the conditions set forth in subparagraphs a-b of the preceding paragraph, or either of them receives or is sent a notice of default on any of those obligations and that such default is not remedied within 30 days of their receipt of said notice, the United States shall be authorized to immediately terminate this agreement, Costal shall immediately vacate the Condo, and that this Stipulation shall not, in that event, prohibit the sale of the Condo if otherwise authorized by law. The 30-day remedy period may be reduced if the Court determines that exigent circumstances justify an immediate seizure of the Condo to protect it from significant physical harm.

9. Costal agrees that she will be the only occupant residing in the Condo for the duration of this Stipulation, excluding guests. Costal further agrees that she must vacate the Condo no later than 30 days after the pending appeal of Defendant Lazzaro's convictions and/or sentence, and any appeal of the District Court's disposition of Costal's Petition in the pending ancillary proceeding, are concluded.

10. Any notices required to be sent to parties to this Stipulation may be sent electronically, and all parties agree to promptly provide one another an address at which

*United States v. Lazzaro, et al.*, Criminal No. 21-173 (PJS/DTS)
Stipulation to Stay Sale of Property

such electronic communications may be sent. If a party is unable to receive electronic communications, they shall provide a physical address to which notice may be sent.

11. All parties to this Stipulation agree to bear their own attorneys' fees and costs in connection with this stipulation.

12. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

WHEREFORE, the United States, Defendant Anton Lazzaro, and Petitioner Kira Costal, stipulate for an Order to stay the sale of the Condo consistent with this Stipulation.

Dated: 1-2-2024

ANDREW M. LUGER
United States Attorney

s/ [signature]
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov

Dated:

STEVEN L. KESSLER

[signature]

s/ _____
Steven L. Kessler, *pro hac vice*
Attorney ID No. 2086601 (NY)
Law Offices of Steven L. Kessler
500 Mamaroneck Avenue
Suite 320

5

*United States v. Lazzaro, et al.*, Criminal No. 21-173 (PJS/DTS)
Stipulation to Stay Sale of Property

                                                          Harrison, N.Y. 15028-1600
                                                          212-661-1500
                                                          KesslerLawNYC@gmail.com

Dated:                                    DANIEL L. GERDTS

                                            s/
                                   Daniel L. Gerdts (#207329)
                                   331 Second Avenue South, Suite 705
                                   Minneapolis, MN  55401
                                   602-800-5086
                                   Daniel@danielgerdtslaw.com

                                   Attorneys for Anton Lazzaro and Kira Costal

Dated:                                   _____
                                   Anton Lazzaro, Defendant

Dated:                                   _____
                                   Kira Costal, Petitioner