UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| ANTON JOSEPH LAZZARO, | |
| Defendant, | |
| and, | |
| KIRA COSTAL, | |
| Petitioner. | |

This matter came before the Court on the motion of plaintiff United States of America to dismiss the petition of petitioner Kira Costal pursuant to 21 U.S.C. § 853(n) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and Fed. R. Civ. P. 12(b)(6) and on the stipulation for stay of sale of real property between the United States, defendant Anton Lazzaro, and Costal.

Based upon the United States' motion and the parties' stipulation, and all the files and records of the proceedings herein,

IT IS HEREBY ORDERED that:

1. Kira Costal has a legal interest in the real property located at 201 11th Street South, #1920, Minneapolis, MN 55402 ("the condo") within the meaning of 21 U.S.C. § 853(n)(2);

2. Costal's interest in the condo is insufficient to prevail under either 21 U.S.C. § 853(n)(6)(A) or 21 U.S.C. § 853(n)(6)(B), and, therefore, the United States' motion to dismiss Costal's petition pursuant to 21 U.S.C. § 853(n) (ECF No.

517) is GRANTED pursuant to 21 U.S.C. § 853(n) and the petition is DISMISSED WITH PREJUDICE pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and Fed. R. Civ. P. 12(b)(6);

3. Costal's application, pursuant to 21 U.S.C. § 853(h), to purchase the United States' forfeiture interest in the condo and/or for a stay of sale pending appeal of the conviction and forfeiture is WITHDRAWN WITHOUT PREJUDICE, pursuant to the parties' stipulation for stay of sale of real property;

4. The stipulation for stay of sale of real property [ECF No. 554] is APPROVED. In accordance with the terms of the stipulation, any sale or disposition of the condo shall be stayed, pursuant to 21 U.S.C. §§ 853(g), 853(h), and Fed R. Crim. P. 32.2(d), pursuant to the following terms and limitations:

   a. The United States shall not sell the condo until after the pending appeal of Lazzaro's convictions and/or sentence, and any appeal of this Court's disposition of Costal's petition in the pending ancillary proceeding, are concluded—provided that, and expressly contingent upon, the following conditions:

      i. Costal and Lazzaro shall timely pay all sums due as a result of any mortgage and note, property taxes, common interest community and/or condominium or homeowner's association, property insurance, utility payments, and any other customary expenses relating to the condo, and Costal and Lazzaro shall remain current on all such accounts. Lazzaro and Costal must timely provide evidence

of such payments and of the current status of such accounts upon request from the United States;

ii. Costal and Lazzaro shall maintain the condo in good condition and repair and the condo shall be subject to inspection by the United States Marshals Service and/or its contractors. The United States must provide at least 24 hours' written notice before any such inspection, absent urgent/emergency circumstances, to both Costal and Lazzaro and to their attorneys;

iii. This order and the stipulation for stay of sale of real property may not be used as evidence to support or oppose, and shall not be deemed to be an admission with respect to, Costal's eligibility to purchase the property under 21 U.S.C. § 853(h) and shall not be construed to bar Costal from having the right to be heard on the issue of her eligibility to purchase the property under 21 U.S.C. § 853(h) if the stay of sale is lifted.

b. If either Costal or Lazzaro fail to comply with the conditions and obligations set forth in subparagraphs i-ii of the preceding paragraph, or if either of them receives or is sent a notice of default on any of those obligations and such default is not remedied within 30 days of receipt of said notice, Costal shall immediately vacate the condo and the United States shall be authorized to immediately terminate the stay of the sale of the condo, seize the condo, and conduct a sale of the condo if otherwise authorized by law. The 30-day remedy period set forth above may be reduced upon a judicial determination

3

that exigent circumstances justify an immediate seizure of the condo to protect it from significant physical harm.

c. Costal shall be the only occupant residing in the condo for the duration of the stay of sale, excluding guests. Costal must vacate the condo no later than 30 days after the pending appeal of Lazzaro's convictions and/or sentence, and any appeal of this Court's disposition of Costal's petition in the pending ancillary proceeding, are concluded.

d. The parties to the stipulation for stay of sale may send any notices referenced above to one another electronically, and all parties to the stipulation for stay of sale shall promptly provide one another an address at which such electronic communications may be sent. If a party is unable to receive electronic communications, they shall provide all other parties with a physical address to which notice may be sent.

e. All other terms of the stipulation for stay of sale of real property are approved and shall be deemed to be in effect.

f. This Court retains jurisdiction to enforce the terms of the stipulation for stay of sale of real property and of this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 10, 2024

s/Patrick J. Schiltz
PATRICK J. SCHILTZ, Chief Judge
United States District Court