UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173(1) PJS/DTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER (ECF NO. 549)** |
| v. | |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |

## INTRODUCTION

Plaintiff United States of America, by and through counsel, respectfully submits this Response to Defendant Anton Lazzaro's letter to the Court (ECF No. 549). Mr. Lazzaro's letter is not a motion to stay restitution enforcement or a motion to quash the United States' recent writ of garnishment. Restitution enforcement should proceed in accordance with the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*. and Rule 38 of the Federal Rules of Criminal Procedure.

## RELEVANT BACKGROUND

### A. Procedural History

Mr. Lazzaro was sentenced on August 9, 2023 and ordered to pay a JVTA assessment of $30,000.00 and a $600.00 special assessment, in addition to 252 months imprisonment. (ECF No. 456.) An amended judgment including restitution was entered on October 18, 2023 (ECF No. 502) in the sum of $446,075.39, plus costs, including restitution of $415,475.39, special assessment of $600.00, and a JVTA assessment of

$30,000.00. As of January 9, 2024, the balance on the amended judgment was $436,144.48. (Declaration of Erin M. Secord ("Secord Decl.") ¶ 9.)

### B. Restitution Enforcement

In accordance with 18 U.S.C. § 3613, at the time judgment was entered in August 2023, the government filed one lien in Hennepin County, Minnesota, and three liens in Durham County, North Carolina. (Secord Decl. ¶ 2.) After the judgment was amended in October 2023 to include restitution, the government amended its filed liens. (*Id.*) The government also filed one lien in Carver County, Minnesota, in January 2024. (*Id.*)

On August 16, 2023, the government made a formal demand for payment of Mr. Lazzaro's criminal judgment and served written discovery. (Secord Decl. ¶ 4.) Mr. Lazzaro has not responded to discovery. (Secord Decl. ¶ 6.)

The government filed an application for a Writ of Garnishment on December 21, 2023 (ECF No. 542), which was entered on December 28, 2023 (ECF No. 545). The Garnishee, Spire Credit Union, filed an Answer on January 8, 2024 (ECF No. 552). The Garnishee served its Answer on defense counsel Steven Kessler on or around January 4, 2024. (*Id.*) Allowing time for mailing, Mr. Lazzaro has 21 days (until January 29, 2024) to contest the garnishment by filing a request for a hearing under 28 U.S.C. § 3202(d) or an objection under 28 U.S.C. § 3205(c)(5). *See* 28 U.S.C. §§ 3202(d), 3205(c)(5).

### C. Relevant Communications with Defense Counsel

On August 14, 2023, the government replied to an email from defense attorney Dan Gerdts, providing him with information about the return of the Ferrari. (Secord Decl. ¶ 3, Ex. A.) To date, the U.S. Attorney's Office ("USAO") has not received a response to this

2

email from defense counsel regarding the Ferrari. (*Id*.) The District Asset Forfeiture Coordinator for the U.S. Marshals Service ("USMS"), who was copied on the August 14, 2023 email, has confirmed with the USAO that they have not been contacted by defense counsel regarding the return of the Ferrari. (*Id*.)

In several written communications between August 2023 and October 2023, the government inquired as to whether Mr. Lazzaro continues to be represented for the purposes of post-judgment criminal collections. (Secord Decl. ¶ 5.) Though Mr. Gerdts and Mr. Beito stated in October 2023 that they did not represent Mr. Lazzaro for the purposes of post-judgment criminal collections, Mr. Kessler did not indicate that he does not represent Mr. Lazzaro in criminal collections. (*Id*.) Defense counsel has not asked or authorized the government to correspond directly with Mr. Lazzaro regarding criminal collections. (*Id*.) As such, the government corresponded with Mr. Kessler and subsequently with Mr. Gerdts regarding criminal collections. (*Id*.)

Because Mr. Kessler did not indicate that Mr. Lazzaro was unrepresented, the government served discovery and a renewed demand letter on Mr. Kessler on November 8, 2023. (Secord Decl. ¶ 6.)

On December 18, 2023, Mr. Kessler reached out to Assistant U.S. Attorney Erin Secord via email to discuss restitution-related issues. (Secord Decl. ¶ 7.) AUSA Secord had a follow-up conversation with Mr. Kessler on the same day regarding restitution-related issues. (*Id*.) Mr. Kessler indicated that he is representing Mr. Lazzaro in post-judgment collections but that his representation was limited to issues regarding Mr. Lazzaro's North Carolina properties at that time. (*Id*.) During the same conversation, the

undersigned discussed the *Doe et al. v. Lazzaro*, 21-cv-1985 (JWB/DJF) (D. Minn.) civil case and the *Doe* Plaintiffs' pending motion for prejudgment attachment of the Ferrari. (*Id.*) No demand was made for return of the Ferrari. (*Id.*)

On December 22, 2023, Mr. Gerdts reached out to AUSA Secord to inquire about the status of restitution enforcement. The parties spoke on the phone on January 2, 2024. (Secord Decl. ¶ 8.) The parties also discussed the United States' outstanding discovery requests to Mr. Lazzaro. (*Id.*) Mr. Gerdts did not mention the Ferrari or any plan to pick it up. (*Id.*)

## ARGUMENT

This Court should not limit the United States' collection efforts against Mr. Lazzaro. Mr. Lazzaro has not filed a motion to stay restitution enforcement pending the outcome of his appeal under Federal Rule of Criminal Procedure 38. Nor has he followed the required procedure for objecting to the government's recent writ of garnishment directed to Spire Credit Union. His letter, which contains several factual inaccuracies, should be disregarded.

**A. Mr. Lazzaro's Victims are Entitled to Timely Restitution.**

Pursuant to 18 U.S.C. §§ 1591, 1594, victims of sex-trafficking are entitled to mandatory restitution for the "full amount" of the losses they incurred as a proximate result of the offense conduct. *See* 18 U.S.C. §§ 1593(a), (b)(1), (b)(3); 18 U.S.C. § 2259(c)(2). Restitution imposed under 18 U.S.C. § 1593 is enforced in the same manner as restitution ordered under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. *See* 18 U.S.C. § 1593(b)(2). With the passage of the Justice for All Act of 2004, the policy of

the MVRA was expanded to include a victim's right not only to full restitution but also to timely restitution.  18 U.S.C. § 3771(a)(6).

The United States' liens against all Mr. Lazzaro's real and personal property arose as of the date of his criminal sentencing.  *See* 18 U.S.C. § 3613(c).  The obligation of the United States to take *in rem* enforcement such as garnishment, execution, or turnover, is independent of a defendant's *in personam* pay plan status.  *See United States v. Lawrence*, 538 F. Supp. 2d 1188, 1190 (D.S.D. 2008).  As the district court explained in *Quam v. United States*, "[t]he payment schedule operates as an *in personam* judgment against a defendant – such that failure to comply may result in default, revocation of supervised release, or contempt – while the Government's post-judgment enforcement options, such as garnishment, operate *in rem* against a defendant's property." 127 F. Supp. 3d 999, 1003 (D. Minn. 2015)(citing *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1193 (D.S.D. 2008)).

Mr. Lazzaro contends that the government has made "aggressive attempts to seize virtually all my assets with instant effect."  (ECF No. 549 at 1.)  The government has a statutory duty to seek full and prompt restitution for Mr. Lazzaro's victims.  Its liens attach as a matter of law to all of Mr. Lazzaro's real and personal property pursuant to 18 U.S.C. § 3613(c).  The liens are limited to the amount of the criminal judgment.  (*See* Secord Decl. ¶ 2); *see also* 18 U.S.C. § 3613(b).

Mr. Lazzaro also implies that his participation in the Inmate Financial Responsibility Program ("IFRP") prohibits the government from taking other restitution enforcement. (ECF No. 549 at 1.)  A defendant's obligation to make restitution payments

bears on the *in personam* obligation that arises from the criminal judgment. That a defendant is making restitution payments does not prohibit the government from taking *in rem* enforcement to collect restitution. *See Quam*, 127 F. Supp. 3d at 1003; *Lawrence*, 538 F. Supp. 2d at 1190. The pay plan set in a defendant's judgment is a floor, not a ceiling. *United States v. Behrens*, 656 F. App'x 789 (8th Cir. 2016) (holding payments in judgment are floor and not ceiling). Mr. Lazzaro is subject to *in rem* restitution enforcement in addition to his IFRP payments.

**B. There is no Basis to Stay Restitution Enforcement.**

The Court should not stay enforcement of criminal restitution while Mr. Lazzaro's appeal is pending. (ECF No. 549 at 2). The proper mechanism for a stay of restitution enforcement is to file a motion under Rule 38(c), (e), and to post a bond for the full amount of restitution. *See also* 18 U.S.C. § 3572(g). Because neither has happened, this Court should not stay enforcement of the restitution order. The government intends to proceed with its efforts to seek full and timely restitution for the victims pursuant to 18 U.S.C. § 3771(a)(6).

**C. Mr. Lazzaro's Letter Is Not a Valid Garnishment Objection.**

Mr. Lazzaro's letter is not a proper opposition to the government's recent garnishment of his Spire Credit Union account. The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. *See* 28 U.S.C. § 3202(b). A judgment debtor may contest garnishment proceedings by filing a request for a hearing under 28 U.S.C. § 3202(d) or an objection under 28 U.S.C. § 3205(c)(5). Both methods are subject to twenty-day time limits. *See* 28 U.S.C. §§ 3202(d)

(20 days after notice of the garnishment proceeding), 3205(c)(5) (20 days after answer by garnishee). If no hearing is requested or objection received within the required time, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7). Mr. Lazzaro will have an opportunity to respond to the government's garnishment and should be required to follow those procedures.

**D.  Several of Mr. Lazzaro's Factual Allegations are Not Accurate.**

Several allegations in Mr. Lazzaro's letter are inaccurate; two warrant a response. First, he asserts that "the Government refused to return my vehicle (in which Your Honor did not order forfeited of course) that I intended to sell to pay legal fees – in order to ensure its availability in a civil case." (ECF No. 549 at 1.) The government responded to defense counsel on August 14, 2023, providing information about how to retrieve the Ferrari from the USMS's custody. (Secord Decl. ¶ 3, Ex. A.) To date, no response has been received and neither Mr. Lazzaro or his counsel have arranged to pick up the Ferrari. (*Id*. ¶¶ 3, 7-8.) Relatedly, a motion for prejudgment attachment of the Ferrari in a civil case brought by a victim and her parents remains pending. *See Doe et al. v. Lazzaro*, 21-cv-1985 (JWB/DJF) (D. Minn.) (ECF No. 29.) On December 19, 2023, Magistrate Judge Dulce J. Foster issued a Report and Recommendation finding that the *Doe* Plaintiffs' motion should be granted. *See Doe*, 21-cv-1985 (JWB/DJF) (ECF No. 43.) No objections were filed, and the motion remains under advisement.

Second, Mr. Lazzaro alleges that, "[a]t this time, I am not represented in the matter of restitution. Mr. Kessler nor Mr. Gerdts or Mr. Beito are able to assist me with this matter."

7

(ECF No. 549 at 1.) Criminal restitution is not a separate matter; restitution is part of a defendant's criminal sentence. *See* 18 U.S.C. § 3664. Two of Mr. Lazzaro's defense attorneys are in negotiations with the government on restitution-related issues. (Secord Decl. ¶¶ 4-8.) Defense counsel has not directed the government to correspond directly with Mr. Lazzaro regarding restitution. (*Id*. ¶ 5.) As a result, the government has not treated Mr. Lazzaro as *pro se*. (*Id*.) This approach is consistent with Minnesota Rules of Professional Conduct 4.2, which provides that, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." (*Id*.) Treating Mr. Lazzaro as represented is reasonable given defense counsel's recent communications regarding restitution and that defense counsel has not authorized the government to correspond directly with Mr. Lazzaro regarding criminal restitution issues.

## CONCLUSION

For the reasons set forth above, Mr. Lazzaro's letter (ECF No. 549) should be disregarded and no order should be entered hindering the government's mandatory restitution enforcement efforts.

Dated: January 12, 2024                             ANDREW M. LUGER
                                                    United States Attorney

                                                    *s/Erin M. Secord*
                                                    BY: ERIN M. SECORD
                                                    Assistant U.S. Attorney
                                                    Attorney ID No. 0391789

8

Email: Erin.Secord@usdoj.gov
600 United States Courthouse
300 Fourth Street
Minneapolis, MN 55415
(612) 664-5600