UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |
| KIRA COSTAL, | |
| Petitioner. | |

Defendant Anton Lazzaro was convicted by a jury of five counts of sex trafficking of minors and one count of conspiracy to commit sex trafficking of minors. The Court sentenced Lazzaro to 252 months in prison and ordered him to pay a total of $415,475.39 in restitution.  ECF Nos. 500, 502.

This matter is before the Court on a pro se letter from Lazzaro in which he complains about the government's efforts to collect restitution.  His letter asks the Court "to allow me to continue making the payments—per your Order—and prevent the Government from their ongoing aggressive behavior in pursuit of all my resources." ECF No. 549 at 1.  At the Court's request, the government filed a response.  ECF

No. 560.  Moreover, the Court has received a pro se letter from Kira Costal, Lazzaro's girlfriend, also complaining about the government's collection efforts.[1]

To begin with, the Court notes that it ordered that Lazzaro's entire restitution obligation is "due and payable immediately."  ECF No. 500 at 13.  The payment schedule to which Lazzaro refers is intended as a floor, not a ceiling.  There is nothing improper about the government seeking to collect the full amount of restitution.

Setting that aside, the Court will not conduct litigation by letter.  If Lazzaro wishes to contest any of the government's collection actions, he must follow the proper procedure to contest the action (which depends on the nature of the government action at issue[2]), and he must cite legal authority supporting his arguments and requests for relief.

With respect to Costal, the Court notes that she is not a lawyer and cannot make arguments on Lazzaro's behalf.  To the extent that Costal wishes to contest government action directed at her or her property, she must likewise follow the proper procedure to do so and must cite legal authority supporting her arguments and requests for relief.

---

[1] Costal's letter was sent to the Court as an attachment to an email.  The Court notes that the proper way to file documents with the Court is to direct them to the Clerk's office; the Court will not accept future filings that are sent to chambers via email.

[2] For example, the government notes that Lazzaro may contest a garnishment under the procedures set forth in 28 U.S.C. §§ 3202 and 3205.

Vague requests for "the court's assistance in preventing this extremely harassing conduct by the government," ECF No. 564 at 2, will not do.  *Cf. Molasky v. Principal Mut. Life Ins. Co.*, 149 F.3d 881, 885 (8th Cir. 1998) ("it is not this court's job to research the law to support an appellant's argument" (citation omitted)).

    SO ORDERED.

Dated:  January 17, 2024          s/Patrick J. Schiltz
                                               Patrick J. Schiltz, Chief Judge
                                               United States District Court