UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |

Defendant Anton Lazzaro was convicted by a jury of five counts of sex trafficking of minors and one count of conspiracy to commit sex trafficking of minors. The Court sentenced Lazzaro to 252 months in prison and ordered him to pay a total of $415,475.39 in restitution. ECF Nos. 500, 502.

This matter is before the Court on Lazzaro's motion for reconsideration of the restitution order. Specifically, Lazzaro asks that the Court alter the order so that restitution is no longer "due and payable immediately." ECF No. 500 at 13. Despite the Court's admonition, *see* ECF No. 567, Lazzaro cites no legal basis for his motion. The Court accordingly construes it as a motion to adjust the payment schedule under 18 U.S.C. § 3664(k).

There is nothing unusual about making a restitution obligation due and payable immediately. *See* 18 U.S.C. § 3572(d) (defendants must pay restitution immediately unless the court provides otherwise "in the interest of justice"). Indeed, the

undersigned follows this practice in nearly all cases to maximize the government's ability to collect restitution. That said, a court has the ability to adjust a payment schedule if two prerequisites are met: (1) the court is notified of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and (2) the Attorney General has certified to the court that the victims have been notified of the change in the defendant's economic circumstances. 18 U.S.C. § 3664(k).

Lazzaro cites no material change in his economic circumstances. Instead, his main argument is that a payment plan is a better strategy to ensure that restitution is paid in full. While he mentions that, due to his incarceration, his ability to earn wages is limited, that is true of every incarcerated defendant and is a factor that the Court takes into consideration at every sentencing. Moreover, this does not represent a change in Lazzaro's economic circumstances, as he has been detained throughout these proceedings. *See* ECF Nos. 28, 76. Lazzaro's motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, defendant Anton Lazzaro's motion for reconsideration [ECF No. 572] is DENIED.

Dated: February 22, 2024          s/Patrick J. Schiltz
                                  Patrick J. Schiltz, Chief Judge
                                  United States District Court