UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0173(1) (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| ANTON JOSEPH LAZZARO, | |
| Defendant. | |

Defendant Anton Lazzaro was convicted by a jury of five counts of sex trafficking of minors and one count of conspiracy to commit sex trafficking of minors. The Court sentenced Lazzaro to 252 months in prison and ordered him to pay a total of $415,475.39 in restitution. ECF Nos. 500, 502. The Eighth Circuit affirmed his conviction and sentence, ECF Nos. 587, 592, and the Supreme Court denied his petition for a writ of certiorari, ECF No. 593.

Lazarro recently moved for a new trial. ECF No. 594. It has come to the Court's attention that, in the course of attempting to gather evidence in support of his motion, Lazzaro—or someone acting on his behalf—communicated (or attempted to communicate) with at least one of the jurors in this case under false pretenses.[1]

---

[1] The Court understands that there may be some dispute over whether the individual who received the communications at issue was actually one of the jurors in this case. The Court's references to "the juror" are for ease of reference and are not intended to resolve any dispute over this individual's identity.

Specifically, Lazzaro (or someone acting on his behalf) sent an electronic survey to a juror under the title "Gopher Women's Institute 2025 Study–Paid Survey For Women Age 45+ in Minnesota."  ECF No. 605.  The "survey" promised that it was "100% anonymous."  *Id.*  It asked sensitive questions, including whether the respondent or any of her close friends or family members had ever been a victim of sexual abuse.  *Id.*  According to the government's briefing, the juror was initially contacted via text and was offered a $100 Visa gift card for completing the survey and told that the responses would be "100% Confidential."  ECF No. 599 at 16.  After the juror failed to respond to the survey, the juror was offered an additional $50 gift card for a response.  *Id.*

      The Court is extremely troubled by this conduct, and particularly by the possibility that Lazzaro's counsel may have been involved in this scheme.  ECF No. 604 at 7–8 (defense memorandum admitting that the survey was a "targeted ruse").  The knowing involvement of any attorney in such a scheme to deceive and bribe a former juror would appear to be in violation of multiple ethical rules.  The juror was tricked into providing extraordinarily sensitive personal information by a knowingly false promise of total confidentiality and anonymity, and further was pressured to respond with repeated texts and increasing offers of gift cards.

      Such harassment and deception of a former juror would be outrageous.  Accordingly, the Court will prohibit the parties and those working on behalf of the

parties from having any further contact, direct or indirect, with any former juror without the express prior permission of the Court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the parties, and anyone acting on a party's behalf, are ORDERED not to have contact of any kind—including, but not limited to, contact through visits, letters, phone calls, emails, text messages, social media, real-time chats, or any other means—either personally or through a third party—with any of the jurors in this case, absent the express prior permission of the Court.

Dated: November 6, 2025                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court